**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISHAL SHAH, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POLITICO LLC,<br><br>Defendant. | Case No. 25-cv-01338-DMR<br><br>ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED.<br><br>Hon. Magistrate Judge Donna Ryu<br><br>Also Filed in *Vishal Shah et al. v.*, *Politico, LLC,* No., No. 5:25-cv-05213-VKD |

Pursuant to Local Rules 3-12(a) and 7-11, Vishal Shah requests that this Court find the following two cases related: *Vishal Shah v.*, *Politico, LLC*: No. 2025-cv-01338 ("*Politico I* "), filed February 7, 2025, and *Vishal Shah et al. v.*, *Politico, LLC,* No. ("*Politico II* "), No. 5:25-cv-05213-VKD filed on June 20, 2025. As further described below, the cases should be related, because they concern the identical parties and event(s): Politico's installation of tracking cookies on Mr. Shah's computer *explicitly against his consent*, violating state statutes and the common law.

The Civil Local Rules provide that a party must file an Administrative Motion to Consider Whether Cases Should be Related when the party "believes that the action may be … related to an action which is … pending in this District." Civil L.R. 3-12. The Rules further provide that two actions are related if (i) "[t]he actions concern substantially the same parties, property, transaction or event;" and (i) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *Id.*

Plaintiff Shah filed *Politico I*, a petition to confirm an arbitral award against Defendant on February 7, 2025, seeking to confirm an award from an Arbitrator finding that Shah and Defendant did not agree to arbitrate his underlying dispute—a dispute regarding Politico's disregard for consent and contractual rights in its privacy violations related to online tracking after users expressly rejected online tracking cookies. After Politico filed a statement of non-opposition to the Petition to Confirm (ECF No. 23), Plaintiff Shah asked Politico consent to the filing of a complaint in *Politico I* to include the underlying dispute that the arbitrator deemed to be non-arbitrable; specifically, Politico's violations of California's Constitution (Article I, Section 1); California Invasion of Privacy Act (Penal Code § 631 and § 638.51), common law fraud, deceit, and/or misrepresentation, unjust enrichment, breach of contract, breach of implied covenant of good faith and fair dealing, and trespass to chattels, due to its unlawful, deceptive cookie practices.

In the alternative, Plaintiff Shah proposed filing *Politico II*, pleading the underlying substance of the case to be litigated, and then seeking to relate *Politico II* to *Politico I*.

Defendant's Counsel indicated that it would not consent to such an amendment, and would actively oppose any further substantive amendments in *Politico I*. Accordingly, Plaintiff Shah decided that the most efficient process would be to file a separate complaint, which he did on June 20, 2025. He now files this motion to relate *Politico II* to *Politico I*.

*Politico I* and *Politico II* pertain to identical transactions and events involving identical questions of law and fact and the same conduct by the same Defendant. *Politico I* is the petition to confirm Mr. Shah's victory against Politico in arbitration; finding that the underlying dispute is not subject to arbitration. *See Politico I* Complaint, ¶¶ 6, 20, 41-48, 148-156, 170-179, 191-196, 197-203, compare *Politico I* Substantive Complaint (ECF 1, Ex. B) with Politico II complaint (ECF 1, ¶¶ 1-5, 25-36, 75-82, 92-103, 104-113, 114-133, 134-144, 145-156, 157-166, 167-174, 175-185, 186-190). *Politico II* is the underlying dispute that Politico fought to keep in arbitration—i.e., that Politico violated Mr. Shah's and others' privacy rights when it disregarded Shah's, and those similarly situated, instructions not to "**Sell [My] Information**" (*See Politico I,* ECF 1 at Exh. B¶¶ 2, 5, 8, 10, 23-26, 28-39; *see also Politico II* at ECF 1 ¶¶ 2, 15, 16, 18, 19-23, 35, 69, 70-71); instead placed third-party cookies on website visitors' computers regardless of their rejection of cookies (*Politico I*, ECF 1, Exh. B, ¶¶ 4, 20-21, 46; *Politico II*, ECF 1, ¶¶ 2-3, 30-31, 80-81); and unjustly profited from that transaction (*Politico I*, ECF 1, Exh. B, ¶¶ 157-166; *Politico II*, ECF 1, ¶¶ 157-166).




These actions, then, should be related. *See In re Facebook Privacy Litigation*, No. 10-02389, 2010 WL 5387616, *1 (N.D. Cal. Dec. 21, 2010) (finding actions against Facebook related where they involved substantially similar events and overlapping causes of action).

The claims in each action are brought by the same Plaintiff against the same Defendant. (*Compare Politico I* Complaint, ECF 1 at Ex. B ¶¶ 4-5 with *Politico II* Complaint, ECF 1 ¶¶ 6-7). Therefore, the first requirement under Civil L.R. 3-12(a) is satisfied. Furthermore, in light of the identical factual and legal issues, relating the actions will avoid unduly burdensome duplication of labor and expense and will eliminate any risk of conflicting results if the cases are conducted before different judges. As such, the requirements under the second prong of Civil L.R. 3-12(a) are also met.

Once related, the actions should be assigned to Judge Ryu, the judge presiding over the first-filed *Politico* action. Civil L.R. 3-12(f)(3) provides that the related cases should be assigned to the judge presiding over the lowest-numbered case, which is the *Politico I* case.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court relate *Politico II* to *Politico I,* and that these cases be assigned to the Honorable Magistrate Judge Donna Ryu.

DATED: June 23, 2025

**GUTRIDE SAFIER LLP**

*/s/ Seth A. Safier/s/*
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*