USAMA KAHF (SBN 266443)
    E-Mail: ukahf@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DANIELLE KAYS (*PRO HAC VICE*)
    E-Mail: dkays@fisherphillips.com
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

CATHERINE M. CONTINO (*PRO HAC VICE)*
    E-Mail: ccontino@fisherphillips.com
**FISHER & PHILLIPS LLP**
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA  19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

XUAN ZHOU (SBN 333504)
    E-Mail: xzhou@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive Suite 1000
San Diego, CA  92121
Telephone: (858) 597-9632

Attorneys for Defendant POLITICO LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE**

| | |
|---|---|
| VISHAL SHAH, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>POLITICO LLC,<br><br>                 Defendant. | Case No:  5:25-cv-05213-NW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT POLITICO LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>DATE:         November 5, 2025<br>TIME:         9:00 a.m.<br>CRTRM:     3<br><br>Complaint Filed:  June 20, 2025<br>Trial Date:       Not Set |

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ...................................................................................................... 1

II.   SUMMARY OF RELEVANT FACTS .................................................................... 1

    A.    Procedural Background................................................................................. 1

    B.    Summary of Facts ........................................................................................ 2

        1.    Facts Alleged in the Arbitration Complaint....................................... 2

        2.    Facts Alleged in the Current Class Action Complaint....................... 3

III.  LEGAL STANDARDS ........................................................................................... 4

    A.    Rule 12(b)(1) Standard ................................................................................ 4

    B.    Rule 12(b)(6) Standard ................................................................................ 4

    C.    Rule 9(b) Standard ...................................................................................... 5

IV.   LEGAL ARGUMENTS........................................................................................... 5

    A.    Plaintiff's CIPA Claims Are Time-Barred. ................................................. 5

    B.    Plaintiff Lacks Article III Standing............................................................. 6

        1.    Plaintiff Cannot Allege a Concrete Injury. ........................................ 6

        2.    Plaintiff's Status as a "Tester" Destroys Standing for His Privacy Claims. ...................................................................................................... 8

    C.    Plaintiff Fails to State a Claim Under Rule 12(b)(6). ................................. 9

        1.    Plaintiff Fails to State a Claim under the CIPA Section 631(a). ...... 9

        2.    Plaintiff Fails to State a Pen Register Claim under the CIPA Section 638.51................................................................................................ 13

        3.    Plaintiff's Invasion of Privacy and Intrusion Upon Seclusion Claims Fail... 17

        4.    Plaintiff Fails to State Claims of Fraud, Deceit, or Misrepresentation.......... 20

        5.    Plaintiff Fails to State a Claim of Breach of Contract and Unjust Enrichment.......................................................................................... 21

        6.    Plaintiff Fails to State a Claim for Breach of Implied Covenant of Good Faith and Fair Dealing. ................................................................. 23

        7.    Plaintiff Fails to State a Claim for Trespass to Chattels. ................ 24

V.    CONCLUSION...................................................................................................... 25

1
TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilera v. Pirelli Armstrong Tire Corp.*,
223 F.3d 1010 (9th Cir. 2000) ..........................................................................................22

*Ajaxo Inc. v. E\*Trade Group, Inc.*,
135 Cal. App. 4th 21 (2005) ..............................................................................................22

*In re Apple Inc. Device Performance Litig.*,
386 F. Supp. 3d 1155 (N.D. Cal. 2019) ..............................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................4, 9, 14

*Augustine v. Lenovo (United States), Inc.*,
No. 22-CV-2027-L-AHG, 2023 WL 4938050 (S.D. Cal. Aug. 2, 2023) ......................16

*Beckwith v. Dahl*,
205 Cal. App. 4th 1039 (2012) ..........................................................................................20

*Beltran, v. Doctors Medical Center Of Modesto*,
No. 2:23-CV-01670-DC-CKD, 2025 WL 1635467 (E.D. Cal. June 9, 2025)..............19

*Boschma v. Home Loan Ctr., Inc.*,
198 Cal. App. 4th 230 (2011) ......................................................................................20, 21

*Brodsky v. Apple, Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020) ...........................................................................5, 11

*Brown v. Elec. Arts, Inc.*,
724 F.3d 1235 (9th Cir. 2013) .............................................................................................4

*Byars v. Sterling Jewelers, Inc.*,
No. 5:22-CV-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 4, 2023) .....................7

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (1990) ......................................................................................23, 24

*Carolus v. Nexstar Media Inc.*,
No. 24-CV-07790-VC, 2025 WL 1338193 (N.D. Cal. Apr. 9, 2025) ...............................7

*Cody v. Ring LLC*,
718 F. Supp. 3d 993 (N.D. Cal. 2024) ..............................................................................10

*D'Angelo v. FCA US, LLC*,
726 F. Supp. 3d 1179 (S.D. Cal. 2024)..............................................................................18

*In re DoubleClick Inc. Priv. Litig.*,
   154 F. Supp. 2d 497 (S.D.N.Y. 2001)..............................................................................................11

*eBay, Inc. v. Bidder's Edge, Inc.*,
   100 F. Supp. 2d 1058 (N.D. Cal. 2000) ...........................................................................................24

*Esparza v. UAG Escondido A1 Inc.*,
   No. 23CV0102 ..........................................................................................................12, 13, 18

*In re Facebook Privacy Litig.*,
   791 F. Supp. 2d 705 (N.D. Cal. 2011) ............................................................................................22

*In re Facebook, Inc. Internet Tracking Litig.*,
   956 F.3d 589 (9th Cir. 2020) ..........................................................................................................17

*Garcia v. Build.com, Inc.*,
   No. 22-CV-01985-DMS-KSC, 2023 WL 4535531 (S.D. Cal. July 13, 2023) ....................9, 10, 16

*Gentry v. eBay, Inc.*,
   99 Cal. App. 4th 816 (2002) ...........................................................................................................17

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ..........................................................................................................9

*In re Google Assistant Privacy Litig.*,
   457 F. Supp. 3d 797 (N.D. Cal. 2020) ............................................................................................12

*In re Google Location Hist. Litig.*,
   428 F. Supp. 3d 185 (N.D. Cal. 2019) (Davila, J.) .......................................................................18

*Graham v. Noom, Inc.*,
   533 F. Supp. 3d 823 (N.D. Cal. 2021) .......................................................................................11, 12

*Gutierrez v. Converse Inc.*,
   No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025)..............................................................10, 12

*Guz v. Bechtel Nat'l, Inc.*
   24 Cal.4th 317 (2000) .....................................................................................................................23

*Hammerling v. Google LLC*,
   615 F. Supp. 3d 1069 (N.D. Cal. 2022) ..............................................................................17, 19, 20

*Heeger v. Facebook, Inc.*,
   No. 18-CV-06399-JD, 2019 WL 7282477 (N.D. Cal. Dec. 27, 2019) ...........................................18

*Heiting v. Taro Pharms. USA, Inc.*,
   728 F. Supp. 3d 1112 (C.D. Cal. 2024) .......................................................................................10, 11

*Hubbard v. Google LLC*,
   No. 19-CV-07016-SVK, 2024 WL 3302066 (N.D. Cal. July 1, 2024) ...........................................18

Case No. 5:25-cv-05213-NW
TABLE OF AUTHORITIES

FP 55790184.11

*Hughes v. Vivint, Inc.*,
No. CV 24-3081-GW-KSX, 2024 WL 5179916 (C.D. Cal. July 12, 2024) .................................7

*Intel Corp. v. Hamidi*,
30 Cal. 4th 1342 (2003) ............................................................................................24, 25

*In re iPhone Application Litigation*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) .....................................................................19

*Janie & Jack LLC v. Abbasi*
(N.D. Cal. 3:25-cv-01913) ...........................................................................................8

*In re JetBlue Airways Corp. Privacy Litig.*,
379 F. Supp. 2d 299 (E.D.N.Y. 2005) .......................................................................22

*Jones v. Peloton Interactive, Inc.*
720 F. Supp. 3d 940 (S.D. Cal. 2024) ........................................................................18

*Kauffman v. Papa John's Int'l, Inc.*,
No. 22-CV-1492-L-MSB, 2024 WL 171363 (S.D. Cal. Jan. 12, 2024) .........................16

*Khamooshi v. POLITICO LLC*,
No. 24-CV-07836-SK, 2025 WL 1408896 (N.D. Cal. May 13, 2025) .........................13

*Kishnani v. Royal Caribbean Cruises Ltd.*,
No. 25-CV-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025) ...........6, 7, 8, 17

*Lanfri v. Goodwill of Silicon Valley*,
762 F. Supp. 3d 849 (N.D. Cal. 2024) .........................................................................8

*Levings, Jr. v. Open Text Corp.*,
No. 24STCV05440, 2024 WL 5672082 (Cal. Super. Sep. 3, 2024) .............................17

*Licea v. Cinmar, LLC*,
659 F. Supp. 3d 1096 (C.D. Cal. 2023) ..................................................................10, 16

*Licea v. Hickory Farms LLC*,
No. 23STCV26148, 2024 WL 1698147 (Cal. Super. Mar. 13, 2024) ..........................16

*Licea v. Old Navy, LLC*,
669 F. Supp. 3d 941 (C.D. Cal. 2023) ........................................................................12

*Licea v. Vitacost.com, Inc.*,
683 F. Supp. 3d 1118 (S.D. Cal. 2023) .......................................................................16

*Lightoller v. Jetblue Airways Corp.*,
No. 23-CV-00361-H-KSC, 2023 WL 3963823 (S.D. Cal. June 12, 2023) .....................7

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ......................................................................22

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992).................................................................................................6

*Martin v. Sephora USA, Inc.*,
    No. 1:22-CV-01355-JLT-SAB, 2023 WL 2717636 (E.D. Cal. Mar. 30, 2023)...........................12

*Matthews v. Apple, Inc.*,
    769 F. Supp. 3d 999 (N.D. Cal. 2024).................................................................24

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008)............................................................................9

*Mikulsky v. Noom, Inc.*,
    682 F. Supp. 3d 855 (S.D. Cal. 2023)..................................................................7

*Miles v. Deutsche Bank Nat'l Tr. Co.*,
    236 Cal. App. 4th 394 (2015)............................................................................21

*Millmen Local 550 v. Wells Exterior Trim*,
    828 F.2d 1373 (9th Cir. 1987)......................................................................5, 6

*Move, Inc. v. Citigroup Glob. Markets, Inc.*,
    840 F.3d 1152 (9th Cir. 2016).............................................................................5

*Nat'l R. R. Passenger Corp. v. Nat'l Ass'n of R. R. Passengers*,
    414 U.S. 453 (1974)........................................................................................15

*Palacios v. Fandom, Inc.*,
    No. 24STCV11264, 2024 WL 5494527 (Cal. Super. Ct. Sep. 24, 2024)......................................15

*Price v. Headspace, Inc.*,
    No. 24STCV19921, 2025 WL 1237977 (Cal. Super. Ct. Apr. 1, 2025)......................................17

*Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*,
    11 Cal. App. 4th 1026 (1992).............................................................................23

*Rodriguez v. Autotrader.com, Inc.*,
    No. 2:24-CV-08735-RGK-JC, 2025 WL 1085787 (C.D. Cal. Apr. 4, 2025)...........................8, 19

*Rodriguez v. Ford Motor Co.*,
    722 F. Supp. 3d 1104 (S.D. Cal. 2024)................................................................12

*Rodriguez v. Plivo Inc.*,
    No. 24STCV08972, 2024 WL 5184413 (Cal. Super. Oct. 2, 2024)............................................13

*Rogers v. Ulrich*,
    52 Cal. App. 3d 894 (Ct. App. 1975)..............................................................11, 12

*S.D. v. Hytto Ltd.*,
    No. 18-CV-00688-JSW, 2019 WL 8333519 (N.D. Cal. May 15, 2019)......................................11

*Saeedy v. Microsoft Corp.*
  (W.D. Wash. 2:24-cv-00219)...........................................................................................8

*Sanchez v. Cars.com Inc.*,
  No. 24STCV13201, 2025 WL 487194 (Cal. Super. Jan. 27, 2025) .................................13, 15, 16

*Shah et al v. Capital One Financial Corporation*
  (N.D. Cal. 3:24-cv-05985-TLT) .......................................................................................8

*Shah et al v. Hilton Worldwide Holdings Inc.*
  (N.D. Cal. 5:25-cv-01018-EKL) ......................................................................................8

*Shah et al v. MyFitnessPal, Inc.*
  (N.D. Cal. 5:25-cv-04430) ...............................................................................................8

*Shah v. Constellation Brands, Inc.*
  (N.D. Cal. 3:25-cv-01325-WHO) ....................................................................................8

*Shah v. Fandom, Inc.*
  (N.D. Cal. 3:24-cv-01062-RFL) .......................................................................................8

*Shah v. POLITICO LLC*,
  Case No. 4:25-cv-01338 ..................................................................................................2

*Shah v. POLITICO*
  LLC, Case No. 4:25-cv-01338 (N.D. Cal. Feb. 7, 2025)...................................................1

*Shah v. SelectQuote Ins. Serv.*
  (D. Kan. 2:24-cv-02023).................................................................................................8

*Shin v. Sanyo Foods Corp. of Am.*,
  348 F.R.D. 477 (C.D. Cal. 2025) ....................................................................................20

*SI 59 LLC v. Variel Warner Ventures, LLC*,
  29 Cal. App. 5th 146 (2018) ...........................................................................................20

*Spokeo, Inc. v Robins*,
  578 U.S. 330 (2016).........................................................................................................6

*Swarts v. Home Depot, Inc.*,
  689 F. Supp. 3d 732 (N.D. Cal. 2023) ...........................................................................12

*Tavernetti v. Superior Court*
  (1978) 22 Cal.3d 187 .......................................................................................................9

*Ticketmaster Corp. v. Tickets.com, Inc.*,
  No. 99CV7654, 2000 WL 1887522 (C.D. Cal. Aug. 10, 2000), *aff'd*, 2 F. App'x 741 (9th Cir. 2001) ..............................................................................................................................24

TABLE OF AUTHORITIES

FP 55790184.11

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021)...............................................................................4, 6, 7, 13

*Turner v. Nuance Commc'ns, Inc.*,
    735 F. Supp. 3d 1169 (N.D. Cal. 2024) ........................................................12

*United States v. Felton*,
    367 F. Supp. 3d 569 (W.D. La. 2019)............................................................13

*United States v. Forrester*,
    512 F.3d 500 (9th Cir. 2008) .........................................................................13

*Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011) .........................................................................5

*United States v. Jean*,
    207 F. Supp. 3d 920 (W.D. Ark. 2016)..........................................................13

*Unites States v. Reed*,
    575 F.3d 900 (9th Cir. 2009) .........................................................................11

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .......................................................................20

*Wiley et al v. Universal Music Group, Inc.*
    (N.D. Cal. 5:25-cv-03095-PCP)........................................................................8

*Woods v. U.S. Bank N.A.*,
    831 F.3d 1159 (9th Cir. 2016) .........................................................................4

*Yoon v. Lululemon USA, Inc.*,
    549 F. Supp. 3d 1073 (C.D. Cal 2021) ..........................................................18

*In re Zynga Priv. Litig.*,
    750 F.3d 1098 (9th Cir. 2014) ...................................................................11, 18

**Statutes**

28 U.S.C. § 1332...............................................................................................2

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ........................................................3

Cal. Bus. & Prof. Code §§ 17500, *et seq.* ........................................................3

Cal. Civ. Code §§ 1750, *et seq.*........................................................................3

Cal. Civ. Code § 3358.......................................................................................22

Cal. Penal Code § 484(a) ...................................................................................4

Cal. Penal Code § 502 (5).................................................................................................................3

Cal. Penal Code § 631 (a) ........................................................................................................ *passim*

Cal. Penal Code § 631 (3).................................................................................................................3

Cal. Pen. Code § 637.2....................................................................................................................13

Cal. Pen. Code § 638.50(b)........................................................................................................14, 16

Cal. Pen. Code § 638.51(a) ............................................................................................................14

Cal. Penal Code § 638.51(b)(1) .....................................................................................................17

Cal. Penal Code § 638.51 (4) ...........................................................................................................3

Cal. Pen. Code § 638.52(d)(3) .......................................................................................................15

TABLE OF AUTHORITIES

Case No. 5:25-cv-05213-NW

FP 55790184.11

## I.    INTRODUCTION

Plaintiff Vishal Shah, a self-described consumer but acting as a "tester" who visited the publicly available POLITICO news website, seeks to weaponize internet tracking practices by alleging that certain cookies persisted after he attempted to opt out. Plaintiff asserts an array of claims, including violations of California's wiretapping statute, invasion of privacy, fraud, breach of contract, and unjust enrichment, all of which this Court should dismiss.

*First*, Plaintiff lacks Article III standing because he alleges no concrete, non-speculative damages. *Second*, Plaintiff's claims under the California Invasion of Privacy Act are barred by the statute's one-year limitations period. *Third*, Plaintiff fails to state a claim under any of CIPA's four clauses in Section 631(a) or under Section 638.51. *Fourth*, Plaintiff's claims fail because visiting a public news site and transmitting non-sensitive data—such as device information, browsing history, or IP addresses—does not implicate a legally protected privacy interest or constitute a "highly offensive" intrusion. *Fifth*, Plaintiff's fraud-based claims collapse under Rule 9(b) because they fail to allege the "who, what, when, where, and how" of any misrepresentation, fail to plausibly allege justifiable reliance, and rest on a speculative "loss of control" theory of damages. *Sixth*, Plaintiff's contract-base claims are equally defective, because the breach of contract claim alleges no appreciable and actual harm and the implied covenant claim is duplicative of the contract claim. *Seventh*, the unjust enrichment claim is barred by Plaintiff's own allegations of an express contract governing the same subject matter. Because Plaintiff's theories are legally deficient and cannot be cured by amendment, the Court should dismiss the Complaint in its entirety, with prejudice.

## II.    SUMMARY OF RELEVANT FACTS

### A.    Procedural Background

This matter arises from a dispute that Plaintiff initially pursued through private arbitration. Plaintiff commenced arbitration proceedings and filed the 55-page Class Action Complaint and Demand for Arbitration on December 21, 2023, based on an alleged agreement between the parties. Declaration of Danielle Kays ("Kays Decl."), ¶ 2; *See* Request for Judicial Notice, Ex. A, Petition in *Shah v. POLITICO* LLC, Case No. 4:25-cv-01338 (N.D. Cal. Feb. 7, 2025) at p. 16 Sub-Exhibit B. However, on July 29, 2024, following briefing and a preliminary proceeding, the arbitrator ruled the claims asserted

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT POLITICO LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

FP 55790184.11

by Plaintiff were not subject to arbitration, and dismissed the arbitration for lack of jurisdiction. Kays Decl., ¶ 2; *See* RJN, Ex. A at p. 9 Sub-Exhibit A. On August 21, 2024, JAMS closed the matter. *See* RJN, Ex. A at p. 72 Sub-Exhibit C.

More than five months later, on February 7, 2025, Plaintiff subsequently filed a Petition to Confirm Arbitration Award before this Court seeking to confirm the arbitrator's decision. Kays Decl., ¶ 3; *See* RJN, Ex. A. However, on June 27, 2025, the Court questioned the petition on the grounds of lack of subject matter jurisdiction because the arbitrator's decision did not constitute an "award" within the meaning of 28 U.S.C. § 1332, and that the requirement for an amount in controversy exceeding $75,000 was not satisfied. Kays Decl., ¶ 3; *See* RJN, Ex. B, Order to Show Cause and Vacating July 2, 2025 Initial Case Management Conference in *Shah v. POLITICO LLC*, Case No. 4:25-cv-01338. Accordingly, the Parties filed a stipulation for dismissal of the petition without prejudice on July 2, 2025. Kays Decl., ¶ 3; *See* RJN, Ex. C, Joint Stipulation of Voluntary Dismissal without Prejudice in *Shah v. POLITICO LLC*, Case No. 4:25-cv-01338.

Before the voluntary dismissal, Plaintiff filed the instant putative Class Action Complaint in this Court on June 20, 2025. Kays Decl., ¶ 4. POLITICO was served on July 17, 2025. *Id*. On August 6, POLITICO moved to extend its deadline to respond to the Complaint after multiple unsuccessful attempts to meet and confer with Plaintiff's counsel regarding a joint stipulation. *Id*. ¶ 5. On August 7, this case was reassigned to Judge Wise. *Id*. ¶ 6. On the same day, Judge Wise granted POLITICO a one-week extension, making August 14, 2025, the deadline to file its responsive pleading. *Id.*

**B.      Summary of Facts**

**1.      Facts Alleged in the Arbitration Complaint**

Plaintiff took a screenshot of POLITICO's website on August 12, 2023, and sent a demand letter to POLITICO on August 17, 2023. *See* RJN, Ex. A. These actions confirm that Plaintiff was aware of the alleged conduct no later than August 2023. RJN, Ex. A, Sub-Exhibit A. On December 21, 2023, Plaintiff filed a Complaint and Demand for Arbitration with JAMS. *See* RJN, Ex. A. In the Arbitration Complaint, Plaintiff alleged he visited POLITICO's website www.politico.com, and after he clicked on the "Do Not Sell my Personal Information" link and rejected "Performance Cookies" and "Online Behavioral Advertising Cookies," the Website continued to place the third-party cookies to transmit his

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT POLITICO LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

FP 55790184.11

communication and data to third parties. *See* RJN, Ex. A. The evidence supporting Plaintiff's allegations were limited to the cookies depicted in the screenshots taken on August 12, 2023, as set forth in the Arbitration Complaint. *See* RJN, Ex. A, Sub-Exhibit B. The Arbitration Complaint alleged claims for: (1) invasion of privacy under California's Constitution, (2) violation of the CIPA, Cal. Penal Code § 631, (3) violation of the CIPA, Cal. Penal Code § 638.51, (4) violation of the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502, (5) violation of the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, (6) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, (7) violation of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, (8) intrusion upon seclusion, (9) breach of contract, (10) breach of implied covenant of good faith and fair dealing, (11) common law fraud, deceit, and/or misrepresentation, (12) negligent misrepresentation, (13) trespass to chattels, and (14) unjust enrichment. *See* RJN, Ex. Sub-Exhibit B. Plaintiff sought an award of compensatory damages, an order for full restitution, an order requiring POLITICO to disgorge revenues and profits wrongfully obtained, temporary and permanent injunctions enjoining POLITICO from continuing its unlawful, deceptive, fraudulent, and unfair business practices, as well as reasonable attorneys' fees and costs. *Id.*

Plaintiff subsequently filed a Motion for Non-Arbitrability. On July 29, 2024, the arbitrator granted the motion, concluding that the subject matter of the Arbitration Complaint falls outside the scope of arbitration and Plaintiff lacked actual or constructive notice of POLITICO's Terms of Service in which the arbitration agreement is contained. *See* RJN, Ex. A, Sub-Exhibit A. Plaintiff then filed the Petition to Confirm Arbitration Award before this Court seeking to confirm the arbitrator's decision, which was dismissed. *See* RJN, Ex. C.

**2.    Facts Alleged in the Current Class Action Complaint**

While Plaintiff's Petition was still pending, he filed the instant Class Action Complaint on June 20, 2025, which arises from the same core set of facts alleged in the Arbitration Complaint. Compl. ¶¶ 25-36. Although styled as a class action and asserting modified legal theories, the operative Complaint arises from the same core set of facts and transactional events as the prior arbitration and the subsequently dismissed petition. In support of his claims, Plaintiff relies on the same August 12, 2023 screenshots that were submitted with the Arbitration Complaint. Compl. ¶ 32.

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT POLITICO LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

FP 55790184.11

The Complaint asserts nine claims, including: (1) invasion of privacy, under the CIPA, the California Constitution, the California Wiretap Act, Cal. Penal Code § 484(a), and the Fourth Amendment, (2) intrusion upon seclusion, (3) violation of CIPA Section 631(a), (4) violation of CIPA Section 638.51, (5) common law fraud, deceit, and/or misrepresentation, (6) unjust enrichment, (7) breach of contract, (8) breach of implied covenant of good faith and fair dealing, and (9) trespass to chattels. Compl. ¶¶ 92-190. Despite Plaintiff's recharacterization of the claims and class-wide relief, the operative Complaint arises from the same underlying transaction and events at issue in the prior arbitration, which addressed only arbitrability and not the merits. *See* RJN, Ex. A. Over the past two years, Plaintiff has filed at least nine substantively identical cases in federal district court or before an arbitrator. Kays Decl., ¶ 7.

## III.    LEGAL STANDARDS

### A.    Rule 12(b)(1) Standard

To establish Article III standing, a plaintiff must demonstrate a "personal stake" in the dispute. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). The plaintiff bears the burden to demonstrate standing for each claim alleged and form of relief sought. *Id.* at 431. Plaintiff must demonstrate "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id*. at 423 (citation omitted).

### B.    Rule 12(b)(6) Standard

A complaint must be dismissed under Rule 12(b)(6) when it fails to allege "sufficient facts" under a "cognizable legal theory." *See Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While courts must accept all well-pleaded factual allegations as true, they need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; see also *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT POLITICO LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
FP 55790184.11

**C.     Rule 9(b) Standard**

Claims sounding in fraud are subject to the heightened pleading requirements of Rule 9(b). Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a plaintiff must "state with particularity the circumstances constituting fraud or mistake," including the "who, what, when, where, and how" of the alleged misconduct, and explain what is false or misleading about the purportedly fraudulent statement, and why it is false. *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Where, as here, a plaintiff asserts a claim for common-law fraud, the heightened pleading standard applies to all elements of the claim. *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1164 (N.D. Cal. 2019).

## IV.    LEGAL ARGUMENTS

**A.     Plaintiff's CIPA Claims Are Time-Barred.**

The undisputed record demonstrates that Plaintiff was aware of the alleged conduct by no later than August 12, 2023, when he took screenshots of POLITICO's website. "Under the CIPA, the applicable statute of limitations is one year." *Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020). Plaintiff's third cause of action (CIPA Section 631) and fourth cause of action (CIPA Section 638.51) are therefore untimely.

Equitable tolling does not apply here. While the Federal Arbitration Act ("FAA") may provide for equitable tolling, *Move, Inc. v. Citigroup Glob. Markets, Inc.*, 840 F.3d 1152, 1156 (9th Cir. 2016), such tolling is not automatic. The "primary purpose of the statute of limitations is to 'prevent surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *Fanucci v. Allstate Ins*. Co., 638 F. Supp. 2d 1125, 1138 (N.D. Cal. 2009) (quoting *Elkins v. Derby*, 12 Cal. 3d 410, 417 (1974)). For equitable tolling to apply in a nonmandatory setting, a plaintiff must show: "(1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff." *Id*. (citation omitted). Plaintiff meets none of these requirements.

Further, the arbitration decision was not final and did not toll the limitations period. An arbitration award is "final" only if the arbitrator intended it to be "a complete determination of every issue submitted." *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1376 (9th Cir. 1987)

(citation omitted). Where an arbitrator "retains jurisdiction in order to decide a substantive issue the parties have not yet resolved . . . 'indicates that the arbitrator did not intend the award to be final.'" *Id.* at 1376-77. Here, the July 29, 2024 arbitration decision addressed only that Plaintiff's matter was not subject to arbitration and did not resolve any of the substantive issues presented. Because the decision was not a final award, it cannot toll the statute of limitations, and the limitations clock continued to run during the arbitration proceeding.

Finally, Plaintiff's delay in filing suit was unreasonable. Following the non-arbitrability decision, Plaintiff should have promptly filed a lawsuit in court. Instead, on February 27, 2025, Plaintiff filed a procedurally unnecessary and improper petition to confirm the non-final, non-monetary arbitration decision. The court raised jurisdictional concerns on June 29, 2025, and Plaintiff voluntarily dismissed the Petition thereafter. By that time, the one-year statute of limitation, which began no later than August 12, 2023, had already expired on August 12, 2024. Plaintiff waited until June 20, 2025, nearly ten months after the expiration of the statute of limitations, to file the current Complaint. Accordingly, because Plaintiff's CIPA claims are untimely and equitable tolling does not apply, his third and fourth causes of action should be dismissed with prejudice.

### B.     Plaintiff Lacks Article III Standing.

#### 1.     Plaintiff Cannot Allege a Concrete Injury.

Plaintiff's Complaint fails at the threshold, because he alleges no concrete injury arising from his purported visit to the Website, as required for Article III standing. To establish standing, "a plaintiff must show an injury, trace that injury to the defendant's conduct, and prove that courts can provide adequate redress for the injury." *Kishnani v. Royal Caribbean Cruises Ltd.*, No. 25-CV-01473-NW, 2025 WL 1745726, at *2 (N.D. Cal. June 24, 2025) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). A plaintiff must allege that he suffered an "injury in fact"—"an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (quotations omitted). A "concrete injury" is not abstract and must "actually exist." *Spokeo, Inc. v Robins*, 578 U.S. 330, 340 (2016). Plaintiffs must establish concrete injury even for a statutory violation. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424-426 (2021).

A concrete injury requires "the information at issue [be] personal and private" and bear a "close

relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Carolus v. Nexstar Media Inc.*, No. 24-CV-07790-VC, 2025 WL 1338193, at *1 (N.D. Cal. Apr. 9, 2025) (citing *Lien v. Talkdesk, Inc.*, No. 24-CV-06467, 2025 WL 551664, at *1 (N.D. Cal. Feb. 19, 2025)); *TransUnion*, 594 U.S. at 432. "In the privacy context, '[u]nless the retention of unlawfully obtained or created information amounts to the type of concrete injury recognized by the Supreme Court, it is insufficient to establish standing.'" *Kishnani*, 2025 WL 1745726, at *2 (quoting *Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 993 (9th Cir. 2023)). Therefore, to establish Article III standing, a plaintiff must "identify the specific personal information" that "implicates a protectable privacy interest" that was allegedly intercepted or disclosed to a third party. *Byars v. Sterling Jewelers, Inc.*, No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *1 (C.D. Cal. Apr. 4, 2023); *see also Lightoller v. Jetblue Airways Corp.*, No. 23-CV-00361-H-KSC, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023) (dismissing case because plaintiff failed to allege she disclosed any personal information when visiting website).

What information related to Plaintiff himself was obtained or disclosed by POLITICO such that it constitutes an invasion of privacy? Further, what allegations of harm or injury has Plaintiff alleged related to that invasion of privacy? The answer to both questions are "none." The Complaint does not identify any personal information of Plaintiff's that POLITICO collected or disclosed to a third party, nor any resulting harm. *See* Compl. ¶ 19. Without alleging what personal information of his was actually collected, Plaintiff has failed to identify a privacy injury. *See Kishnani*, 2025 WL 1745726, at *3 (finding allegations that "Defendant invaded his privacy by impermissibly collecting Plaintiff's 'data' and 'information'" insufficient to allege concrete injury sufficient to establish standing); *Hughes v. Vivint, Inc.*, No. CV 24-3081-GW-KSX, 2024 WL 5179916, at *4-5 (C.D. Cal. July 12, 2024) (finding plaintiff lacked standing when she did not explain "what information of Plaintiff's was captured, only what information could be captured."); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) ("Plaintiff's conclusory allegation that she disclosed "personal information" does not allow the Court to determine whether Plaintiff has a protectable privacy interest in that information.").

Plaintiff does not allege he was identified, targeted, or otherwise personally affected by the alleged tracking. *See* Compl. ¶ 35. Nor does he provide basic facts, such as when he visited the website, what information he provided, or how that information was actually used, that would permit the Court

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT POLITICO LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

FP 55790184.11

to assess whether any protectable privacy interest was implicated. *See Kishnani*, 2025 WL 1745726, at * 3 (quoting *Heiting v. FKA Distrib. Co*., No. 2:24-CV-07314-HDV-AGR, 2025 WL 736594, at *3 (C.D. Cal. Feb. 3, 2025)). The Complaint is devoid of any connection to Plaintiff's actual experiences and only includes conclusory allegations of harm. *See* Compl. ¶¶ 99, 102, 103, 112, 132, 150, 156. Furthermore, Plaintiff fails to connect a hypothetical harm to one he experienced. For instance, Plaintiff does not allege that POLITICO's actions resulted in third parties ascertaining his personally identifiable information, or even his biographical information, by collecting his non-personal data. Absent such allegations, Plaintiff has not pled a concrete injury or invasion of a legally protected privacy right.

### 2.    Plaintiff's Status as a "Tester" Destroys Standing for His Privacy Claims.

Plaintiff's standing is further undermined by the fact that, despite styling himself as a consumer, he is in truth a professional "tester" who actively seeks out purported privacy violations to manufacture litigation. A plaintiff has "no expectation of privacy" where, as a tester, he visited a site with the intent to provoke the very conduct later challenged. *Rodriguez v. Autotrader.com, Inc*., No. 2:24-CV-08735-RGK-JC, 2025 WL 1085787, at *1-2 (C.D. Cal. Apr. 4, 2025) (dismissing Section 631 and Section 638.51 claims with prejudice because plaintiff's alleged harm was self-inflicted).

Here, Plaintiff has filed at least eight similar CIPA lawsuits in federal district court and one in arbitration within the past two years, confirming he is a professional litigant.[1] As in *Rodriguez*, Plaintiff's alleged harm is self-inflicted, because he deliberately visited POLITICO's Website for the sole purpose of manufacturing a lawsuit. Anticipating the challenged conduct, Plaintiff cannot plausibly claim a reasonable expectation of privacy or a concrete injury in fact. Permitting testers to proceed without actual injury would convert Section 631 into a bounty-hunting statute, contrary to its text and purpose. Because

---

[1] A court may take judicial notice of the existence other complaints filed by the same parties because they are public records. See *Lanfri v. Goodwill of Silicon Valley*, 762 F. Supp. 3d 849, 856 (N.D. Cal. 2024). Therefore, the court should take judicial notice of the following complaints filed by Plaintiff demonstrating that he is in fact a "tester" plaintiff: *See, e.g., Shah et al v. MyFitnessPal, Inc.*, (N.D. Cal. 5:25-cv-04430); *Wiley et al v. Universal Music Group, Inc.* (N.D. Cal. 5:25-cv-03095-PCP); *Shah v. Constellation Brands, Inc.* (N.D. Cal. 3:25-cv-01325-WHO); *Shah et al v. Hilton Worldwide Holdings Inc.* (N.D. Cal. 5:25-cv-01018-EKL); *Shah et al v. Capital One Financial Corporation* (N.D. Cal. 3:24-cv-05985-TLT); *Shah v. Fandom, Inc.* (N.D. Cal. 3:24-cv-01062-RFL); *Shah v. SelectQuote Ins. Serv.* (D. Kan. 2:24-cv-02023); *Saeedy v. Microsoft Corp.* (W.D. Wash. 2:24-cv-00219); *Janie & Jack LLC v. Abbasi* (N.D. Cal. 3:25-cv-01913).

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT POLITICO LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
FP 55790184.11

Plaintiff cannot show a reasonable expectation of privacy or concrete harm, his Section 631 and derivative Section 638.51 claims fail for lack of subject matter jurisdiction and should be dismissed under Rule 12(b)(1).

Accordingly, Plaintiff lacks Article III standing because he alleges no concrete harm and, as a "tester" manufacturing litigation, cannot plausibly claim a reasonable expectation of privacy.

### C.   Plaintiff Fails to State a Claim Under Rule 12(b)(6).

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But courts need not accept as true mere conclusory statement, unwarranted deductions of fact, or unreasonable inferences. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### 1.   Plaintiff Fails to State a Claim under the CIPA Section 631(a).

Plaintiff has not adequately pled a Section 631(a) claim. The California Supreme Court has held that Section 631 prohibits: (1) intentional wiretapping, (2) willful attempts to learn the contents of a communication in transit, and (3) attempts to use or publicize information obtained in either manner. *Tavernetti v. Superior Court* (1978) 22 Cal.3d 187, 192 (emphasis added). Section 631 also imposes liability upon "anyone 'who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the' . . . three bases for liability." *Garcia v. Build.com, Inc.*, No. 22-CV-01985-DMS-KSC, 2023 WL 4535531, at *4 (S.D. Cal. July 13, 2023) (citations omitted). Specifically, Section 631(a) makes any person liable:

> [**Clause One**] who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or
> [**Clause Two**] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or
> [**Clause Three**] who uses, or attempts to use, in any manner, or for any purpose, or to

communicate in any way, any information so obtained, or

[**Clause Fourth**] who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section

....

*Id.*, at *4-5; Cal. Penal Code § 631 (a).

Plaintiff asserts POLITICO is a "person" within the meaning of Section 631 and violated the first three clauses. Compl. ¶¶ 118, 120. Plaintiff also alleges that the cookies set by Google, Microsoft, Amazon, Yahoo, and others ("Third Parties") acted as third parties to any **communication** between the Plaintiff and POLITICO. Compl. ¶¶ 2, 123, 126. Each Third Party is a separate legal entity that offers software-as-a-service ("SaaS"). Compl. ¶ 123. Plaintiff further alleges that POLITICO willfully aided, agreed with, employed, permitted, otherwise enabled the third parties to wiretap Plaintiff by using the third parties' cookies. Compl. ¶ 125. The information allegedly transmitted included Plaintiff's browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, or geolocation data. Compl. ¶ 125.

### a. The first clause claim fails because section 631(a) does not apply to internet communications.

Section 631(a)'s first clause, by its plain terms, "prohibits unauthorized connection with transmissions related to 'telegraph or telephone' technologies." *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 755 (N.D. Cal. 2023). Consistent with this statutory language, courts repeatedly hold Section 631(a) "does not apply to the internet." *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 999 (N.D. Cal. 2024); see also *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1123 n.8 (C.D. Cal. 2024) ("the first clause of Section 631(a) does not apply to internet communications"); *Valenzuela*, 674 F. Supp. 3d at 755 (clause one "does not prohibit the non-telephonic conduct" of using a smartphone to access a website and use its chat feature); *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1104 (C.D. Cal. 2023) ("Courts have consistently interpreted this clause as applying only to communications over telephones and not through the internet"); *Gutierrez v. Converse Inc.*, No. 24-4797, 2025 WL 1895315, at *2-3 (9th Cir. July 9, 2025) (J. Bybee, concurring) (finding that based on the legislative history, Section 631(a) is limited to wiretapping telephone wires, and if the legislature wanted to apply the statue

to the internet, cellular, or cordless phones, it could have done so when it made amendments in 1985, 1990, and 1992).

Here, Plaintiff used his personal computer to access the internet via Chrome browser and navigate to POLITICO's website. Compl. ¶¶ 32-33. These allegations do not describe a transmission over "telegraph or telephone" technologies within the meaning of Section 631(a). Section 631(a) is inapplicable as a matter of law.

### b. Plaintiff cannot establish POLITICO tapped his communications in transit under the second clause.

#### (i)    The alleged data is not "contents."

The second clause of Section 631(a) prohibits reading the "contents" of a communication without consent, which means the intended message conveyed by the communication, not record information generated in the transmission. *Brodsky v. Apple Inc.* 445 F.Supp.3d 110, 127 (N.D. Cal. 2020); *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). Courts have excluded metadata such as call logs, geolocation data, device identifiers, and session durations from the definition of "content." *S.D. v. Hytto Ltd.*, No. 18-CV-00688-JSW, 2019 WL 8333519, at *6 (N.D. Cal. May 15, 2019); *Unites States v. Reed¸* 575 F.3d 900, 914-17 (9th Cir. 2009). Plaintiff alleges only the collection of metadata-type information about a user's interaction with the website, which is analogous to telephone record information, which courts have repeatedly held is outside Section 631(a)'s protection. Even if provided by third-party SaaS vendors, such data is used for analytics, advertising, or personalization, not to capture the substantive "intended message" of any user communication. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832-33 (N.D. Cal. 2021); *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 897-99 (Ct. App. 1975); *In re DoubleClick Inc. Priv. Litig.*, 154 F. Supp. 2d 497, 513 (S.D.N.Y. 2001) (courts have likened cookie identification numbers to internal barcodes or tracking codes on business reply cards, meaningless to consumers but valuable to companies for compiling analytics).

#### (ii)    No allegation of an "in transit" interception.

Section 631(a) also requires that the defendant read or attempt to read the contents while the communication is in transit, not after it has been delivered and stored. *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d at 1124-25 (quoting *Valenzuela*, 674 F. Supp. 3d at 755). "[T]he interception must

occur during the transmission, not when the communication is in electronic storage." *Licea v. Old Navy, LLC*, 669 F. Supp. 3d 941, 946 (C.D. Cal. 2023). Plaintiff's allegations concern data generated and stored after POLITICO's servers processed his request, post-delivery logging that is not an interception "in transit." Moreover, as the Ninth Circuit recently held, mere capability to read communications is insufficient; Section 631(a) requires evidence that the defendant actually read or attempted to read the contents. *Gutierrez*, 2025 WL 1895315, at *1 (affirming summary judgment where evidence showed only that third party could read messages). Plaintiff pleads no facts showing POLITICO or any vendor actually accessed the contents of any communication, and his second clause claim fails for this independent reason.

### c.    Plaintiff's third clause claim fails as a matter of law.

The third clause of Section 631(a) does not create an independent basis for liability. *Rodriguez v. Ford Motor Co.*, 722 F. Supp. 3d 1104, 1122 (S.D. Cal. 2024). A violation of the third clause depends on a predicate violation of the first or second clause. *Id.*; *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 744 (N.D. Cal. 2023); *Martin v. Sephora USA, Inc.*, No. 1:22-CV-01355-JLT-SAB, 2023 WL 2717636, at *11 (E.D. Cal. Mar. 30, 2023) ("A finding of a violation under the third clause of § 631(a) is contingent on a finding of a violation of the first or second clause of § 631(a)."); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 827 (N.D. Cal. 2020) (Plaintiffs failed to plead a violation of § 631(a)'s third clause because they did not show that the recordings and transcripts at issue were obtained in violation of the first or second clauses). Here, Plaintiff cannot establish a violation of either Clause One or Clause Two, and therefore cannot sustain a claim under Clause Three.

### d.    Plaintiff's fourth clause claim does not apply to the website operator's use of third-party cookies.

Section 631(a)'s aiding and abetting clause applies only where a defendant knowingly assists a third party in violating one of section 631(a)'s first three clauses. *Esparza v. UAG Escondido A1 Inc.*, No. 23CV0102 DMS(KSC), 2024 WL 559241, at *2, 6 (S.D. Cal. Feb. 12, 2024). Participants in a conversation cannot be held liable under section 631; only a third-party interceptor can. *Turner v. Nuance Commc'ns, Inc.*, 735 F. Supp. 3d 1169, 1181-82 (N.D. Cal. 2024); *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 900 (1975). The court in *Graham* rejected similar claims where SaaS vendors simply provided tools allowing website operators to collect and analyze their own user data. *Noom, Inc.* 533 F. Supp. 3d at

833. As a service provider, the vendor was considered an extension of its client, not an independent eavesdropper under Section 631(a). *Id.*

Here, POLITICO was a direct participant in Plaintiff's website interactions and thus not a third-party eavesdropper. Plaintiff alleges no facts showing the Third Parties engaged in unlawful interception, nor that POLITICO knew of, agreed to, or substantially assisted in any such conduct. The Third Parties are pled as SaaS vendors providing standard analytics tools (Compl. ¶ 123), not clandestine wiretappers. Merely embedding vendor-supplied code does not constitute aiding or conspiring under section 631(a). Because POLITICO was a party to the communications and no unlawful common plan is alleged, the fourth clause is inapplicable as a matter of law.

### 2. Plaintiff Fails to State a Pen Register Claim under the CIPA Section 638.51.

#### a. *CIPA does not protect the allegedly disclosed information.*

Courts have repeatedly held that an IP address falls outside the privacy rights CIPA was designed to protect. A plaintiff must be "*injured* by a violation of the statute" to sue. Cal. Pen. Code § 637.2 (emphasis added). Merely alleging a statutory violation is insufficient. *Khamooshi v. POLITICO LLC*, No. 24-CV-07836-SK, 2025 WL 1408896, at *4 (N.D. Cal. May 13, 2025) ("*TransUnion* precludes standing where plaintiffs fail to allege a concrete injury, even if they have asserted a violation of CIPA."). Section 638.51 applies only to telephone-tracking technology, not to internet communications. *Sanchez v. Cars.com Inc.*, No. 24STCV13201, 2025 WL 487194, at *5 (Cal. Super. Jan. 27, 2025). Courts consistently hold that IP addresses, browsing history, and other metadata fall outside CIPA's privacy protections because users voluntarily transmit this information when accessing websites and have no reasonable expectation of privacy in it. *See, e.g., United States v. Forrester*, 512 F.3d 500, 503 (9th Cir. 2008); *Esparza*, 723 F. Supp. 3d at 946; *Cars.com*, 2025 WL 487194, at *5; *Rodriguez v. Plivo Inc.*, No. 24STCV08972, 2024 WL 5184413, at *2 (Cal. Super. Oct. 2, 2024).

Indeed, an IP address is akin to a return address on an envelope, allowing the exchange of information "back and forth by computers that are actively communicating with each other over the internet." *United States v. Jean*, 207 F. Supp. 3d 920, 928-29 (W.D. Ark. 2016). Plaintiffs do not have a privacy interest in a data point that does not belong to them and is not associated with a particular individual. *Id.* at 932 (IP address "is not associated with the user's personal property"); *see also United*

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT POLITICO LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

FP 55790184.11

*States v. Felton*, 367 F. Supp. 3d 569, 574 (W.D. La. 2019) (same).

Here, none of the allegedly collected information is personally identifiable, nor has Plaintiff alleged what information of his, if any, was shared with Third Parties. Compl. ¶ 19. Plaintiff alleges only that cookies and tracking technologies, which are common to "most internet websites" (Compl. ¶ 2), captured standard technical data, including his IP address, during his voluntary visit to POLITICO's website. Because CIPA does not protect such information, Plaintiff's claims fail as a matter of law.

### b.  Third party trackers are not pen registers under California law.

Although Plaintiff repeatedly refers to the Third Party "trackers" as pen registers, Plaintiff alleges no facts showing that he meets the statutory definition. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Except as provided in subdivision (b), a person may not install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." Cal. Pen. Code § 638.51(a). A "pen register" is a "device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Pen. Code § 638.50(b). Plaintiff alleges that the "Third Parties' cookies and the corresponding software code installed by POLITICO on its website are each "pen registers" because they are "device[s] or process[es]" that "capture[d]" the "routing, addressing, or signaling information"—including, the IP address and user-agent information—from the electronic communications transmitted by Plaintiff's and the Class's computers or devices." Compl. ¶ 138.

What Plaintiff alleges in his Complaint is not a pen register but instead reflects a misunderstanding of how one website operates and why cookies do not qualify. The statutory language describes a device recording information *from which* a communication is transmitted, in other words, "destination information." But Plaintiff has alleged these cookies are placed on Plaintiff's device to transmit *his* IP address and "user-agent information" to POLITICO. Compl. ¶¶ 5, 17, 22, 28, 30, 31, 80, 139. That is not a pen register. A true pen register is typically attached to a phone line associated with a phone number already known to the user (usually, law enforcement) of the pen register in order to monitor phone numbers that the phone line dials or receives (which were previously unknown). "The

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT POLITICO LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

FP 55790184.11

analog of the number dialed by a telephone here is the IP address and related information of a website accessed by a computer – but not the computer's own IP address." *Palacios v. Fandom, Inc.*, No. 24STCV11264, 2024 WL 5494527, at *3 (Cal. Super. Ct. Sep. 24, 2024).

Here, Plaintiff does not allege the cookies collected destination information or recorded the IP addresses of websites he visited, ***which is what a pen register actually does***. Nor is there a need to collect the monitoring device's own identifier, as that information must be known before installation. *See, e.g.*, Cal. Pen. Code § 638.52(d)(3) ("[t]he number and, if known, physical location of the telephone line to which the pen register or trap and trace device is to be attached" before court order will be issued). Further, the statute targets covert monitoring of *outgoing* communications, akin to law enforcement recording numbers dialed from a phone line, not the voluntary exchange of information when Plaintiff chose to contact POLITICO's website and POLITICO learns the identity of the person who contacts it.

The legislative history of Section 638.51 confirms it was intended only to apply to telephone-tracking technology. *Cars.com*, 2025 WL 487194, at *5. Enacted in 2015 through Assembly Bill 929, CIPA §§ 638.50-638.55 established procedures for law enforcement to obtain and use a pen register or trap and trace device, clarifying that any location information obtained is limited to what can be determined from a telephone number. RJN, Ex. N [(Assembly Bill No. 929, 2015-2016 Regular Session). Though the internet was in use for over 20 years, there is no reference to any other type of identifying information besides telephone numbers. *See id.*; *Nat'l R. R. Passenger Corp. v. Nat'l Ass'n of R. R. Passengers*, 414 U.S. 453, 458 (1974) (statutory interpretation must "yield to" and "must be consistent with the evident legislative intent and, of course, with the effectuation of the purposes intended to be served by the [statute]"). In 2022, the California amended the statute through Assembly Bill 1241, but declined to expand the scope of the definition of a pen register or trap and trace device. RJN, Ex. O [(Assembly Bill No. 1242, 2021-2022 Regular Session)]. This legislative choice underscores that § 638.51 does not extend to internet-based technologies like cookies.

The California Legislature specifically limited Section 638.52 (enacted with Section 638.51) by authorizing use of pen registers only where law enforcement could identify the person associated with "the telephone line to which the pen register . . . is to be attached." § 638.52(d)(1), (3). Further, California state and federal courts interpreting Section 638.52 have found it significant that internet-based

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT POLITICO LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
FP 55790184.11

communications are not referenced in legislative updates and commentary, despite discussing cordless and cellular phone technology, and declined to expand the definition of the statute. *Cars.com*, 2025 WL 487194, at *4-5; *Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147, at *5 (Cal. Super. Mar. 13, 2024) (citing *Smith v. LoanMe, Inc.*, 11 Cal.5th 183, 191 (2021)); *see also Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1104 (C.D. Cal. 2023); *Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1123-24 (S.D. Cal. 2023); *Augustine v. Lenovo (United States), Inc.*, No. 22-CV-2027-L-AHG, 2023 WL 4938050, at *4 (S.D. Cal. Aug. 2, 2023); *Garcia v. Build.com, Inc.*, No. 22-CV-01985-DMS-KSC, 2023 WL 4535531, at *6 (S.D. Cal. July 13, 2023); *Kauffman v. Papa John's Int'l, Inc.*, No. 22-CV-1492-L-MSB, 2024 WL 171363, at *9 (S.D. Cal. Jan. 12, 2024).

To adopt Plaintiff's expansive interpretation would expose all websites using tracker cookies (which are ubiquitous) to liability under CIPA, an outcome the California Legislature clearly never intended. Nothing in CIPA's legislative history, case law, or statutory framework supports the expansion of Section 638.51 to include technology that merely collects IP addresses.

### c. Contents of a communication are specifically excluded from a CIPA pen register.

Plaintiff does not (and cannot) plausibly allege that the third-party cookies are pen registers. Under the statute, a pen register is "a device or process that records or decodes dialing, routing, addressing, or signaling information . . . ***but not the contents of a communication***." Cal. Penal Code § 638.50(b) (emphasis added). Here, Plaintiff admits that the technology allegedly used by POLITICO "enable[s] Third Parties to track users' behavior across the Internet and across time, user data can be correlated and combined with other data sets to compile comprehensive user profiles that reflect consumers' behavior, preferences, and demographics (including psychological trends, predispositions, attitudes, intelligence, abilities, and aptitudes)." Compl. ¶ 35. This is more than just "routing, addressing, or signaling information"— as Plaintiff alleges POLITICO can use cookies to create "consumer profiles containing detailed information about a consumer's behavior, preferences, and demographics; creating audience segments based on shared traits" (Compl. ¶ 4) and "[a]dvertisers can gain deep understanding of users' behavioral traits and characteristics and target those users with advertisements tailored to their consumer profiles and audience segments" (Compl. ¶ 35). A recent California Superior Court decision interpreted the definition of "contents of a communication" under Section 638.50(b) in the context of

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT POLITICO LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

FP 55790184.11

third-party cookies and concluded that digital fingerprinting software on a website is "contents," and thus dismissed plaintiff's trap and trace device claim. *Price v. Headspace, Inc.*, No. 24STCV19921, 2025 WL 1237977, at *3 (Cal. Super. Ct. Apr. 1, 2025). This interpretation was adopted by a court in this district, stating "[a]ny fingerprint" that reveals biographical information is "the content" of any communication between visitor and Website, and thus, the claim and the case cannot survive." *Kishnani*, 2025 WL 1745726, at *4. Because the FAC alleges that third-party cookies and software tracked contents, dismissal of Plaintiff's pen register claim is required.

### d. POLITICO is an electronic communications service provider not liable under CIPA.

POLITICO falls under an important exception: a "provider of electronic or wire communication service may use a pen register or a trap and trace device . . . to operate, maintain, and test a wire or electronic communication service." Cal. Penal Code § 638.51(b)(1). POLITICO fits into this definition because its website is an electronic communication service—a "global news and information company specializing in policy reporting[]," providing access to its news content via its website. Compl. ¶¶ 21. A California court interpreting this exception found that a website qualified as an "electronic communication service," and that obtaining IP addresses from "ordinary user access" did not violate Section 638.51. *Levings, Jr. v. Open Text Corp.*, No. 24STCV05440, 2024 WL 5672082, at *4 (Cal. Super. Sep. 3, 2024). Plaintiff has not alleged any facts precluding the applicability of this section. *See Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 824-25 (2002) (where a complaint alleges facts that also establish a defense to the claim, a plaintiff must plead around that defense). Here, Plaintiff has not plead facts precluding the applicability of this exception that allows a pen register to be used if its purpose is to assist in operating or maintaining a website.

### 3. Plaintiff's Invasion of Privacy and Intrusion Upon Seclusion Claims Fail.

Courts conduct a combined inquiry when invasion of privacy and intrusion upon seclusion claims are brought on the same factual basis given the similarities of the analysis. *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1088 (N.D. Cal. 2022). To evaluate whether plaintiffs have adequately alleged these claims, courts consider "(1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). Plaintiff fails to allege either element because there is no reasonable expectation in the data

collected or disclosed, and even if there was, the intrusion is not highly offensive.

First, Plaintiff cannot allege any reasonable expectation of privacy in the information allegedly collected. Frankly, there is nothing personal or sensitive about viewing a publicly available news website and reading articles. "Contemporary internet browsing involves the collection of users' data, including by tracking users across the internet, *and a reasonable user should expect as much.*" *Hubbard v. Google LLC*, No. 19-CV-07016-SVK, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024) (emphasis in original). Courts have consistently held that there is no reasonable expectation of privacy in the same type of information Plaintiff alleges here, like "browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data," Compl. ¶ 21; *see, e.g., In re Zynga Priv. Litig.*, 750 F.3d at 1108-09 (9th Cir. 2014) (finding no reasonable expectation of privacy in the URL of a website the plaintiff previously had visited or in basic identification information); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 198 (N.D. Cal. 2019) (Davila, J.) (no reasonable expectation of privacy in their geolocation data); *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1206 (S.D. Cal. 2024) (no invasion of privacy for collection of user's account name, IP address, geographic location, and referral site URL).

Referring to this type of non-sensitive data as "Private Communications" does not make them private, nor does it change the fact that Plaintiff has not alleged that POLITICO collected any such information related to him. Plaintiff does not articulate how visiting a public-facing website is private or how the alleged data constitutes a "communication" between him and POLITICO. *See Jones v. Peloton Interactive, Inc.* 720 F. Supp. 3d 940, 950-51 (S.D. Cal. 2024) (dismissing invasion of privacy claim because plaintiff failed to allege she shared sensitive or confidential information with website); *Heeger v. Facebook, Inc.*, No. 18-CV-06399-JD, 2019 WL 7282477, at *4 (N.D. Cal. Dec. 27, 2019) (dismissing privacy claims where allegations that Facebook collected "private" location data were "bareboned" and "vague"). Rather, courts repeatedly hold a plaintiff lacks a legally protected privacy interest in internet browsing activity, device fingerprints, geolocation information, and IP addresses. *See, e.g., Esparza*, 723 F. Supp. 3d at 946 (dismissing invasion of privacy claim because personal details, browsing history, and IP address are insufficient to establish "serious invasion of a protected privacy interest"); *Yoon v.*

*Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1086 (C.D. Cal 2021) (dismissing California privacy claim where plaintiff failed to plead facts showing data was tracked outside defendant's own website).

Furthermore, Plaintiff's status as a tester undercuts any reasonable expectation of privacy. By deliberately visiting POLITICO's website for the purpose of manufacturing litigation rather than engaging in a genuine, personal interaction, Plaintiff cannot claim to have suffered a real invasion of privacy. Courts routinely reject privacy claims where plaintiffs voluntarily expose themselves to the alleged conduct or lack any genuine personal stake in the purportedly private activity. *See*, *e.g.*, *Autotrader.com, Inc.*, 2025 WL 1085787, at *1-2 (rejecting alleged invasion of privacy injury asserted by "tester" plaintiff). For all these reasons, Plaintiff fails to establish a legally protected privacy interest.

POLITICO also did not engage in conduct that could be deemed "highly offensive" under the California Constitution or common law. Courts consistently hold that "data collection and disclosure to third parties that is 'routine commercial behavior' is not a 'highly offensive' intrusion of privacy." *Hammerling*, 615 F. Supp. 3d at 1090; *In re iPhone Application Litigation*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (collection of unique device identifiers, personal data, and geolocation information from plaintiffs' devices was routine commercial behavior and not highly offensive); *Beltran, v. Doctors Medical Center Of Modesto*, No. 2:23-CV-01670-DC-CKD, 2025 WL 1635467, at *8 (E.D. Cal. June 9, 2025) (dismissing invasion of privacy claim because plaintiff failed to plead medical information was actually disclosed, making the purported "disclosure" not "highly offensive.").

Here, Plaintiff's own allegations confirm that POLITICO's conduct was not extraordinary or egregious, but rather aligned with ordinary industry practice: "Like most internet websites, Defendant designed the Website to include resources and programming scripts from third parties that enable those parties to place cookies and other similar tracking technologies on visitors' browsers and devices and/or transmit cookies along with user data." Compl. ¶ 2. This admission undermines any claim that POLITICO's conduct was unexpected, shocking, or beyond the norms of acceptable commercial behavior. *See Hammerling*, 615 F. Supp. 3d at 1090 (conduct consistent with common industry practice not highly offensive). Because POLITICO's alleged conduct amounts to nothing more than routine, widely disclosed, and industry-accepted online practices, Plaintiff cannot plausibly allege the "highly offensive" intrusion necessary to sustain an invasion-of-privacy claim. Accordingly, Plaintiff's two

claims should be dismissed with prejudice.

### 4. Plaintiff Fails to State Claims of Fraud, Deceit, or Misrepresentation.

Plaintiff fails to state a claim for fraud-based violations. Plaintiff must plead (1) misrepresentation or omission, (2) reliance, and (3) damages. *Hammerling*, 615 F. Supp. 3d at 1081. Because these claims are grounded in fraud, they must also meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, which requires that the "who, what, when, where, and how" of the alleged misconduct be stated with particularity. *Id.* (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003)). Where, as here, a plaintiff alleges "a unified course of fraudulent conduct" and relies "entirely on that course of conduct as the basis of a claim," Rule 9(b) applies to the claims as a whole. *Vess*, 317 F.3d at 1103-04.

Under California law, common-law fraud or intentional misrepresentation requires: (i) misrepresentation; (ii) scienter; (iii) intent to induce reliance; (iv) justifiable reliance; and (v) injury. *Shin v. Sanyo Foods Corp. of Am.*, 348 F.R.D. 477, 486 (C.D. Cal. 2025) (citing *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997)). Negligent misrepresentation contains the same elements except it does not require intent to induce reliance, but still requires actual and justifiable reliance. *Id.* Likewise, a claim for fraudulent concealment or omission requires that: (1) the defendant concealed or suppressed a material fact; (2) had a duty to disclose it; (3) intentionally concealed it with intent to defraud; (4) plaintiff was unaware of the fact and would have acted differently if aware; and (5) plaintiff sustained damage as a result. *Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 248 (2011). Fraud claims have two distinct causation elements: actual and justifiable reliance causing a detrimental action, and that detrimental action causing the alleged damages. *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1062 (2012). Negligent misrepresentation further requires an assertion of fact that is false, made without reasonable grounds for believing it to be true, with intent to induce reliance, justifiable reliance, and resulting damage. *SI 59 LLC v. Variel Warner Ventures, LLC*, 29 Cal. App. 5th 146, 154 (2018).

Plaintiff's fraud-based claims fail for multiple reasons. First, Plaintiff does not plead the alleged misrepresentations or omissions with the specificity Rule 9(b) requires. Plaintiff's theory is that the Privacy Policy stated users could reject "Performance Cookies" and "Online Behavioural Advertising" cookies, but in reality, certain cookies continued to collect data after opt-out. Compl. ¶¶ 147, 148.

However, Plaintiff does not allege who authored or approved the challenged statements, when exactly he saw and relied on those statements, the precise language he contends was false, what cookies allegedly persisted post-opt-out, or how the statement was misleading in light of the website's actual disclosures. Without these specifics, the claim is legally deficient.

Second, Plaintiff alleges he relied on the Privacy Policy in deciding to "review" the website and would not have done so had he known cookies would still collect data. But Plaintiff does not allege facts showing that he actually read the opt-out provision before visiting the Website, that he took affirmative steps to reject cookies in reliance on that language, or that his reliance was reasonable in light of his own admission that "like most internet websites" Defendant's site used third-party cookies.

Third, to the extent Plaintiff frames his claim as a fraudulent omission—that Defendant failed to disclose that some cookies would persist post opt-out—he must plead facts showing a duty to disclose. Such a duty arises only in limited circumstances, such as a fiduciary relationship, to prevent other statements from being misleading, or where a statute imposes a disclosure obligation. *Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th at 248. Plaintiff alleges no facts showing that Defendant had a legal duty to disclose the technical operation of each cookie or the precise scope of post opt-out data collection.

Fourth, Plaintiff's claimed injury—the "loss of [his] property right to control and use of [his] personal information"—is speculative and non-compensable. Plaintiff pleads no "appreciable and actual" economic loss attributable to the alleged misrepresentation. Finally, Plaintiff does not allege facts showing that his decision to review the website in reliance on the opt-out provision caused any measurable loss. Merely visiting a website does not, without more, establish compensable injury.

Because Plaintiff fails to plead with particularity, fails to plausibly allege justifiable reliance, fails to establish a duty to disclose, and fails to show any compensable injury caused by the alleged misrepresentation, his fraud, deceit, and misrepresentation claims should be dismissed with prejudice.

### 5.  Plaintiff Fails to State a Claim of Breach of Contract and Unjust Enrichment.

To state a claim for breach of contract, a plaintiff must allege "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 402 (2015). Contractual damages must be "appreciable and actual damage," not nominal, speculative, or

based solely on a threat of future harm. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000). A conclusionary statement of harm, without further explanation, is insufficient to state a breach of contract claim. *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 717 (N.D. Cal. 2011).

California law limits contract damages to those that will place plaintiff in the position "he would have occupied had the contract been performed." *Ajaxo Inc. v. E\*Trade Group, Inc.*, 135 Cal. App. 4th 21, 56 (2005); *see* Cal. Civ. Code § 3358. The alleged "loss of value" of personally identifiable information is not a cognizable form of contract damages, because it does not relate to any benefit of the bargain expectation under the contract. *Id*. Numerous courts have rejected such claims where the plaintiff had no contractual expectation of being compensated for their personal information. See *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1029 (N.D. Cal. 2012) (no cognizable contract damages where plaintiffs alleged diminished value of personal information but had no reason to expect compensation for it); *In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 327 (E.D.N.Y. 2005) ("[p]laintiffs . . . had no reason to expect that they would be compensated for the 'value' of their personal information").

Here, Plaintiff's breach of contract claim fails because the Complaint does not allege any facts establishing "appreciable and actual" damages resulting from the alleged breach. Plaintiff asserts only that he and the putative class "were damaged in an amount at least equal to the difference in value between that which was promised and Defendant's partial, deficient, and/or defective performance." Compl. ¶ 173. This is a bare conclusion unsupported by factual allegations, and Plaintiff seeks only nominal, speculative, or generalized relief, such as "nominal damages, general damages, compensatory damages, consequential damages, unjust enrichment, and any other just relief." Compl. ¶ 174.

Moreover, Plaintiff had no contractual expectation under POLITICO's Privacy Policy that POLITICO would compensate him for the value of his personal information. As in *Low* and *JetBlue*, Plaintiff's alleged harm is premised entirely on the asserted "value" of the allegedly collected information, which is not a cognizable measure of contract damages absent a contractual right to payment. Without a plausible allegation of actual benefit of the bargain loss or other legally cognizable injury, Plaintiff's breach of contract claim must be dismissed.

Because Plaintiff's breach of contract claim fails, Plaintiff's unjust enrichment claim must also be dismissed. "[U]njust enrichment is not a cause of action, just a restitution claim.'" *Low v. LinkedIn*

*Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012). Plaintiff's unjust enrichment claim is premised on the same alleged facts and subject matter as his breach of contract claim. *See* Compl. ¶¶ 168-74, 176-85. Because the unjust enrichment claim is duplicative of Plaintiff's breach of contract claim and is barred by his own allegation of an express contract, it should be dismissed with prejudice.

### 6.    Plaintiff Fails to State a Claim for Breach of Implied Covenant of Good Faith and Fair Dealing.

Under California law, "[t]he covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Guz v. Bechtel Nat'l, Inc.* 24 Cal.4th 317, 349-350 (2000) (italics, internal citations omitted.) The implied covenant "cannot 'be endowed with an existence independent of its contractual underpinnings'" and "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Id.*; see also *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992) ("There is no obligation to deal fairly or in good faith absent an existing contract," and the covenant is "limited to assuring compliance with the express terms of the contract").

Where a claim for breach of the implied covenant is based on the same conduct as a breach of contract claim and seeks the same relief, the implied covenant claim is superfluous and subject to dismissal. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990) ("If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a contract cause of action, they may be disregarded as superfluous").

Here, Plaintiff relies on the same alleged contractual source, the Defendant's Privacy Policy, to establish duties under the implied covenant. Compl. ¶¶ 168, 169, 176, 177. The alleged damages from the purported collection of personal information mirror those asserted in the breach of contract claim: the "benefit of the bargain" for which Plaintiff contracted, allegedly providing personal information as valuable consideration. Compl. ¶¶ 170, 173, 178, 184. Plaintiff also seeks the same categories of damages in both claims, including "nominal damages, general damages, compensatory damages, consequential damages, unjust enrichment, and any other just relief." Compl. ¶¶ 174, 185. Because the

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT POLITICO LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
FP 55790184.11

implied covenant claim is based on identical facts, contractual duties, and damages as the breach of contract claim, it does not allege any independent wrongful conduct beyond the alleged contract breach. Under *Careau*, such a duplicative claim fails as a matter of law and should be dismissed as superfluous.

**7.    Plaintiff Fails to State a Claim for Trespass to Chattels.**

Trespass to chattels does not allows for nominal damages in the absence of harm. In California, trespass to chattels "lies where an intentional interference with the possession of personal property has proximately caused injury." *Matthews v. Apple, Inc.*, 769 F. Supp. 3d 999, 1012 (N.D. Cal. 2024) (citations omitted). The California Supreme Court has held that the principles underlying the tort also apply to allegations of digital trespass. *Id*. (citing *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1350-1351 (2003)). "In order to prevail on a claim for trespass based on accessing a computer system, the plaintiff must establish: (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in the computer system; and (2) defendant's unauthorized use proximately resulted in damage." *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1069-70 (N.D. Cal. 2000).

The California Supreme Court further holds that in cases of trespass, a plaintiff may recover only actual damages suffered by impairment of the property or the loss of its use. *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1351 (2003). While mere harmless intermeddling is not actionable, "some actual injury must have occurred in order for a trespass to chattels to be actionable." *Id*. at 1352, 1355-56; *see e.g.*, *Ticketmaster Corp. v. Tickets.com, Inc.*, No. 99CV7654, 2000 WL 1887522, at *4 (C.D. Cal. Aug. 10, 2000), *aff'd*, 2 F. App'x 741 (9th Cir. 2001) (court found insufficient evidence of harm to support a trespass claim where Ticketmaster merely presented estimated "hit" counts from Tickets.com's spiders and rough comparisons to overall computer usage).

Plaintiff fails to allege unauthorized interference. Plaintiff alleges only that POLITICO's website used cookies or similar tracking technologies during his visit. Compl. ¶¶ 187-189. Such routine, industry-standard technology, particularly when encountered on almost all publicly accessible websites (Compl. ¶ 2), does not constitute "unauthorized" access under California law. Without factual allegations of circumvention of security measures or access beyond the scope of permission, the first element fails.

Plaintiff also fails to allege actual damage. California law is clear that "some actual injury must have occurred in order for a trespass to chattels to be actionable." *Intel Corp. v. Hamidi*, 30 Cal. 4th

1342, 1352 (2003). The California Supreme Court expressly rejected liability for "harmless intermeddling" with a computer system, noting that "intermeddling is actionable only if 'the chattel is impaired as to its condition, quality, or value, or [¶] . . . the possessor is deprived of the use of the chattel for a substantial time.'" *Hamidi*, 30 Cal. 4th at 1355-56 (quoting Rest. 2d. Torts, § 218(b) and (c)). Here, Plaintiff's claimed injuries "nominal damages," "reduction of storage, disk space, and performance," and "loss of value" are entirely conclusionary and unsupported by facts. Compl. ¶ 190. Plaintiff fails to allege any measurable impairment of his device's functionality, any substantial deprivation of its use, or any quantifiable loss in market value. Generalized assertions of reduced storage or performance, without specific metrics or examples, do not satisfy the requirement of actual, provable damages.

*Hamidi* makes it clear that a plaintiff can only recover actual damages. Plaintiff's reliance on "nominal damages" underscores the absence of actual harm and confirms that his allegations are legally insufficient. Because Plaintiff fails to plead any unauthorized interference with his computing device or any actual, non-speculative damages as required under California law, his trespass to chattels claim fails as a matter of law and should be dismissed with prejudice.

## V.    CONCLUSION

For the foregoing reasons, POLITICO respectfully requests the Court grant this Motion in its entirety and deny Plaintiff leave to amend his claims.

Dated:  August 14, 2025

FISHER & PHILLIPS LLP

By: /s/ *Danielle Kays*
DANIELLE KAYS (*PRO HAC VICE)*
USAMA KAHF
CATHERINE M. CONTINO (*PRO HAC VICE*)
XUAN ZHOU
Attorneys for Defendant
POLITICO LLC

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT POLITICO LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

FP 55790184.11

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On August 14, 2025 I served the foregoing document entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT POLITICO LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on all the appearing and/or interested parties in this action addressed as follows:

Seth Adam Safier
Marie Ann McCrary
Todd Kennedy
Kali R. Backer
GUTRIDE SAFIER LLP
100 Pine Street, Suite 1250
San Francisco, California 94111

*Attorneys for Plaintiff*
*VISHAL SHAH*

Tel:         415.639.9090
Fax:        415.449.6469
Email:     seth@gutridesafier.com
               marie@gutridesafier.com
               todd@gutridesafier.com
               kali@gutridesafier.com

☒    **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐    **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed August 14, 2025 at Irvine, California.

Stephanie A. Crisp
_____
Print Name

By: _____
Signature

1
CERTIFICATE OF SERVICE

FP 55790184.11