USAMA KAHF (SBN 266443)
E-Mail: ukahf@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DANIELLE KAYS (*PRO HAC VICE)*
E-Mail: dkays@fisherphillips.com
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

CATHERINE M. CONTINO (*PRO HAC VICE)*
E-Mail: ccontino@fisherphillips.com
**FISHER & PHILLIPS LLP**
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

XUAN ZHOU
E-Mail: xzhou@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Dr. Suite 1000
San Diego, CA 92121
Telephone: (858) 597-9632

Attorneys for Defendant
POLITICO LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE**

| | |
|---|---|
| VISHAL SHAH, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POLITICO LLC,<br><br>Defendant. | Case No: 5:25-cv-05213-NW (NMC)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>DATE: November 26, 2025<br>TIME: 9:00 a.m.<br>CRTRM: 3<br><br>Complaint Filed: June 20, 2025<br>Trial Date: Not Set |

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on November 26, 2025, at 9:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 3, of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113. Defendant POLITICO LLC will and hereby move the Court for an order granting relief from the Order Re Joint Discovery Letter on October 29, 2025 (Dkt. No. 45) (the "Order").

This motion is brought pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil Local Rule 72-2, on the grounds that the Order is clearly erroneous and contrary to law.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Xuan Zhou, and exhibits thereto; the record and filings in this action, including the Order; and such other written or oral argument and evidence as may be presented to the Court.

POLITICO respectfully requests that the Court enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) staying all discovery in this action, including initial disclosures, third-party subpoenas, and written discovery pending resolution of POLITICO's Motion to Dismiss and/or pending a ruling on whether this Court has subject matter jurisdiction based on Article III standing, or in the alternative either (a) quash the subpoenas issued by Plaintiff Vishal Shah to nonparties Google LLC, Adobe Inc., X Corp., Amazon.com Sales Inc., and Microsoft Corporation, or (b) modify the subpoenas to exclude requests that are overbroad, irrelevant, or seek privileged or protected material.

Dated: November 7, 2025

**FISHER & PHILLIPS LLP**

By: */s/ Xuan Zhou*
USAMA KAHF
DANIELLE KAYS (*PRO HAC VICE*)
CATHERINE M. CONTINO (*PRO HAC VICE*)
XUAN ZHOU
Attorneys for Defendant
POLITICO LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant POLITICO LLC ("POLITICO") respectfully seeks relief from Magistrate Judge Nathanael M. Cousins' October 29, 2025 Order (ECF No. 45), which denies POLITICO's request to stay discovery and permit Plaintiff to proceed with non-party subpoenas while POLITICO's Motion to Dismiss (ECF No. 18) remains pending. The Order should be set aside or, at minimum, modified because it is both clearly erroneous and contrary to law.

POLITICO's Motion to Dismiss challenges this Court's subject matter jurisdiction on the ground that Plaintiff lacks Article III standing. By authorizing discovery before resolving jurisdiction, the Order disregards this constitutional limitation. First, the Order is contrary to law because it permits discovery to proceed despite an unresolved Article III jurisdictional challenge, contrary to controlling Supreme Court and Ninth Circuit precedent. Second, the Order constitutes an abuse of discretion because it fails to apply the governing standard for issuing a stay of discovery pending a dispositive motion that may dispose of the entire case and thereby prevent unnecessary burden on the parties and non-parties.

POLITICO respectfully requests that the Court vacate the Order, or in the alternative, modify it to stay all discovery, including third-party subpoenas, pending resolution of the Motion to Dismiss.

## II. SUMMARY OF RELEVANT FACTS

On June 20, 2025, Plaintiff filed this putative class action against POLITICO. Declaration of Xuan Zhou ("Zhou Decl."), ¶ 2; Dkt. No. 1. On August 14, 2025, POLITICO timely filed a Motion to Dismiss, which is fully briefed and set for hearing on December 3, 2025. Zhou Decl., ¶ 3; Dkt. 18, 25, 31, and 43. On August 28, 2025, the Parties conducted a Rule 26(f) conference but were unable to agree on a discovery plan. Zhou Decl., ¶ 4. On September 2, 2025, the Parties filed a Joint Case Management Statement setting forth conflicting discovery proposals and identifying Plaintiff's lack of Article III Standing among other deficiencies in Plaintiff's claims. Zhou Decl., ¶ 4; Dkt. 28.

Despite the pending dispositive motion and unresolved discovery plan, on September 23, 2025, Plaintiff served POLITICO with Interrogatories and Requests for Production of Documents ("First-Party Discovery") and issued subpoenas to Microsoft, X, Amazon, Adobe, and Google (collectively, the "Third-Party Subpoenas"). Zhou Decl., ¶ 5.

On October 6, 2025, following emails between counsel on September 30 and October 1, 2, and 3, 2025, the Parties spoke by phone regarding the Third-party Subpoenas and First-Party Discovery. *Id.*, ¶ 6. The Parties were unable to reach an agreement on all the issues. *Id.* On October 7, 2025, POLITICO's counsel contacted Plaintiff's counsel to prepare a joint statement as required by Magistrate Judge Cousins, which Plaintiff's counsel refused to participate in. Zhou Decl., ¶ 7. As a result, POLITICO filed a Motion to Quash Plaintiff's Third-Party Subpoenas and for A Protective Order Staying Discovery Pending Defendant's Motion to Dismiss. *Id.*; Dkt. 35 and 36. On October 10, 2025, Magistrate Judge Cousins terminated the discovery motion and ordered the Parties to submit a joint discovery letter brief by October 24, 2025. Zhou Decl., ¶ 8; Dkt. 38.

On October 21, 2025, the Parties had another call to discuss the outstanding discovery issues but remained at an impasse. Zhou Decl., ¶ 9. On October 24, 2025, the Parties submitted their Joint Statement to the Court for resolution of the discovery disputes. *Id.*, ¶ 9; Dkt. 41. On October 29, 2025, Magistrate Judge Cousins held a hearing and issued an order denying POLITICO's request to stay discovery (the "Order"), despite the pending motion to dismiss for lack of standing. Zhou Decl., ¶ 10; Dkt. 45.

## III. LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A); *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (citation omitted). While the "'clearly erroneous' standard applies to the magistrate judge's findings of fact," the magistrate's "legal conclusions are [reviewed] *de novo*." *Nazemian v. NVIDIA Corp.*, No. 24-CV-01454-JST, 2025 WL 2954979, at *1 (N.D. Cal. Sept. 25, 2025) (citing *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999)).

A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Martinez v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015). Under the "clearly erroneous" standard, "the district court

can overturn the magistrate judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake has been committed.'" *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)).

**IV. ARGUMENTS**

Defendant seeks relief from Magistrate Judge Cousins' October 29, 2025 order declining to stay Plaintiff's non-party subpoenas and discovery pending the resolution of Defendant's Motion to Dismiss. The Order is both contrary to law and an abuse of discretion because it (1) disregarded the jurisdictional limitations imposed by Article III standing, and (2) failed to apply the governing standard for granting a stay where a pending dispositive motion may dispose of the entire case.

**A. <u>The Order Committed Legal Error.</u>**

The Supreme Court has long made clear that jurisdiction must be established before a court may proceed to the merits. As the Supreme Court has held, "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted). The Supreme Court further emphasized that the requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Id.* at 94-95 (citation omitted). Consistent with the Supreme Court, the Ninth Circuit has held that discovery at the pleading stage is inappropriate where the pending motion raises purely legal questions. In *Wagh v. Metris Direct, Inc.*, the court affirmed that "discovery at the pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion." *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003) (citing *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir.1987)).

Applied here, POLITICO's Motion to Dismiss presents threshold legal challenges. Specifically, that the Court lacks Article III standing (facial challenge) and Plaintiff fails to state a claim upon which relief can be granted. Because these challenges go to the Court's jurisdiction and the legal sufficiency of the Complaint, discovery should have been stayed pending the resolution of Motion to Dismiss. By allowing discovery to proceed, the Order contravenes controlling Supreme Court and Ninth Circuit precedent and therefore constitutes reversible legal error.

**B. The Order Was Made by Abuse of Discretion.**

The decision of whether to stay discovery is entrusted to the "wide discretion" of the district court. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). While the district court has the discretion, such discretion is not unlimited and an order constitutes an abuse of discretion when it rests on an erroneous view of the law or a clearly erroneous assessment of the evidence. *See Munoz-Santana v. INS*, 742 F.2d 561, 562 (9th Cir. 1984). Here, Judge Cousins abused that discretion by refusing to stay discovery despite (1) a pending dispositive motion that raises purely legal issues, (2) the absence of any factual disputes requiring jurisdictional discovery as POLITICO raises a facial challenge to standing, and (3) the significant burden and prejudice imposed on POLITICO and nonparties.

The Ninth Circuit has long recognized that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."); *B.R.S. Land Invs. v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted."). Here, POLITICO's Rule 12(b)(1) and Rule 12(b)(6) motion challenges Plaintiff's standing and the legal sufficiency of his claims that are purely legal and can be resolved from the face of the complaint. Because no factual disputes exist that would necessitate discovery to decide the motion, the denial of a stay served no legitimate purpose and imposed unnecessary costs on POLITICO and multiple third parties.

Rule 26(c) authorizes a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Courts routinely find "good cause" to stay discovery when a dispositive motion is pending and likely to dispose of the case in whole or in part. The Ninth Circuit has expressly endorsed that discovery may be stayed when a dispositive motion does not require discovery, but discovery should not be stayed if it is necessary to decide the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (Good cause exists to stay discovery when the district court is "convinced that the plaintiff

will be unable to state a claim for relief."). As the Ninth Circuit further explained that "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Jarvis,* 833 F.2d at 155 (citing *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir.1984)). In *Jarvis*, the court found o abuse of discretion where the district court stayed discovery pending a motion to dismiss because the complaint did not raise factual issues requiring discovery. *Id.*

Here, good cause to stay discovery is evident. POLITICO's Motion to Dismiss, if granted, would dispose of the entire action. Plaintiff's sweeping discovery requests and multiple third-party subpoenas, served before any jurisdictional determination, impose undue burden and expense contrary to Rule 26(b)(1)'s proportionality limits. Allowing discovery under these circumstances, particularly against nonparties, undermines the rule's goal of efficient and just case management.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion for Relief from the Order. Defendant therefore asks that the Court:

1. Vacate or modify the October 29, 2025 Order;

2. Enter a protective order pursuant to Rule 26(c) staying all discovery in this action pending resolution of Defendant's Motion to Dismiss;

3. Quash or limit the subpoenas issued to nonparties Google LLC, Adobe Inc., X Corp., Amazon.com Sales Inc., and Microsoft Corporation to exclude requests that are overbroad, irrelevant, or seek privileged or protected material; and

4. Any other relief the Court deems just and proper.

Dated: November 7, 2025

**FISHER & PHILLIPS LLP**

By: */s/ Xuan Zhou*
USAMA KAHF
DANIELLE KAYS (*PRO HAC VICE*)
CATHERINE M. CONTINO (*PRO HAC VICE*)
XUAN ZHOU
Attorneys for Defendant
POLITICO LLC

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On November 7, 2025 I served the foregoing document entitled **[DEFENDANT'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** on all the appearing and/or interested parties in this action addressed as follows:

| | |
|---|---|
| Seth Adam Safier<br>Marie Ann McCrary<br>Todd Kennedy<br>Kali R. Backer<br>Andreas Moffett<br>GUTRIDE SAFIER LLP<br>100 Pine Street, Suite 1250<br>San Francisco, California 94111 | ***Attorneys for Plaintiff***<br>***VISHAL SHAH***<br><br>Tel: 415.639.9090<br>Fax: 415.449.6469<br>Email: seth@gutridesafier.com<br>marie@gutridesafier.com<br>todd@gutridesafier.com<br>kali@gutridesafier.com<br>andreas@gutridesafier.com |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed November 7, 2025 at Irvine, California.

Angelica Green-Rosas
Print Name

By: *Angelica Green-Rosas*
Signature