February 10, 2026

*VIA ECF*

The Honorable Nathanael M. Cousins
United States Magistrate Judge
United States District Court, Northern District of California
280 South 1st Street
San Jose Federal Courthouse – 4th Floor
San Jose, CA 95113

Re:   **Joint Discovery Dispute Letter Regarding ESI Order dispute; Case 5:25-cv-05213-NW Shah v. Politico LLC**

Dear Judge Cousins:

In compliance with the Court's Civil Standing Order regarding Discovery, Plaintiff Vishal Shah and Defendant POLITICO LLC (collectively, the "Parties") submit this joint discovery dispute letter. On January 29, 2026, the Parties held a meet and confer via telephone regarding the entry of an ESI order in this case. Despite this effort, the Parties continue to disagree regarding the issue identified below.

**PLAINTIFF'S STATEMENT:**

Plaintiff requests that the Court enter the Northern District's Model Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation ("Model ESI Order"), as modified by Plaintiff. (Plaintiff requests leave to submit a final proposed ESI Order including a redline against the Model ESI Order.) Politico refuses to enter into any ESI order—model or otherwise—arguing that one is simply not necessary. This position represents another about-face from Politico's position at the January 7, 2026 hearing and serves as yet another tactic to improperly delay discovery for months at a time.

At the January 7, 2026 hearing before this Court, Defendant argued that its failure to produce documents or substantively respond to discovery was justified, in part, because there was no Protective Order or ESI Order in place to protect its data. But Politico forgot to mention that Plaintiff circulated a proposed ESI and PO on September 9, 2025, and requested Politico's prompt edits. Politico refused to give those edits for *months*. Politico continues to refuse to provide edits or negotiate with Plaintiff regarding any ESI Order at all.

Instead, Politico contends that Plaintiff has "not identified any specific deficiency in our proposed approach" to not have a negotiated ESI Order before responsive documents must be searched for and produced. *See* Jan. 29, 2026 Email from X. Zhou to S. Safier. Plaintiff noted this District's favor towards entering ESI Orders *before* discovery disputes arise, as to commit each party to "reasonable ESI protocols and to adhere to mutually agreed procedures." *See* Jan. 29, 2026 Email from S. Safier to X. Zhou. Plaintiff further explained that having an agreed to protocol in place will help avoid future disputes and thereby enhance efficiency.

Given the history of this case—where Defendant has repeatedly delayed production and (now four times) required Court intervention to provide basic discovery responses—a formal order entering the model ESI Order is necessary. And Defendant has articulated no prejudice—other than its own confusion that "the Court does not have a model order governing ESI"—as to why the model ESI Order is insufficient.

Politico variously argues below that "there is no discovery dispute that this time"; and that Plaintiff "has refused to negotiate with Defendant's counsel on the substantive terms of the ESI protocol agreement." It further suggests that the parties are not that far apart on the substantive terms of the ESI protocol. But Politico misses the very point of this dispute—the disagreement regarding whether any ESI protocol (agreed to or not) be entered by the Court. Given the case history, Plaintiff says yes. But Politico refuses to have the Court enter any ESI Order. That is the dispute that Plaintiff wants resolved. If Politico were instead to agree to have the Court enter whatever the parties agree to there would, in fact, be no dispute. But despite protracted discussion, it refuses.[1]

Accordingly, Plaintiff respectfully requests that the Court enter the Northern District's Model ESI order, as modified, to govern discovery in this case. Alternatively, Plaintiff requests that the Court order the parties to further meet and confer, reach agreement on a proposed ESI Order, and submit any remaining disputes to the Court for determination.

**DEFENDANT'S STATEMENT:**

There is no discovery dispute at this time to justify this Court's intervention, as Plaintiff has failed to meet and confer with Defendant regarding the terms that would govern discovery of ESI in this matter. Defendant has offered an extremely reasonable, and typical, compromise regarding Plaintiff's ESI Order request: Defendant has proposed that the parties agree to a fulsome ESI protocol – nearly identical to Plaintiff's proposed ESI order – to govern electronic discovery. This covers the same topics and procedures Plaintiff seeks to memorialize in a court order. Defendant has informed Plaintiff multiple times that it is willing to negotiate a reasonable ESI protocol, but that there is no basis for such protocol to be entered as a court order versus a private agreement between the parties, as the latter is the typical way to govern the ESI process. Defendant has repeatedly asked Plaintiff's counsel to explain the basis for why an ESI order is necessary in this case instead of an ESI agreement between the parties, and Plaintiff has failed to provide a reason. Plaintiff's counsel further has refused to negotiate with Defendant's counsel on the substantive terms of the ESI protocol agreement that Defendant proposed, which largely tracks the language of the Model ESI Order with some changes and styling it as an agreement instead of an order.

Neither the Federal Rules of Civil Procedure nor the Local Rules require entry of a formal ESI order even in cases involving complex e-discovery. Rule 26(b)(1) requires that discovery be proportional to the needs of the case, and courts retain broad discretion in determining whether a

---

[1] Plaintiff still does not understand Politico's reasoning for not wanting a formal ESI order, but fears malintent.

2

formal order is warranted. Where parties can cooperate and agree upon reasonable ESI parameters, judicial intervention (such as an ESI order versus an agreement) is unnecessary.

Indeed, nothing in this District's ESI Guidelines requires parties to enter into an ESI protocol, let alone require an ESI order. By way of example, Guideline 2.01 says "counsel for the parties *should* discuss preservation" (emphasis added). It does not say that parties must agree on preservation efforts and reduce their understanding to an agreement or order. Likewise, Guideline 2.03 provides the "Court strongly *encourages informal discussion* about the discovery of ESI" (emphasis added). Here, the court's guidelines and standing orders mandate nothing along the lines of an ESI agreement or order and only expects the parties to engage in an "informal discussion" about eDiscovery. That falls far short of an agreement or an ESI order. The Rule 26(f) checklist also says the same. That checklist only states that "the Court encourages the parties to engage in on-going meet and confer discussions." It does not mandate an ESI protocol or order. The checklist merely provides a framework for the ESI discussions.

In addition, the Standing Order for all Judges of this District re Contents of Joint Case Management Statement does not require that the parties enter into an ESI protocol or have an ESI order issued by the Court. It only requires the parties to report whether they have read the ESI Guidelines and discussed preservation. There is no directive that a formal order be sought.

Nor is there caselaw to support Plaintiff's insistence on an ESI order in this case. Courts have declined to enter ESI orders absent a demonstrated legal basis or case-specific need, even where the parties jointly requested one. See *FL Distribucion S.A. de C.V. v. Sony Interactive Ent. Am. Trading LLC*, No. 23-mc-80177-PHK, 2023 WL 6541861, at *10 (N.D. Cal. Oct. 6, 2023) ("[T]he Parties may at their option resolve and agree on an ESI protocol by private agreement without need for a Court Order."); *Husidic v. State Farm Fla. Ins. Co.*, No. 3:24-cv-963-WGY-SJH, 2025 WL 2615383, at *1 (M.D. Fla. Sep. 10, 2025) (declining to enter agreed ESI order where no rule or case-specific circumstances required it and finding the parties' agreement sufficient); *Orlando Health, Inc. v. Advanced Diagnostic Group*, No. 6:24-cv-693-JA-LHP, 2024 WL 4025379, at *1 (M.D. Fla. Sep. 3, 2024) (refusing to enter proposed ESI order absent articulated necessity and concluding that a private ESI agreement adequately governed discovery). These decisions reflect judicial recognition that nothing in the procedural rules mandates a formal ESI order, and that party agreement alone is often sufficient to manage electronic discovery.

In *Fl Distribucion USA, LLC v. XYZ*, Judge Kang expressly left it to the parties to determine whether an ESI protocol was appropriate, without requiring entry of a court order. See *Fl Distribucion USA, LLC*, 2023 WL 6541861, at *10 (leaving adoption of ESI protocol to parties' discretion pursuant to court's Discovery Standing Order). Judge Kang's Discovery Standing Order permits the parties to decide whether an ESI protocol or order is warranted and further provides that, if the parties agree an ESI order is not appropriate or feasible, they need only explain that position in their Initial Joint Case Management Statement. *Id.* In other words, the Court requires transparency not a mandatory ESI order.

Plaintiff's claim that Defendant has caused improper delay is just unfounded spin. At the outset, Defendant conferred with Plaintiff and raised with the Court its position that discovery should be stayed pending resolution of the motion to dismiss. After the District Judge ruled that discovery will not be stayed, as well as following the January 7, 2026 discovery hearing before the

3

Magistrate, Defendant proceeded to provide substantive responses to Plaintiff's discovery requests and produced responsive documents. Defendant also carefully reviewed and analyzed Plaintiff's Proposed ESI Order and timely provided substantive responses. Plaintiff is expecting unreasonable turnaround time.

However, Plaintiff refused to engage in a meet and confer about the proposed ESI protocol and maintained that Defendant must agree to entry of an order instead. Defendant has not refused to engage in negotiating the terms of an ESI protocol. To the contrary, Defendant proposed a practical, case-specific ESI agreement consistent with the Federal Rules and this District's practices. Plaintiff's proposed draft ESI order addresses subject areas, such as custodians, search terms, and format of production, that are materially similar to those Defendant is prepared to address through a negotiated agreement. The parties, however, require a reasonable opportunity to confer regarding the appropriate scope and details of those provisions to ensure they are tailored to the needs of this case.

In a January 27, 2026 email, Defendant expressly stated: "We are amenable to the parties agreeing to a reasonable ESI protocol if you believe one would be helpful. We're willing to work cooperatively to address format of production, search terms, custodians, and other standard ESI parameters. We just don't see a need for the protocol to be entered as a court order." Plaintiff responded: "Please get us edits by cob on Friday. If Politico refuses, we will just move the court to enter the model order," citing only the vague "case history" as the basis for court intervention, without further explanation and without engaging with Defendant's proposal.

On February 5, 2026, Defendant circulated a redline version of Plaintiff's proposed ESI protocol for review. Defendant's revisions largely track the Court's Model ESI Order, with targeted modifications tailored to the specific facts and procedural posture of this case. For example, in Section 4 (Preservation), Defendant revised the proposed start date for ESI from January 1, 2016 to 2021, reflecting a proportional and case-specific temporal scope. Plaintiff's proposed date of October 30, 2025 in Section 4(b) for the exchange of ESI is no longer current and would require updating. In Section 6, Defendant also added language clarifying the format for production media to ensure the protocol is practical and workable in this matter.

Before the Parties had an opportunity to meaningfully meet and confer regarding these substantive revisions, Plaintiff sought to proceed with a joint letter to the Court. Defendant is prepared to continue working in good faith to finalize a mutually agreeable protocol. However, to preserve its rights, Defendant joins in submitting this letter.

Defendant respectfully submits that the Parties should first complete a full and substantive meet and confer process before seeking Court intervention, particularly on the threshold issue of whether the ESI protocol should be entered as a Court order rather than memorialized as an agreement between the Parties. Defendant has consistently agreed that an ESI protocol is appropriate in this case. Nothing in the record, however, suggests that the circumstances warrant entry of a formal ESI Order.

These authorities reflect a consistent principle: nothing in the governing rules mandates a formal ESI order, and where parties can cooperatively manage electronic discovery through agreement, a court-entered order is neither required nor presumed. Plaintiff's insistence that

Defendant only agree to the currently proposed ESI Order, however, is not required by the Rules, is not justified by the needs of this case, and is inconsistent with the proportionality principles embodied in Rule 26(b)(1). Nonetheless, Defendant remains committed to cooperating in good faith to streamline discovery, meeting to confer on the ESI protocol and Defendant's proposed protocol, and avoid unnecessary judicial involvement.

That said, in the wake of Judge Wise's February 6, 2026 Order dismissing six of Plaintiff's nine counts in the Complaint, the Court has rescheduled the Initial Case Management Conference to April 21, 2026, and under her rules, the Parties must meet and confer regarding ESI in advance of that conference, with any disputes to be presented to Judge Wise in the joint case management statement. Substantive negotiations regarding an ESI protocol are therefore better addressed through that process, rather than discovery motion practice at this juncture. This is especially appropriate given that the Court granted Defendant's Motion to Dismiss with leave to amend. Because no amended complaint has been filed, the operative claims remain uncertain, making any assessment of the appropriate scope of ESI discovery premature and speculative. Until (and if) Plaintiff files an amended complaint, the Parties cannot adequately evaluate what discovery will be relevant or proportional. The discussion of any ESI protocol should therefore proceed after the pleadings are settled and in accordance with the Court's meet and confer directive.

Finally, Defendant sent a draft protective order to Plaintiff's Counsel on January 15, 2026 to facilitate the orderly progression of discovery. Plaintiff proposed the inclusion of an Attorneys' Eyes Only provision, which Defendant accepted. Defendant circulated a revised draft protective order on January 20, 2026, and followed up 4 times on January 21, 22, 23, and February 2, 2026 with no response from Plaintiff. In Defendant's latest follow-ups on February 2, 2025, Defendant added language to the proposed protective order to address non-waiver under FRE 502(d). To date, Defendant has received no response regarding the status of the proposed protective order.

Accordingly, the Court should deny Plaintiff's request to enter a model order and instead direct the Parties to complete, a substantive meet and confer process, submitting only any genuine, unresolved disputes for the Court's consideration after the pleadings are settled.

Sincerely,

By: _/s/ Seth A. Safier_____
Seth Adam Safier
**GUTRIDE SAFIER LLP**
Attorney for Plaintiff VISHAL SHAH

By: /s/ Danielle Kays
Danielle M. Kays
**FISHER & PHILLIPS LLP**
Attorney for Defendant POLITICO LLC

5