**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
  todd@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VISHAL SHAH, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>                               Plaintiff,<br><br>     v.<br><br>POLITICO LLC,<br><br>                               Defendant. | Case No. 5:25-cv-05213-NW<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date:    May 20, 2026<br>Time:    9:00 a.m.<br>Ctrm:    3, 5th Floor<br><br>The Honorable Judge Noel Wise |

-1-

PLAINTIFF'S MOTION FOR LEAVE TO AMEND – 5:25-CV-05213-NW

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 20, 2026 at 9:00 a.m., or as soon thereafter as the Motion for Leave to File Amended Complaint ("Motion") may be heard, in Courtroom 3 on the 5th Floor of the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, California 95113, Plaintiff Vishal Shah will, and hereby does, move, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file the proposed First Amended Complaint attached hereto as **Exhibit 1** to the Declaration of Marie A McCrary ("McCrary Decl."), filed concurrently. A redline indicating the differences between the First Amended Complaint and the operative Complaint is attached as **Exhibit 2**.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Marie A. McCrary, the pleadings and papers on file and all prior proceedings herein, and such other matters as may be presented to the Court at the time of hearing.[1]

---

[1] Prior to filing this motion, Plaintiff requested Defendant's position on this motion. Defendant responded that "At this time, we do not agree with Plaintiff's motion to seek leave to amend, but we will let you know if we change our position." McCrary Decl. ¶ 4.

## I.    INTRODUCTION

On February 6, 2026, the Court granted Plaintiff Vishal Shah ("Plaintiff") leave to file an amended complaint in its order granting in part and denying in part Defendant Politico LLC's ("Defendant") motion to dismiss. (ECF No. 74.) The Court directed Plaintiff to "file any amended complaint within 21 days of this Order" and specified that Plaintiff could not add new claims or defendants without prior leave of Court. (Id.)

Plaintiff respectfully seeks leave to file a First Amended Complaint ("FAC") to add additional plaintiffs with timely CIPA claims and to correct inadvertent factual and pleading errors in the operative complaint. Although the proposed amendment does not add new claims or defendants, Plaintiff seeks leave in an abundance of caution.

The proposed amendment does not expand the scope of the case, does not add new defendant or any new claims. And it will not require any additional discovery that would cause prejudice or undue delay. The request is also timely, as the Court has not set a trial date or a deadline for class certification. There is no evidence of undue delay, bad faith, or dilatory motive, and the proposed amendment is neither futile nor unfairly prejudicial to Defendant. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Granting leave to amend will promote judicial economy by permitting all timely claims arising from the same alleged conduct to proceed in a single action, rather than forcing duplicative litigation involving the same defendant, evidence, and legal issues. Accordingly, Plaintiff respectfully requests leave to add Plaintiffs Heidi Willis and Stacy Penning (collectively, the "New Plaintiffs").

## II.    BACKGROUND

Plaintiff Shah filed his original complaint on June 20, 2025. After briefing and oral argument on Defendant's Motion to Dismiss, this Court granted in part and denied in part Defendant's motion on February 6, 2026. ECF No. 74. The Court held that Plaintiff adequately alleged claims for violation of privacy, intrusion upon seclusion, and fraud. *Id.* at 7-8 and 10-12. The Court dismissed Plaintiff's CIPA claims as untimely, with leave to amend to allege "facts that

PLAINTIFF'S MOTION FOR LEAVE TO AMEND – 5:25-CV-05213-NW

justified his delay in filing the complaint." (Id. at 8–10.) The Court also dismissed Plaintiff's unjust enrichment claim with leave to amend to "include facts suggesting the unenforceability or invalidity of the contract at issue" (id. at 12–13), Plaintiff's contract claims for failure to sufficiently allege damages (id. at 13–14), and Plaintiff's trespass to chattels claim because Plaintiff did not allege that the cookies affected or impaired his devices (id. at 14–16).

Plaintiff does not have additional facts to allege that would justify his delay in filing the complaint with respect to his own CIPA claims. Instead, to protect the interests of the proposed class, Plaintiff seeks to amend the complaint to add the New Plaintiffs, each of whom has timely CIPA claims.

In addition, the proposed FAC pleads facts addressing the Court's concerns regarding unjust enrichment by alleging the unenforceability and invalidity of the purported contracts at issue. The FAC also removes Plaintiff Shah's contract and trespass to chattels claims, consistent with the Court's Order. Finally, in preparing the amended pleading, Plaintiff's counsel identified and corrected inadvertent factual and pleading errors in the operative complaint.

On February 17, 2026, Plaintiff sent a letter to Defendant stating that the New Plaintiffs did not agree to arbitration of their disputes with Defendant and requesting that if Defendant disagreed, it provide evidence that the New Plaintiffs had notice of and assented to the Website Terms. Defendant failed to do so. Indeed, it did not respond.

## III.    ARGUMENT

### A.    Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend it "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see Foman*, 371 U.S. at 182.

Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman*, 371 U.S. at 182.

Of these factors, the Ninth Circuit has affirmed that "prejudice to the opposing party [] carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Absent prejudice or a strong showing of the other *Foman* factors, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

All of the factors weigh in favor of amendment. This Court should grant Plaintiff leave to amend.

**B.    Leave to Amend Should be Granted.**

**i.  The Amendment Is Not Sought in Bad Faith.**

This amendment is not being sought in bad faith. Bad faith exists where, *inter alia*, the proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999); *DCD Programs*, 833 F.2d at 187 (bad faith exists where party sought leave to amend "to destroy diversity and to destroy the jurisdiction of this court") (internal quotation marks omitted). Bad faith may also exist when a party repeatedly represents to the court that the party will not move to amend its complaint, and subsequently moves to amend once "the proverbial writing was on the wall" that the party will suffer an adverse judgment. *Trans Video Elecs., LTD v. Sony Elecs., Inc.*, 278 F.R.D. 505, 510 (N.D Cal. 2011) (finding bad faith when plaintiff "expressly reaffirmed to this Court on two separate occasions" that it was bringing one claim in patent infringement case, and only moved to amend to add additional claims when briefing on a motion for summary judgment was complete). A court may also find bad faith when the moving party has a "history of dilatory tactics." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001), *superseded by statute on other grounds as stated in Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014). To determine whether bad faith exists, the Court looks to the evidence in the record. *DCD Programs*, 833 F.2d at 187.

The New Plaintiffs seek to join the case to preserve their (and putative class members) CIPA claims and be considered as class representatives. There are no pending motions that could result in an adverse judgment, nor has there been any evidence of "dilatory tactics." Plaintiff's proposed amendment does not seek to add "new but baseless legal theories." *Griggs*, 170 F.3d at 881. Rather, the same claims and the same CIPA causes of action will remain before and after amendment. Thus, there is no bad faith.

### ii.   There Is No Undue Delay.

The proposed amendment is timely. The Court directed Plaintiff to file any amended complaint within 21 days of its February 6 Order, and Plaintiff complied with that order. Setting aside that "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend," discovery is in its earliest stages. *Bowles v. Reade*, 198 F. 3d 752 (9th Cir. 1999). *Cf. Texaco Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (affirming denial of motion for leave to amend because of undue delay where, *inter alia*, moving party sought amendment "eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint," and "after discovery was over, just four and a half months before the trial date"); *Jordan v. Los Angeles County*, 669 F.2d 1311, 1324 (9th Cir. 1982) (affirming denial of motion for leave to amend because of undue delay where the proposed amendment "would have required [the defendant] to conduct extensive, costly discovery in order to respond to the amended complaint"), vacated on other grounds, 459 U.S. 810 (1982); *Kaplan*, 49 F.3d at 1370 (affirming denial of leave to amend because of undue delay where the moving party sought amendment after discovery was completed and trial was only two months away, thereby substantially prejudicing the defendant).

The proposed amendment is therefore timely.

### iii.   Defendant Will Not Be Prejudiced.

The amendment will not prejudice Defendant. Prejudice has been found where the "parties have engaged in voluminous and protracted discovery" prior to amendment, or where "[e]xpense, delay, and wear and tear on individuals and companies" is shown. *Kaplan v. Rose*, 49 F.3d 1363,

1370 (9th Cir. 1994); *see also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387-88 (9th Cir. 1990) (prejudice exists where permitting plaintiff to file an amended complaint will lead to "the nullification of prior discovery," increase 'the burden of necessary future discovery," and the "relitigation of a [previously-decided] suit").

The FAC does not change the operative facts, nor does it add any additional causes of actions or new defendants. Plaintiff seeks to add the New Plaintiffs and describe their use of Defendant's websites. The New Plaintiffs do not change the scope of discovery. Although Plaintiff has served discovery requests on Defendant, no depositions have been taken and document production is incomplete. Indeed, to date, Defendant has produced only a single document. Therefore, this is not a case where the "parties have engaged in voluminous and protracted discovery" prior to amendment. *Kaplan*, 49 F.3d at 1370. Accordingly, Defendant will not be prejudiced by the New Plaintiffs joining the case at this stage.

In fact, if Plaintiff is not permitted to amend the complaint to add the New Plaintiffs, they will file separate lawsuits, which would likely prejudice Defendant more by requiring it to defend related claims in multiple suits. In addition, courts routinely reject any prejudice to the non-moving party when the case is in its early stages. *See, e.g.*, *Jordan v. Advanced Med. Reviews, LLC*, No. 2:21-cv-02039-RGK-JC, 2021 U.S. Dist. LEXIS 93504, at *6-8 (C.D. Cal. May 17, 2021); *Naranjo v. Bank of Am. Nat'l Ass'n*, No. 14-CV-02748-LHK, 2015 U.S. Dist. LEXIS 25899, at *10-14 (N.D. Cal. Feb. 27, 2015).

### iv.   Amendment Is Not Futile.

The proposed amendment is not futile. Amendment is only futile if the proposed FAC could not survive a motion to dismiss or if the plaintiff "could not prevail on the merits." *Smith v. Commanding Officer, Air Force Accounting & Finance Center*, 555 F.2d 234, 235 (9th Cir. 1977). Here, the New Plaintiffs do not seek to add causes of action and the Court has already held that Plaintiff Shah has stated claims for violation of privacy, intrusion upon seclusion, and fraud. ECF No. 74. The FAC does not seek to materially alter the allegations as currently pled and only seeks to add the New Plaintiffs and describe their use of Defendant's websites. *See* Exhibit 2. Further,

PLAINTIFF'S MOTION FOR LEAVE TO AMEND – 5:25-CV-05213-NW

the amendments correct inadvertent factual and pleading errors identified during review of the operative complaint. As such, the proposed amendment is not futile. *See, e.g., Meza v. Coty,* No. 22-cv-05291-NC, ECF No. 39 (N.D. Cal. Aug. 21, 2023); *Ahmadi v. Chertoff*, No. 07-03455 WHA, 2008 U.S. Dist. LEXIS 108555, at *21 (N.D. Cal. Apr. 25, 2008).

Given that the addition of the New Plaintiffs is timely sought, is not done in bad faith, will not prejudice Defendant, and is not futile, Plaintiff requests that leave to amend be granted.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that leave to amend be granted to file the FAC adding Plaintiffs Heidi Willis and Stacy Penning.

DATED:          February 27, 2026

**GUTRIDE SAFIER LLP**

*/s/ Marie A. McCrary /*
Seth A. Safier (State Bar No. 197427)
   seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
   marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
   todd@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR LEAVE TO AMEND – 5:25-CV-05213-NW