UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VISHAL SHAH,

        Plaintiff,

    v.

POLITICO LLC,

        Defendant.

Case No. 25-cv-05213-NW

**ORDER DENYING POLITICO'S MOTION TO STAY**

Re: ECF No. 76

Before the Court is Politico LLC's motion to stay discovery pending a ruling from the California Court of Appeal, Second Appellate District, in *Variety Media, LLC v. the Superior Court of Los Angeles County*, Case No. B350578 (the "Variety Appeal"). Both parties agree that the Variety Appeal will address whether California's pen register statute, Cal. Penal Code § 638.51, applies to certain internet tracking technologies. While Plaintiff's fourth cause of action in the complaint arose under § 638.51, the Court dismissed that count on February 6, 2026, on statute of limitations grounds. Accordingly, the outcome of the Variety Appeal will not have any impact on this case. Additionally, and as Plaintiff points out in the opposition:

> Even if Shah's § 638.51 claim is reinstated and/or additional plaintiffs, with timely CIPA claims, are added to this case, the limited issue being considered in *Variety* would, at most, be persuasive authority with respect to their CIPA claim under § 638.51, but will otherwise have *no bearing whatsoever* on the vast majority of claims and issues in this case. Accordingly, a stay of the entire litigation is unwarranted, and, if granted, would severely prejudice Plaintiff and those similarly situated.

Opp. at 1 (emphasis in original).

The Court agrees with Shah. There is no reason to stay discovery in this action when the disposition of the Variety Appeal will have little (if any) effect on the claims currently before the

Court.  Politico's motion is DENIED, and the Court directs the parties to immediately proceed with discovery.[1]

**IT IS SO ORDERED.**

Dated: March 4, 2026

_____
Noël Wise
United States District Judge

---

[1] In its reply brief, Politico contends that the Court did not "require POLITICO to produce discovery" when it denied Politico's motion for relief from Judge Cousins' order denying Politico's motion to stay discovery.  ECF No. 86 at 4.  Politico is incorrect.  Without an order staying this case (or even a pending motion asking for such relief), Politico has an obligation to timely respond to Shah's discovery requests.  When the Court denied Politico's motion, that obligation persisted.  Regardless, to avoid any future doubt, this Order expressly directs Politico to begin meaningful engagement in the discovery process immediately.

2