USAMA KAHF (SBN 266443)
E-Mail: ukahf@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

XUAN ZHOU (SBN 333504)
E-Mail: xzhou@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Dr. Suite 1000
San Diego, CA  92121
Telephone: (858) 597-9632

Attorneys for Defendant
POLITICO LLC

*Additional counsel listed on next page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE

| | |
|---|---|
| VISHAL SHAH, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POLITICO LLC,<br><br>Defendant. | Case No: 5:25-cv-05213-NW<br><br>**NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING**<br><br>Complaint Filed:    June 20, 2025<br>Trial Date:       Not Set |

1

DEBORAH A. HEDLEY (SBN 276826)
E-Mail: dahedley@fisherphillips.com
**FISHER & PHILLIPS LLP**
21600 Oxnard Street, Suite 700
Woodland Hills, CA  91367
Telephone: (818) 230-4250
Facsimile: (818) 230-4251

CATHERINE M. CONTINO (*PRO HAC VICE*)
E-Mail: ccontino@fisherphillips.com
**FISHER & PHILLIPS LLP**
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA  19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

DANIELLE KAYS (*PRO HAC VICE*)
E-Mail: dkays@fisherphillips.com
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

2

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 3, 2026, at 11:00 a.m., in Courtroom 5, 4th Floor, before the Honorable Nathanael M. Cousins, United States Magistrate Judge, located at 280 South 1st Street, Room 2112, San Jose, CA 95113, Defendant POLITICO LLC moves this Court to stay the case, or in the alternative, for a status conference before Judge Noël Wise.

This Motion is made pursuant to the Court's inherent authority to control its docket, including the power to stay proceedings in the interest of judicial economy, efficiency, and fairness, as recognized in Landis v. North American Co., 299 U.S. 248 (1936), Civil Local Rule 7, and related Ninth Circuit authority.

Defendant requests a stay of all deadlines pending resolution of Plaintiff's motion for leave to amend. Defendant further requests that all deadlines be vacated and reset after the Court determines the operative pleading and party structure. In the alternative, Defendant requests a status conference before Judge Noël Wise.

This Motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; Requests for Judicial Notice; all pleadings and papers on file in this action; and such further argument or evidence as may be presented to the Court.

Dated:  May 28, 2026                     FISHER & PHILLIPS LLP


                                          By: /s/ Usama Kahf
|  |  |
|---|---|
|  | USAMA KAHF |
|  | DANIELLE KAYS (*PRO HAC VICE*) |
|  | CATHERINE M. CONTINO (*PRO HAC VICE*) |
|  | XUAN ZHOU |
|  | Attorneys for Defendant |
|  | POLITICO LLC |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

# **TABLE OF CONTENTS**

**Page(s)**

I.     INTRODUCTION ........................................................................................1

II.    FACTUAL BACKGROUND...................................................................1

III.   LEGAL ARGUMENT ...............................................................................4

    A.    Legal Standard...............................................................................4

    B.    Discovery Must Be Stayed and a Protective Order Must Be Issued Because the Operative Pleading, Identity of Plaintiffs, and Substantive Allegations are Unsettled ...................................................................5

    C.    POLITICO Has and Will Continue to Suffer Prejudice If Discovery Proceeds.............................................................................................6

    D.    A Stay Favors Judicial Economy and Effectively Managing Discovery ............................................................................................................10

    E.    In the Alternative, POLITICO Requests a Status Conference................11

IV.    CONCLUSION..........................................................................................11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
   465 F.3d 946 (9th Cir. 2006) ...................................................................................9

*Biovail Lab'ys, Inc. v. Anchen Pharms., Inc.*,
   463 F. Supp. 2d 1073 (C.D. Cal. 2006) ...................................................................5

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ...................................................................................4

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ...................................................................................6

*Grano v. Sodexo Mgmt., Inc.*,
   335 F.R.D. 411 (S.D. Cal. 2020) .............................................................................5

*Howse v. Chiquita Canyon, LLC*,
   757 F. Supp. 3d 1049. (C.D. Cal. 2024) ..................................................................7

*Jackson v. Bank of Hawaii*,
   902 F.2d 1385 (9th Cir. 1990) ..............................................................................7, 9

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)..................................................................................................4

*Leyva v. Certified Grocers of California, Ltd.*,
   593 F.2d 857 (9th Cir. 1979) ...................................................................................4

*Lockheed Martin Corp. v. Network Sols., Inc.*,
   194 F.3d 980 (9th Cir. 1999) ...................................................................................7

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) .................................................................................5

*In re Netflix Antitrust Litig.*,
   506 F. Supp. 2d 308 (N.D. Cal. 2007).................................................................4, 10

*Priddy v. Edelman*,
   883 F.2d 438 (6th Cir. 1989) ...................................................................................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

*Rivers v. Walt Disney Co.*,
  980 F. Supp. 1358 (C.D. Cal. 1997) ............................................................................... 10

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) ....................................................................................... 5

*Scognamillo v. Credit Suisse First Bos., LLC*,
  587 F. Supp. 2d 1149 (N.D. Cal. 2008) ....................................................................... 9

*Tabas v. MoviePass, Inc.*,
  401 F. Supp. 3d 928 (N.D. Cal. 2019) ......................................................................... 6

**Other Authorities**

Fed. R. of Civ. P. 26 .......................................................................................................... 9

Fed. R. Civ. P. 26(c) .......................................................................................................... 5

Fed. R. Civ. P. 1 .............................................................................................................. 11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE
ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

## I.      **INTRODUCTION**

Plaintiff seeks to fundamentally reshape this case by asking this Court add additional plaintiffs, all the while insisting that class action discovery must proceed even though there is no operative complaint and the named plaintiffs are undetermined. Discovery under these circumstances is neither orderly nor fair. Plainly, it is asymmetric, inefficient, and prejudicial to Defendant. Plaintiff seeks a tactical benefit of expanding the plaintiff group without the burden of litigating on a fixed and settled pleading. POLITICO should not be required to conduct discovery (including producing its executive for deposition) against an unknown and shifting set of plaintiffs with unknown claims, from which it cannot conduct discovery. Until the Court determines the operative pleading, discovery is and has been prejudicial to Defendant, distorted, unbalanced, and wasteful. Allowing discovery to proceed will result in inefficiencies with respect to this court and the parties and will impose needless costs and confusion.

Therefore, POLITICO requests a stay of the case as well as discovery pending resolution of Plaintiff's Motion for Leave to Amend. (Dkt. 85.) POLITICO further requests that all discovery-related deadlines be stayed and reset after the Court determines the operative pleading and composition of the parties. Alternatively, POLITICO requests the Magistrate refer the case to Judge Wise for a status hearing.

## II.      **FACTUAL BACKGROUND**

Plaintiff Vishal Shah filed his Complaint on June 20, 2025. (*See* Dkt. 1.) POLITICO filed a Motion to Dismiss, arguing that Plaintiff lacked Article III standing, his claims under the California Invasion of Privacy Act ("CIPA") were time-barred, and he failed to state a clam as to his remaining claims. (*See* Dkt. 18.) On February 6, 2026, this Court dismissed 6 of 9 Shah's claims, including Plaintiff's CIPA Wiretap and CIPA Pen Register causes of action finding that it was untimely for Plaintiff to wait 326 days to file his Complaint after the arbitrator found the dispute was not subject to arbitration. (*See* Dkt. 74.) The Court's dismissal Order effectively dismissed all claims with statutory damages and potential attorneys' fee awards, thus requiring Plaintiff Shah to prove

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

damages under a common law tort theory (which Defendants posit Plaintiff will not be able to prove and severely guts Shah's claim).

The Court ordered: "Plaintiff may not add any new claims or defendants without prior leave of court." (Dkt. 74, p. 16.) The Court further granted Plaintiff leave to amend only to "allege facts that justified his delay in filing the complaint." *Id*. However, he did not do so—and cannot. Instead, in response, Plaintiff Shah sought leave to amend to add two new plaintiffs to assert CIPA claims rather than addressing his own untimely claim. (*See* Dkt. 85.)

Despite clear direction from this Court, Plaintiff did not supplement allegations in his proposed First Amended Complaint ("FAC") to explain why he waited 326 days (from July 29, 2024 to June 20, 2025) to file his complaint and CIPA claims. (*See generally* Dkt. 85, Exhibit 1, hereinafter referred to as "FAC"). Instead, Plaintiff seeks leave to add two other potential plaintiffs, Heidi Willis and Stacy Penning, who allege they were unaware of their potential CIPA claims until they were informed by their Counsel of their CIPA claims in January 2026. (*See* FAC, ¶ 16.)  This allegation does not fix untimeliness or the legal flaws in the original complaint. Indeed, POLITICO opposes Plaintiff's Motion for Leave to Amend because the amendment is futile; specifically, (1) the CIPA claims of Plaintiff Shah and the potential Plaintiffs also are time-barred, as their allegations still do not support equitable tolling; (2) the allegations of Willis and Penning make it impossible for them to be members of the putative class, as no consent banner was in place on the dates they allege to have visited the website, and their remaining allegations regarding their website visits lack specificity; and (3) even if the allegations of Willis and Penning were true, they fail to adequately plead the discovery rule for their CIPA claims and their allegations are time-barred on their face. (*See* Dkt. 92.)

As a result of the procedural realities of this case, the core facts, allegations, and claims remain uncertain. Although the court allowed some of Plaintiff's claims to proceed, the operative complaint has been unknown since February 6, 2026. Discovery has been underway, despite dispositive motions pending and to great detriment and

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

prejudice against POLITICO. Indeed, on May 19, 2026, Plaintiff served a 30(b)(6) deposition notice as well as deposition notices for two (2) POLITICO employees.

POLITICO believes both Plaintiff Shah and the proposed additional Plaintiffs have *many legal deficiencies* that are fatal to their claims, in addition to *untimeliness of all potential plaintiffs*. However, POLITICO cannot fairly and sufficiently defend itself from these complex, putative class-action claims without the ability to identify the operative Plaintiff(s) and their claims and discover information from them (since the proposed new plaintiffs are not parties) about their vague visits and claims. Indeed, POLITICO is greatly disadvantaged because it is required to respond to discovery and defend depositions for a putative class action case that continues to become more fact-intensive, complex, and costly. Discovery directed to Plaintiff Shah may be incomplete or obsolete, given the court's dismissal of Plaintiff's key claims, including his CIPA claim (which dismissed the only claims that can permit statutory damages and attorneys' fees). Without knowing if there is a pending CIPA claim or other claim, POLITICO is unaware of the standards of law asserted against it and cannot seek discovery about potential key claims against it. Moreover, POLITICO cannot defend itself by conducting discovery towards the potential plaintiffs unless and until they become parties to this case. POLITICO cannot determine key facts about the plaintiffs to support its arguments and defenses or notice depositions for individuals who are not yet plaintiffs—or, for that matter, may never be plaintiffs pending the court's decision on Plaintiff's Motion for Leave to Amend.

Due to the uncertainty surrounding Plaintiff Shah's claims, POLITICO is being asked to provide depositions (including one of its executives) but does not have key information about whether the proposed plaintiffs even visited its website or did so within the statute of limitations. POLITICO should be entitled to vet the claims against it and know and seek discovery from the operative plaintiffs before producing its executive and witnesses for depositions in a complex, putative class action. Additionally, if the claims against it and parties change, POLITICO may need to depose Plaintiff and other proposed parties multiple times, resulting in additional costs to POLITICO. Because of these

challenges, POLITICO cannot fairly defend itself, plan depositions, answer written discovery, identify custodians, or prepare its strategy for defense without identification of who are the plaintiffs. It is axiomatic that POLITICO is entitled to know who is suing it and the claims against it in this putative class action lawsuit, and the Court should not require to Defendant to continue to litigate in a procedural fog.

Indeed, while counsel has continued to confer on discovery, on May 12, counsel for Shah agreed to temporarily postpone discovery discussions until after the previously scheduled hearing date on Plaintiff's Motion for Leave to Amend (though the Court subsequently struck that hearing date (Dkt. 101). And while Plaintiff opposes this motion to stay,[1] citing the Court's prior denials of a motion to stay pending the decision on Defendant's motion to dismiss the original complaint and a motion to stay pending an appeal in another case, the Court has not decided the issue at hand—the unfair prejudice to Defendant in engaging in one-sided discovery.

III.   **LEGAL ARGUMENT**

A.   **Legal Standard**

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 865 (9th Cir. 1979). Thus, district courts have broad discretion to stay discovery. *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (staying a case is left to the "sound discretion" of a trial court).

---

[1] In compliance with Magistrate Judge Cousins' standing order, the parties met and conferred regarding this Motion on May 22, 2026. Unfortunately, the parties were unable to reach a solution.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

Before granting a stay, a court must weigh "the competing interests which will be affected by the granting or refusal to grant," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Further, courts have held that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

A party seeking a protective order must show "good cause" for its issuance. Fed. R. Civ. P. 26(c). Therefore, the party seeking the order bears the burden of to show that a particular prejudice or harm if a protective order is not granted. *Biovail Lab'ys, Inc. v. Anchen Pharms., Inc.*, 463 F. Supp. 2d 1073, 1079 n. 4 (C.D. Cal. 2006). A district court has "wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection." *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. 2020) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). Here, a stay and protective order are warranted because they will ensure the operative Plaintiffs are revealed before meaningful discovery continues, which will promote efficient case management and avoid prejudice and the disproportionate application of justice.

**B.      Discovery Must Be Stayed and a Protective Order Must Be Issued Because the Operative Pleading, Identity of Plaintiffs, and Substantive Allegations are Unsettled**

Discovery cannot be managed while the basic contours of the case remain undefined. Therefore, the court must first determine what is being litigated to ensure all parties are on a level playing field. Plaintiff's Motion for Leave to Amend seeks to fundamentally change the structure of this case through the addition of new plaintiffs and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

new allegations. Until that motion is decided, neither the Court nor POLITICO knows (1) who plaintiffs will be; (2) what facts and defenses will be relevant; or (3) what discovery will be necessary and proportional. Discovery cannot proceed on an unstable and potentially obsolete pleading and claims.

Courts in this District routinely stay discovery pending the filing of an amended pleading. In *Smith v. Intel Corp.*, the court stayed discovery pending an amended filing, finding that there was "good cause to temporarily stay discovery until it is clear if any claims will proceed based on Plaintiffs' amendments." 745 F. Supp. 3d 853, 868 (N.D. Cal. 2024). There is also precedent for staying the claims of named plaintiffs pending an amended pleading that seeks to add new parties. In *Tabas v. MoviePass*, the court stayed individual claims of the named plaintiffs pending arbitration while allowing the claims of newly added plaintiffs to proceed only after granting plaintiff's motion for leave to amend. *Tabas v. MoviePass, Inc.*, 401 F. Supp. 3d 928, 942 (N.D. Cal. 2019). This decision demonstrates that courts reasonably should stay full or partial discovery when individual claims present distinct legal obstacles.

Here, the scope of the action is unsettled and uncertain. Plaintiff's pending Motion for Leave to Amend will materially reshape the case, should it be granted or denied. While the basic claims of the case remain in flux, POLITICO respectfully requests this Court exercise its case management authority to stay discovery and issue a protective order to ensure the case proceeds in an orderly and proportionate matter.

C.    **POLITICO Has and Will Continue to Suffer Prejudice If Discovery Proceeds**

POLITICO now is expending significant resources responding to discovery – yet, because Plaintiff is simultaneously attempting to redefine the case, POLITICO is unable to strategically frame discovery and target discovery to actual plaintiffs and the actual (unknown) claims in dispute while the operative complaint remains in flux.

California federal courts recognize the prejudicial effect when an amendment to a pleading adds or substitutes parties while discovery is ongoing. *See DCD Programs, Ltd.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

*v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party."); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980 (9th Cir. 1999) (finding prejudice where plaintiff sought to add new parties because doing so would require defendant to conduct discovery on each new party); *Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990) (finding that "[p]rejudice to the opposing party is the most important fact" when considering a motion to amend). In a case from the Central District of California, the court granted a stay in discovery after granting consolidation of numerous nuisance lawsuits and allowing plaintiffs to amend their complaints. *Howse v. Chiquita Canyon, LLC*, 757 F. Supp. 3d 1049, 1071-72. (C.D. Cal. 2024). There, the court recognized the large amount of discovery required and the need to coordinate discovery with multiple plaintiffs. *Id*.

Here, POLITICO risks duplicating discovery by having to give depositions of POLITICO's executive and witnesses before it can even obtain basis information from the unknown potential plaintiffs, depending on the outcome of Plaintiff's Motion for Leave to Amend. Furthermore, POLITICO has already propounded discovery on Plaintiff Shah and it appears Shah has substantial deficiencies in his claims—POLITICO expects the proposed additional plaintiffs have the same deficiencies, and POLITICO should be able to discover, identify, and defend itself from these deficiencies before it has to continue to expend extensive, additional resources on lopsided discovery.

Additionally, discovery and strategy will change depending on the claims ultimately at issue. Plaintiff Shah has only three intentional tort claims pending which each have different legal elements and standards. But, for these tort claims—invasion of privacy, intrusion upon seclusion, and fraud—Plaintiff expressly relies on the allegations related to the dismissed causes of action by realleging and incorporating all prior allegations. (Dkt. 1 ¶¶ 92, 104, and 145.) How can discovery to proceed on these claims when they are directly dependent on Plaintiff's allegations related to his dismissed causes of action?

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

Thus, if additional plaintiffs are added, POLITICO also will incur duplicative, additional costs and the burden from repeated document collection and review and deposing additional parties. On one hand, POLITICO cannot yet even identify the plaintiffs and if necessary, seek discovery from them; yet it is being asked to give depositions and extensive discovery to the Plaintiff. Plaintiff served deposition notices on POLITICO, but POLITICO cannot do the same. POLITICO cannot similarly notice depositions without knowing critical case information: who the plaintiffs are and what claims they are asserting. It is truly handcuffed from fully litigating this matter, unlike Plaintiffs, who have no limitations, including by seeking discovery on dismissed claims. Furthermore, if additional plaintiffs are added, POLITICO will be required to again serve discovery on these new plaintiffs and begin again its process of developing its strategy for defense of the new plaintiffs' claims. In short, POLITICO is at a strategic disadvantage as it has been forced to reveal merits information while the Plaintiff's side remains unsettled and opaque. The prejudice POLITICO has and will continue to suffer as a result of these inequities is not an abstract inconvenience; rather, this is a real and immediate litigation prejudice directly caused by the unsettled nature of the pleadings and an uncertainty surrounding the parties to the case. These burdens are avoidable and unjustified.

The primary prejudicial effect of discovery continuing while the operative complaint and plaintiffs remain unsettled is tactical asymmetry, creating imbalance between the parties and prejudice to POLITICO. Plaintiff attempts to obtain discovery while preserving the ability to redefine who the plaintiffs are and their factual allegations. POLITICO, in contrast, is required to respond to discovery, prepare defenses, assess witnesses, and formulate strategy without knowing the full scope of the case. Plaintiff has an advantage—he can seek discovery from POLITICO while insulating himself behind the unresolved Motion for Leave to Amend. POLITICO, on the other hand, cannot conduct reciprocal discovery on equal terms. Defendant cannot fully assess the background, claims, documents, and damages theories of proposed new plaintiffs until

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

the Court decides whether they belong in the case. Furthermore, it cannot intelligently sequence depositions or written discovery without knowing who the plaintiffs will be.

Indeed, courts recognize the severe prejudice against a party when a plaintiff shifts the focus or theory of her case. *See, e.g. Scognamillo v. Credit Suisse First Bos., LLC*, 587 F. Supp. 2d 1149 (N.D. Cal. 2008) (finding significant prejudice where proposed amendment would "nullif[y] prior discovery [and] impose[] the burden of necessary future discovery," requiring "extensive additional discovery on entirely new topics and the redeposition of witnesses."); *Jackson*, 902 F.2d at 1388 (relying on *Priddy v. Edelman,* 883 F.2d 438, 447 (6th Cir. 1989)) ("Putting the defendants 'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.'"); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946 (9th Cir. 2006) (finding prejudice where amendment introduced a new theory that "would have unfairly imposed potentially high, additional litigation costs on [defendant] that could have easily been avoided had [plaintiff] pursued its 'tainted product' theory in its original complaint or reply"). Plaintiff should not be permitted to expand the theory of the case while forcing POLITICO to litigate in the dark.

Without settled plaintiffs, the case management is disproportionate and unfairly favors Plaintiff, frustrating the purpose of Fed. R. of Civ. P. 26. ("The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case."). Before discovery can be proportional, the case must be clearly defined. Until that definition is achieved, a discovery plan is mere guesswork. Discovery burdens depend on the number and nature of plaintiffs. The likely custodians, document sources, relevance inquiries, and depositions needs depend on which plaintiffs are parties to the case. The court cannot effectively supervise discovery where the case boundaries are unresolved.

Plaintiff will not suffer any cognizable prejudice from a short stay of discovery. The requested stay is temporary and targeted, as the case would only be stayed until the

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

Court decides the motion for leave to amend. Plaintiff cannot claim he is unfairly prejudiced from a brief pause needed to determine the proper parties and operative pleading. As soon as the court rules, discovery can proceed efficiently on a settled record and with an operative pleading. Preservation obligations remain in place, and there is no risk that a brief stay would result in a deprivation of evidence.

### D.    A Stay Favors Judicial Economy and Effectively Managing Discovery

The sensible course is to first decide who the plaintiffs are and what claims govern. Discovery must follow that determination—not precede it. Staying discovery at this stage would avoid continued disputes over scope, repeated discovery amendments, and piecemeal motion practice. All of these reasons would help the court manage the case effectively and fairly based on the actual operative complaint and would promote an orderly schedule after pleadings are settled. Courts regularly allow a stay on the grounds that it would "serve the interests of judicial economy." *See*, *e.g. Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) (granting stay of proceedings pending decision on consolidation); *In re Netflix*, 506 F. Supp. 2d at 321 (recognizing that "discovery could indeed prove expansive if allowed to proceed.")

Furthermore, requiring discovery to continue before an operative complaint is on file will result in waste, duplication, and unnecessary work on behalf of both parties and the court. The court must not permit discovery to proceed on a moving record only to require the parties to complete the process again once the pleading dust settles. A short stay now avoids significant costs later. If discovery is not stayed and the motion for leave to amend is granted, written discovery will need to be supplemented and redrafted. In particular, party-specific discovery will be required if new plaintiffs are joined to the case. Further, it is likely that ESI collection and custodians may expand and the protocol may require amendment. If leave to amend is denied and discovery continues, discovery taken during this time may have been broader than necessary. In either scenario, immediate discovery risks duplication and inefficiency, which is a problem for both parties and this court.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

Continuing to proceed with discovery, with the parties on unequal footing, imposes needless burden on this court and the parties. Discovery cannot proceed fairly, proportionally, or efficiently until the court decides that motion. Therefore, a short stay of discovery and corresponding protective order must be issued by this court.

### E.    In the Alternative, POLITICO Requests a Status Conference

If the court is unwilling to grant a stay of all deadlines in this case, POLITICO respectfully requests a status conference to address pending deadlines, issues giving rise to the requested stay, and an appropriate case management schedule. A status conference would permit the parties to advise the Court regarding outstanding discovery disputes to allow the Court to determine whether any deadlines should be stayed, extended, or otherwise modified, and promote the "just, speedy, and inexpensive determination" of this action consistent with Federal Rule of Civil Procedure 1. Pending the status conference and the Court's further order, POLITICO further requests that the Court temporarily suspend the deadlines at issue, or at minimum direct that no party will be prejudiced by the brief interval necessary for the Court to hear from the parties and enter an appropriate scheduling order.

## IV.    CONCLUSION

POLITICO respectfully requests this Court stay all discovery pending the resolution of Plaintiff's Motion for Leave to Amend and issue a corresponding protective order vacating existing discovery deadlines and requiring the parties to submit a revised schedule after the court rules on the Motion.

In the alternative, POLITICO requests the Magistrate refer the case to Judge Wise for a status hearing.

Dated:  May 28, 2026

FISHER & PHILLIPS LLP

By: /s/ Usama Kahf

USAMA KAHF
DANIELLE KAYS (*PRO HAC VICE*)
CATHERINE M. CONTINO (*PRO HAC VICE*)
XUAN ZHOU
Attorneys for Defendant
POLITICO LLC

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING

FP 64182281.1

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On May 28, 2026 I served the foregoing document entitled **NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A STATUS HEARING** on all the appearing and/or interested parties in this action addressed as follows:

Seth Adam Safier
Marie Ann McCrary
Todd Kennedy
Andreas Moffett
GUTRIDE SAFIER LLP
100 Pine Street, Suite 1250
San Francisco, California 94111

*Attorneys for Plaintiff*
*VISHAL SHAH*

Tel:        415.639.9090
Fax:        415.449.6469
Email:      seth@gutridesafier.com
            marie@gutridesafier.com
            todd@gutridesafier.com
            andreas@gutridesafier.com

☒    **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐    **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed May 28, 2026 at Irvine, California.

Stephanie A. Crisp
_____
Print Name

By: _____
Signature

FP 64182281.1