USAMA KAHF (SBN 266443)
E-Mail: ukahf@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DANIELLE KAYS (*PRO HAC VICE)*
E-Mail: dkays@fisherphillips.com
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

CATHERINE M. CONTINO (*PRO HAC VICE)*
E-Mail: ccontino@fisherphillips.com
**FISHER & PHILLIPS LLP**
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

XUAN ZHOU (SBN 333504)
E-Mail: xzhou@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Dr. Suite 1000
San Diego, CA 92121
Telephone: (858) 597-9632

Attorneys for Defendant
POLITICO LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE**

| | |
|---|---|
| VISHAL SHAH, HEIDI WILLIS, and STACY PENNING, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POLITICO LLC,<br><br>Defendant. | Case No: 5:25-cv-05213-NW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT POLITICO LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: June 20, 2025<br>FAC Filed: June 4, 2026<br>Trial Date: Not Set |

Pursuant to Federal Rule of Evidence 201, Defendant POLITICO LLC respectfully requests that the Court take judicial notice of the following documents in support of its Motion to Dismiss Plaintiffs' First Amended Complaint. Judicial notice is appropriate when the following documents can be "accurately and readily determined" from the exhibits attached hereto and the accuracy of those exhibits "cannot reasonably be questioned." Fed. R. Evid. 201(b).

1. Exhibit A – A true and correct copy of the petition in *Shah v. POLITICO LLC*, Case No. 4:25-cv-01338 (N.D. Cal. Feb. 7, 2025), ECF No. 1, including sub-exhibits A through C attached to the petition. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

   a. Sub-Exhibit A – Decision Re: Non-Arbitrability issued by Arbitrator Hon. Gary Nadler (Ret.), dated July 29, 2024.

   b. Sub-Exhibit B – Complaint and Demand for Arbitration filed by Plaintiff Vishal Shah on December 21, 2023.

   c. Sub-Exhibit C – Notice of Closing File issued by JAMS Associate Business Manager John M. Peterson, dated August 21, 2024.

2. Exhibit B – A true and correct copy of the Order to Show Cause and Vacating July 2, 2025 Initial Case Management Conference in *Shah v. POLITICO LLC*, Case No. 4:25-cv-01338 (N.D. Cal. Feb. 7, 2025) dated June 27, 2025, ECF No. 33.

3. Exhibit C - A true and correct copy of Stipulation of Voluntary Dismissal without Prejudice in *Shah v. POLITICO LLC*, Case No. 4:25-cv-01338 (N.D. Cal. Feb. 7, 2025) dated July 2, 2025, ECF No. 36.

4. Exhibit D – A true and correct copy of the complaint filed in *Hernandez-Mendoza et al. v. The Trade Desk, Inc.*, No. 4:25-cv-02923, filed on March 28, 2025, in the United States District Court for the Northern District of California, ECF No. 1. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

5. Exhibit E – A true and correct copy of the complaint filed in *Penning et al. v. Microsoft Corporation*, No. 2:25-cv-00570, filed in the United States District Court for the Western District of Washington on April 1, 2025, ECF No. 1. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

6. Exhibit F – A true and correct copy of the complaint filed in *Timothee et al. v. Meta Platforms, Inc. et al.*, No. 3:25-cv-05106, filed on June 17, 2025, in the United States District Court for the Northern District of California, ECF No. 1. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

7. Exhibit G – A true and correct copy of the complaint filed in *Nieves et al. v. Microsoft Corporation*, Case No. CGC-25-629612, filed on September 25, 2025, in the Superior Court of California, County of San Francisco, which was subsequently removed to the United States District Court for the Northern District of California and assigned Case No. 3:25-cv-10557. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

8. Exhibit H – A true and correct copy of the complaint filed in *Penning v. NVIDIA Corporation*, No. 3:25-cv-09160, filed on October 24, 2025, in the United States District Court for the Northern District of California, ECF No. 1. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

9. Exhibit I – A true and correct copy of the complaint filed in *Barrales et al. v. Reckitt Benckiser LLC*, No. 5:25-cv-10643, filed on December 12, 2025, in the United States District Court for the Northern District of California, ECF No. 1. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

10. Exhibit J – A true and correct copy of the second amended complaint filed in *Penning v. Insurance Zebra, Inc. d/b/a The Zebra*, No. 3:25-cv-03531-WHO, filed on December 19, 2025, in the United States District Court for the Northern District of California, ECF No. 46. The existence, filing date, and allegations reflected in the second amended complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

11. Exhibit K – A true and correct copy of the complaint filed in *Ostini et al. v. IGN Entertainment, Inc.*, No. 5:26-cv-01375, filed on February 16, 2026, in the United States District Court for the Northern District of California, ECF No. 1. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

12. Exhibit L – A true and correct copy of the complaint filed in *Penning v. Aura Health, Inc.*, No. CGC-24-616888, filed on July 31, 2024, in the Superior Court of California, County of San Francisco. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

13. Exhibit M – A true and correct copy of the complaint filed in *Penning. v. Newsmax Media, Inc.*, No. C25-03688, filed on December 16, 2025, in the Superior Court of California, County of Contra Costa, which was subsequently removed to the United States District Court for the Northern District of California and assigned Case No. 4:26-cv-01059. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

14. Exhibit N – A true and correct copy of the First Amended Complaint filed in *Penning v. WebMD LLC*, No. C25-01456, filed on February 27, 2025, in the Superior Court of California, County of Contra Costa, which was subsequently removed to the United States District Court for the Northern District of California and assigned Case No. 3:25-cv-5992. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

15. Exhibit O – A true and correct copy of the complaint filed in *Kristin Baker and Stacy Penning, et al. v. Healthy Web Inc. et al.*, No. 26STCV13931, filed on April 30, 2026, in the Superior Court of California, County of Los Angeles. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

16. Exhibit P – A true and correct copy of the complaint filed in *Penning v. Ashley Global Retail, LLC*, No. C26-01109, filed on April 1, 2026, in the Superior Court of California, County of Contra Costa. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

17. Exhibit Q – A true and correct copy of the complaint filed in *Penning v. Fairway Independent Mortgage Corporation*, No. C26-03586, filed on December 4, 2025, in the Superior Court of California, County of Contra Costa. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

18. Exhibit R – A true and correct copy of the complaint filed in *Penning v. Albertsons Co., Inc.*, No. C26-01105, filed on April 1, 2026, in the Superior Court of California, County of Contra Costa, which was subsequently removed to the United States District Court for the Northern District of California and assigned Case No. 3:26-cv-04340. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

19. Exhibit S – A true and correct copy of the complaint filed in *Penning v. Epson America, Inc.*, No. C26-01106, filed on April 1, 2026, in the Superior Court of California, County of Contra Costa. The existence, filing date, and allegations reflected in the complaint are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

20. Exhibit T – A true and correct copy of the Order Granting Defendant's Motion to Dismiss in *Schallert v. Laird Superfood, Inc.*, No. 2:25-cv-12407-SPG-PVC (N.D. Cal. June 5, 2026, ECF No. 33). The existence, filing date, and allegations reflected in the Order are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

21. Exhibit U – A true and correct copy of California Assembly Bill No. 929, 2015-2016 Regular Session. Judicial notice is proper under Federal Rule of Evidence 201, which provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A federal court must take judicial notice of facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

22. Exhibit V – A true and correct copy of California Assembly Bill No. 1242, 2021-2022 Regular Session. Judicial notice is proper under Federal Rule of Evidence 201, which provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A federal court must take judicial notice of facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

23. Exhibit W – A true and correct copy of the Order sustaining Defendant's Demurrer in *Blaker v. Netscout Systems, Inc.*, No. 25STCV31283 (Cal. Super. L.A. Cnty. May 27, 2026). The existence, filing date, and allegations reflected in the Order are not subject to reasonable dispute because they are matters of public court record and may be noticed for the fact of filing and the statements made therein.

It is well established that federal courts may take judicial notice of related state court orders and proceedings. *See Dawson v. Mahoney,* 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); *see also United States v. Black,* 482 F.3d 1035, 1041 (9th Cir. 2007) (stating that an appellate court "may take notice of proceedings in other courts, both within and

without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Farahani v. Floria,* No. 12–CV–04637–LHK, 2013 WL 1703384, *1 n. 1 (N.D. Cal. Apr. 19, 2013) ("The remaining documents submitted for judicial notice are all documents filed in previous and concurrent lawsuits, which are similarly suitable for judicial notice under Fed. R. Evid. 201(b)"). Pleadings from the docket of a case in federal court are properly subject to judicial notice. *Asdar Group v. Pillsbury, Madison &* Sutro, 99 F.3d 289, 290 n.1 (9th Cir. 1996). Exhibits A-T and Exhibit W are official court records or pleadings from related state and federal court proceedings. Under Rule 201(b) and controlling Ninth Circuit authority, the Court may properly take judicial notice of these materials for the limited purpose of recognizing their existence, contents, and procedural posture, as they have a direct relation to the matters at issue.

Finally, judicial notice of Exhibits U and V are proper as documents that are matters of public record may also be judicially noticed. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of 'matters of public record.'"); *Allergan USA, Inc. v. Prescribers Choice, Inc.*, 364 F.Supp.3d 1089, 1095 (C.D. Cal. 2019); *Rodriguez v. Ford Motor Co.*, 722 F. Supp. 3d 1104, 1111 (S.D. Cal. 2024) ("A court may properly take judicial notice of legislative history.") (quotations and citations omitted) (emphasis in original).

Dated: June 10, 2026

FISHER & PHILLIPS LLP

By: */s/ Usama Kahf*
USAMA KAHF
DANIELLE KAYS (*PRO HAC VICE*)
CATHERINE M. CONTINO (*PRO HAC VICE*)
XUAN ZHOU
Attorneys for Defendant
POLITICO LLC

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On June 10, 2026 I served the foregoing document entitled **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** on all the appearing and/or interested parties in this action addressed as follows:

| | |
|---|---|
| Seth Adam Safier<br>Marie Ann McCrary<br>Todd Kennedy<br>GUTRIDE SAFIER LLP<br>100 Pine Street, Suite 1250<br>San Francisco, California 94111 | ***Attorneys for Plaintiff VISHAL SHAH***<br><br>Tel: 415.639.9090<br>Fax: 415.449.6469<br>Email: seth@gutridesafier.com<br>marie@gutridesafier.com<br>todd@gutridesafier.com |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed June 10, 2026 at Irvine, California.

Stephanie A. Crisp
Print Name

By: [signature]
Signature