USAMA KAHF (SBN 266443)
    E-Mail: ukahf@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DANIELLE KAYS (*PRO HAC VICE*)
    E-Mail: dkays@fisherphillips.com
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

CATHERINE M. CONTINO (*PRO HAC VICE*)
    E-Mail: ccontino@fisherphillips.com
**FISHER & PHILLIPS LLP**
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA  19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

XUAN ZHOU
    E-Mail: xzhou@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Dr. Suite 1000
San Diego, CA  92121
Telephone: (858) 597-9632

Attorneys for POLITICO LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE**

| | |
|---|---|
| VISHAL SHAH, , HEIDI WILLIS, and STACY PENNING, on behalf of themselves and those similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>POLITICO LLC,<br><br>                Defendant. | Case No.: 5:25-cv-05213-NW<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date: September 16, 2026<br>Hearing Time: 9:00 A.M.<br>Courtroom: 3<br><br>Complaint Filed: June 20, 2025<br>FAC Filed: February 27, 2026<br>Trial Date: Not Set |

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION………………………………………………………………………1

II.     LEGAL ARGUMENT……………………………………………………………………..1

    A.      Plaintiffs' Claims Are Untimely and Barred. ................................................. 1

    B.      Plaintiffs Lack Article III Standing................................................................. 3

        1.      Willis and Penning do not plausibly allege use of the consent banner before removal. ................................................................................. 3

        2.      Plaintiffs do not allege concrete injury from actual collection of their information.................................................................................... 4

        3.      Penning's tester status undermines standing and privacy expectations........... 5

    C.      Plaintiffs' Invasion of Privacy and Intrusion Upon Seclusion Claims are Deficient.......................................................................................... 6

    D.      Plaintiffs Fail to Plead a § 631(a) Claim........................................................ 6

        1.      POLITICO did not intercept communications "in transit" under Clause Two. .............................................................................................. 6

        2.      Plaintiffs' claim under the third clause of Section 631(a) fails. ...................... 8

        3.      Plaintiffs fail to plausibly allege that the third-party vendors were eavesdroppers rather than participants in the communication. ........................ 8

    E.      Plaintiffs' CIPA 638.51 Claim Cannot Survive............................................ 10

        1.      Third party trackers are not pen registers. ...................................... 10

        2.      Plaintiffs have no reasonable expectation of privacy in routine metadata or harm. ........................................................................ 11

        3.      The collection of "contents" defeats the pen-register theory......................... 12

        4.      Section 638.51(b)(1) service provider exemption applies. ........................... 13

    F.      Plaintiffs' Claim of Fraud, Deceit and Misrepresentation Fails. ............................... 14

    G.      Plaintiffs' Unjust Enrichment Claim Fails................................................. 14

    H.      Plaintiffs Should Not Be Granted Leave to Amend.................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Askins v. U.S. Dep't of Homeland Sec.*,
  899 F.3d 1035 (9th Cir. 2018) ................................................................................................ 4

*Attebery v. Atlas Financial Solutions*,
  No. 25STCV30118 (Cal. Super. Ct., Los Angeles Cnty., May 8, 2026) ......................... 11

*Augustine v. Lenovo (United States), Inc.*,
  No. 22-CV-2027-L-AHG, 2023 WL 4938050 (S.D. Cal. Aug. 2, 2023) ......................... 11

*Blaker v. NetScout Systems, Inc.*,
  No. 25STCV31283 (Cal. Super. Ct., Los Angeles Cnty., May 27, 2026) ........................ 11

*Blalock v. EquipmentShare.com, Inc.*,
  No. 30-2025-01508739-CU-MC-CJC, 2026 WL 330067 (Cal. Super. Jan. 27, 2026) .................... 11

*Bunnell v. Motion Picture Ass'n of Am.*,
  567 F.Supp.2d 1148 (C.D. Cal. 2007) ...................................................................................... 7

*Campbell v. Facebook, Inc.*,
  77 F. Supp. 3d 836 (N.D. Cal. 2014) ....................................................................................... 7

*Carolus v. Nexstar Media Inc.*,
  No. 24-CV-07790-VC, 2025 WL 1338193 (N.D. Cal. Apr. 9, 2025) ............................... 4

*Casillas v. Transitions Optical, Inc.*,
  2024 WL 4873370 (Cal. Super. Sept. 9, 2024) ................................................................... 10

*Doe I v. Google LLC*,
  741 F. Supp. 3d 828 (N.D. Cal. 2024) .................................................................................. 14

*Esparza v. UAG Escondido A1 Inc.*,
  No. 23-CV-0102 DMS (KSC), 2024 WL 559241 (S.D. Cal. Feb. 12, 2024) ............... 7, 9

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) ............................................................................................ 6, 11

*Garcia v. Build.com, Inc.*,
  No. 22-CV-01985-DMS-KSC, 2023 WL 4535531 (S.D. Cal. July 13, 2023) ................ 11

*In re Google Inc. Gmail Litig.*,
  2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ................................................................... 13

*In re Google, Inc. Privacy Policy Litig.*,
  58 F. Supp. 3d 968 (N.D. Cal. 2014) ....................................................................................... 6

*Graham v. Noom, Inc.*,
    533 F. Supp. 3d 823 (N.D. Cal. 2021) ....................................................................................9

*Heiting v. Taro Pharms. USA, Inc.*,
    728 F. Supp. 3d 1112 (C.D. Cal. 2024) ...............................................................................7, 8

*Heiting v. Wildflower Brands*,
    No. 25STCV18507 (Cal. Super. Ct., Los Angeles Cnty., April 16, 2026).............................11

*Henderson v. Bolanda*,
    253 F.3d 928 (7th Cir. 2001) ..................................................................................................2

*Hernandez v. Hillsides, Inc.*,
    47 Cal. 4th 272 (2009) ............................................................................................................6

*Herzman v. Smile Brands Inc.*,
    No. 25-CV-03400-H-BLM, 2026 WL 1110698 (S.D. Cal. Apr. 23, 2026) .........................4, 5

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ..................................................................................6

*Javier v. Assurance IQ, LLC*,
    649 F. Supp. 3d 898 (N.D. Cal. 2023) ....................................................................................8

*Kauffman v. Papa John's Int'l, Inc.*,
    No. 22-CV-1492-L-MSB, 2024 WL 171363 (S.D. Cal. Jan. 12, 2024) .................................11

*Kearns v. Ford Motor Company*,
    567 F.3d 1120 (9th Cir. 2009) ...............................................................................................14

*Kishnani v. Royal Caribbean Cruises Ltd.*,
    No. 25-CV-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025), *appeal
    dismissed*, No. 25-4452, 2025 WL 2943080 (9th Cir. Oct. 3, 2025).....................................12

*Lau v. Gen Digital Inc.*,
    No. 22-CV-08981-JST, 2023 WL 10553772 (N.D. Cal. Sept. 13, 2023).................................3

*Licea v. Cinmar*,
    LLC, 659 F.Supp.3d 1096 (C.D. Cal. 2023)........................................................................7, 11

*Licea v. Hickory Farms LLC*,
    No. 23STCV26148, 2024 WL 1698147 (Cal. Super. Mar. 13, 2024).....................................11

*Licea v. Vitacost.com, Inc.*,
    683 F. Supp. 3d 1118 (S.D. Cal. 2023)..................................................................................11

*Lucas v. Breg, Inc.*,
    212 F. Supp. 3d 950 (S.D. Cal. 2016).....................................................................................2

*Mitchell v. Sonesta Int'l Hotels Corp.*,
   No. CV 24-2603-GW-SSCX, 2024 WL 4471772 (C.D. Cal. Oct. 4, 2024)......................................7

*Papenthien v. Papenthien*,
   120 F.3d 1025 (9th Cir. 1997) ...............................................................................................2

*Pemberton v. Rest. Brands Int'l, Inc.*,
   No. 25-CV-03647-JSC, 2026 WL 1283383 (N.D. Cal. May 11, 2026) .............................................1

*Penning v. NVIDIA Corp.*,
   No. 25-CV-09160-SVK, 2026 WL 1433313 (N.D. Cal. May 21, 2026)............................................2

*Popa v. Microsoft Corp.*,
   No. 24-14, 2025 WL 2448824 (9th Cir. Aug. 26, 2025) ....................................................4

*Ribas v. Clark*,
   38 Cal. 3d 355 (1985) ..........................................................................................7, 9

*Rodriguez v. Ink America Intern. Group LLC*,
   No. 25STCV15350, 2025 WL 4034985 (Cal. Super. Dec. 10, 2025) ................................................10

*Saedi v. SPD Swiss Precision Diagnostics GmbH*,
   No. 2:24-CV-06525-WLH-E, 2025 WL 1141168 (C.D. Cal. Feb. 27, 2025) ...............................2, 3

*Sanchez v. Cars.com Inc.*,
   2025 WL 487194 (Cal. Super. Jan. 27, 2025) ...............................................................10, 11

*Shallert v. Palo Alto Networks*,
   No. 25STCV17109 (Cal. Super. Ct., Los Angeles Cnty., Mar. 6, 2026).........................................11

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016)...............................................................................................12

*Torres v. Prudential Fin., Inc.*,
   2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) .................................................................8, 9

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021)...............................................................................................11

*In re USA Today Co., Inc. Internet Tracking Litig.*,
   No. 24-CV-05150-MMC, 2026 WL 932655 (N.D. Cal. Apr. 6, 2026).............................................4

*Yoon v. Lululemon USA, Inc.*,
   549 F. Supp. 3d 1073 (C.D. Cal. 2021) .....................................................................11

*In re Zynga Privacy Litig.*,
   750 F.3d 1098 (9th Cir. 2014) ...............................................................................11

**Statutes**

Penal Code § 638.50(b)............................................................................................................ 10, 12

Penal Code § 638.51 .......................................................................................................... 10, 11, 12

Penal Code § 638.52(d)(3) ........................................................................................................ 10

**Other Authorities**

Federal Rules of Civil Procedure 8 .......................................................................................... 14

Federal Rules of Civil Procedure 9(b) ..................................................................................... 14

Federal Rules of Civil Procedure 15(c) ..................................................................................... 3

## I.    INTRODUCTION[1]

No matter how you cut it, Plaintiffs' claims are deficient in numerous ways. First, Shah admits he has not repleaded a timely CIPA claim. Likewise, the new Plaintiffs' claims also are woefully time-barred. Specifically, the new Plaintiffs do not allege facts to support equitable tolling, the delayed discovery rule, or relation back of Shah's own untimely claims. Substantively, the FAC allegations are conclusory and remain insufficient. The addition of new Plaintiffs does not cure the defects previously identified by the Court. Their CIPA §§ 631 and 638.51 claims continue to fail for lack of essential elements. Their re-pleaded invasion of privacy, intrusion upon seclusion, fraud, deceit, misrepresentation, and unjust enrichment claims likewise remain speculative and legally deficient. Accordingly, the Court should dismiss the claims with prejudice, deny further leave to amend, and disregard new allegations, theories, and evidence first and improperly presented in the Opposition.

## II.    LEGAL ARGUMENT

### A.    Plaintiffs' Claims Are Untimely and Barred.

Plaintiffs admit Shah does not allege timely CIPA claims, despite specific direction from this Court. ECF 74 (granting leave to "amend alleging facts that justified his delay in filing the complaint"); *see also Pemberton v. Rest. Brands Int'l, Inc.*, No. 25-CV-03647-JSC, 2026 WL 1283383, at *5 (N.D. Cal. May 11, 2026). The Court expressly directed Plaintiff Shah replead facts "justifying his delay" in filing. ECF 74. Instead of doing so, Plaintiffs attempt to sidestep the statute of limitations problem by adding two new Plaintiffs and invoking the relation back doctrine. That effort fails as a matter of law.

First, the new Plaintiffs' claims cannot relate back because they are separate and distinct in time and based on separate factual visits, which POLITICO was unaware of until this year—years after their alleged visits. Shah's own extremely untimely class allegations (where no class has been certified) did

---

[1] Plaintiffs incorrectly argue this Court's order dismissing certain claims in the Original Complaint is controlling, and the Court should categorically deny POLITICO's motion on that basis alone. The Ninth Circuit has made clear an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation omitted), overruled on other grounds by *Lacey v. Maricopa County*, 693 F.3d 896, 927-28 (9th Cir. 2012). Plaintiff's FAC supersedes the Original Complaint, and the Original Complaint ceases to exist. POLITICO's Motion targets only the FAC. Therefore, any suggestions that this Court has already ruled regarding Article III standing or the sufficiency of claims should be rejected.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

not put POLITICO on notice of the unknown new Plaintiffs' claims, which arose during a different time period when no cookie banner was in place and years after Shah's own untimely lawsuit. Indeed, Plaintiffs' failure to bring this case for years after the statute of limitations prejudices POLITICO in discovery—especially where Plaintiffs severely lack documentation of their visits, or even knowledge of the dates they allegedly visited used the cookie banner.

Second, relation-back does not save claims where the original complaint itself was untimely. *Papenthien v. Papenthien*, 120 F.3d 1025, 1027 (9th Cir. 1997); *see also Henderson v. Bolanda,* 253 F.3d 928, 932 (7th Cir. 2001) (an untimely complaint is "a nullity" that cannot "act as a life-line for a later complaint, filed after [the] statute of limitations."). That is what Plaintiffs incorrectly attempt here. But simply add new Plaintiffs—whose claims also are untimely—does not salvage the action.

Furthermore, Plaintiffs' allegations of delayed discovery do not cure Plaintiff Shah's untimeliness—or their own. The FAC only alleges the new Plaintiffs did not discover POLITICO's alleged conduct until "they learned of Defendant's privacy violations from their counsel." ECF 108 ¶ 16. But those allegations do not explain why *Plaintiff Shah* delayed filing *his* claims, which was the issue identified by the Court. Further, Plaintiffs Willis and Penning fail to plead facts sufficient to invoke the delayed discovery rule. Indeed, Plaintiffs have a duty to reasonably investigate their claims, *Lucas v. Breg, Inc.*, 212 F. Supp. 3d 950, 960 (S.D. Cal. 2016)—yet, they do not allege they satisfied this duty. To the contrary, Plaintiffs assert in the Complaint and their Opposition that Defendant showed users the website privacy policy on the cookie banner which specifically discloses the use of cookies on POLITICO's website. ECF 108 ¶¶ 1, 29. Indeed, this district recently held Plaintiff Penning was at least "on inquiry notice" of a website's Terms of Service, which explained the existence and use of cookies on the website, when he made repeated visits to the website and was presented with a consent banner. *Penning v. NVIDIA Corp.*, No. 25-CV-09160-SVK, 2026 WL 1433313, at *11 (N.D. Cal. May 21, 2026); *see also Saedi v. SPD Swiss Precision Diagnostics GmbH*, No. 2:24-CV-06525-WLH-E, 2025 WL 1141168, at *10 (C.D. Cal. Feb. 27, 2025) ("When coupled with the explicit information on the Website regarding data collection and sharing, . . . the Court finds that . . . Plaintiff should have reasonably known of her injury around the time of her visit to the Website [.]"). The same applies here. Plaintiffs should have known of their injury—as informed by the very banner they cite in their FAC.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Lastly, Plaintiffs fail to properly allege fraudulent concealment sufficient to toll the statute of limitations. Plaintiffs have conclusory alleged that because they do possess "technical knowledge," their CIPA claims should be tolled. However, courts addressing nearly identical claims deem that argument insufficient to assert fraudulent concealment, particularly where a plaintiff "fails to plead with particularity *any* details surrounding her discovery of the alleged conduct," such as "when or how the alleged fraud was discovered, as required by the fraudulent concealment doctrine." *Saedi*, 2025 WL 1141168, at *11; *see also Lau v. Gen Digital Inc*., No. 22-CV-08981-JST, 2023 WL 10553772, at *3 (N.D. Cal. Sept. 13, 2023) (dismissing untimely claims for failure to "allege when the alleged fraud was discovered or how it was discovered"). Plaintiffs do not allege when the alleged fraud was discovered or how it was discovered. Because Plaintiffs fail to allege facts justifying Plaintiff Shah's or the new Plaintiffs 'untimely filing, and because Rule 15(c) cannot revive claims based on an untimely original complaint, Plaintiffs' CIPA claims remain barred.

**B.    Plaintiffs Lack Article III Standing.**

    1.    *Willis and Penning do not plausibly allege use of the consent banner before removal.*

Plaintiffs' ambiguous allegations that they visited the Website from "2023 through 2026" do not plausibly place these visits before September 13, 2023 when the cookie banner existed. Because their pleadings are deficient, Plaintiffs' Opposition asks this Court to assume a critical date allegation they clearly omitted from their FAC. Plaintiffs' declarations do not amend the FAC. Nor do they fix the problems of the FAC and instead, highlight their pleading defects. Penning argues facts not pleaded in the FAC and claims he visited the Website "on one or more occasions prior to September 2023." ECF 113-1 ¶ 3. And Willis does not allege that she visited the Website before September 13, 2023 in either the FAC or her declaration; rather, she merely alleges she visited "on multiple occasions during the period from 2023 through 2026" (FAC ¶ 107) and "including one or more occasions prior to September *2024*." ECF 113-2, ¶ 3 (emphasis added). As the court recently recognized in *Ingraham v. Capital One Financial Corp.*, standing and consent in website tracking cases depend on highly individualized factual inquiries concerning the plaintiff's particular interactions with the website and the disclosures presented to that user. No. 24-CV-05985-TLT, 2026 WL 1759155, at *7-8 (N.D. Cal. June 16, 2026). The clear

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

factual deficiencies of the FAC demonstrate that Penning and Willis lack factual standing.

2.      *Plaintiffs do not allege concrete injury from actual collection of their information*.

Plaintiffs do not allege their own information was collected or they personally were harmed and thus, lack concrete injury. As an initial matter, this Court's prior ruling on standing has no bearing on the FAC and does not decide the sufficiency of the new Plaintiffs' claims. "An amended complaint is a new complaint, entitling the plaintiff to judgment on the complaint's own merits; we do not ask whether the plaintiff is "precluded" or "barred" by the prior ruling." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018). POLITICO does not ask this Court to "revisit" its prior decision. Rather, it raises the deficiencies of the operative FAC—Plaintiffs lack standing to sue because they failed to allege any injury-in-fact.

Plaintiffs cannot point to any allegation in the FAC demonstrating they themselves were directly injured. All of the allegations Plaintiffs cite in their Opposition are conclusory and generalized allegations of harm and do not answer the fundamental question required of all of the named Plaintiffs in this lawsuit: what is *your* injury? Allegations about what visitors may encounter on POLITICO's website generally do not establish that any of the named Plaintiffs in this lawsuit here were injured. *See, e.g., Popa v. Microsoft Corp.*, No. 24-14, 2025 WL 2448824, at *5 (9th Cir. Aug. 26, 2025) (finding plaintiff lacked standing where she failed to allege that her information was actually intercepted, disclosed, or misused, nor does she identify any embarrassing, intimate, or otherwise protectable information that was collected); *In re USA Today Co., Inc. Internet Tracking Litig.*, No. 24-CV-05150-MMC, 2026 WL 932655, at *2 (N.D. Cal. Apr. 6, 2026) (finding plaintiffs failed to plead cognizable injury as collection of IP addresses, location, time, browser type, connection type, and browsing behavior, identification, and preferences was not highly offensive disclosures); *Carolus v. Nexstar Media Inc.*, No. 24-CV-07790-VC, 2025 WL 1338193, at *1 (N.D. Cal. Apr. 9, 2025) (finding no injury in fact when plaintiff alleged that defendant tracked "browser and device data" and "other identifying information."); *Herzman v. Smile Brands Inc.*, No. 25-CV-03400-H-BLM, 2026 WL 1110698, at *4 (S.D. Cal. Apr. 23, 2026) (without specific allegations identifying information disclosed to the defendant and shared with Google, court could not assess whether the alleged disclosure was concrete injury).

Plaintiffs do not identify a single paragraph in the FAC that states definitively that information

related to them as individuals was in fact collected and used for marketing purposes. That is a crucial deficiency in this case. Their allegations are merely theoretical—there are no plaintiff-specific allegations that connect any specific cookie, vendor, data field, URL, search query or user identifier to Shah, Willis, or Penning. In *Schallert v. Laird Superfood, Inc.*, a case with substantially similar facts to this one, the court held plaintiff lacked standing because he did not allege "what information was collected and disclosed" and whether the disclosure "invaded a protectable privacy interest." No. 2:25-CV-12407-SPG-PVC, 2026 WL 1707585, *6 (C.D. Cal. June 5, 2026). There, plaintiff alleged he "used Defendant's website on April 2, 2025; that the website executed tracking software that captured his [']routing, addressing, and signaling information,['] which [']reflected the pages Plaintiff accessed and his interactions with the Website[']; and that Defendant transmitted this information to third-party advertising and analytics platforms." *Id*. at *5. The court found these allegations insufficient, explaining "the FAC includes no information about what specifically Plaintiff *did* on Defendant's website or what specific information the website captured *from him*. Plaintiff's allegation that the website took his [']routing, addressing, and signaling information['] is conclusory, parroting the language of the statutory definition of [CIPA] without providing any detail about Plaintiff's actual injury." *Id*. (emphasis in original).

This Court similarly must reach the same result. The lack of specificity in the FAC speaks for itself. Plaintiffs' Opposition cites no paragraphs that even mention any Plaintiff by name, let alone detail if or how they were injured or what information, if any, was collected by third parties. *See* ECF ¶¶ 24, 25, 37, 38, 39, 40, 42, 63. Therefore, Plaintiffs failed to demonstrate a concrete injury or standing.

> 3.      *Penning's tester status undermines standing and privacy expectations*.

Penning is a tester plaintiff who lacks an expectation of privacy and standing. First, Plaintiff Penning is not Plaintiff Shah. This Court's prior treatment of an argument specific to Shah does not resolve the allegations and Penning's judicially noticeable history of CIPA litigation. Second, Penning's judicially noticeable litigation history reveals he is a repeat CIPA plaintiff, who was clearly aware of the operational use of cookies on websites and plausibly lacked a reasonable expectation of privacy and did not suffer an unwanted invasion. At minimum, it contradicts the FAC's conclusory claim that Penning discovered these claims only when counsel told him in 2026.

**C.      Plaintiffs' Invasion of Privacy and Intrusion Upon Seclusion Claims are Deficient.**

Plaintiffs cannot satisfy either element of their common law invasion of privacy and intrusion upon seclusion claims. Plaintiffs cannot plausibly allege a reasonable expectation of privacy and that the intrusion was highly offensive. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020). Plaintiffs' allegations concern only the routine collection of website metadata, which is not the type of intimate or sensitive data that gives rise to a legally cognizable expectation of privacy. Plaintiffs' allegations fall well short of establishing an intrusion "highly offensive to a reasonable person" as required to satisfy the element of an invasion of privacy claim. *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (2009). The FAC does not include allegations of egregious, targeted, or sensitive data collection that could be considered "highly offensive." The "mass accumulation" of data is conclusory; Plaintiffs do not plead facts that POLITICO created and sold their individual profiles, or disclosed their sensitive information. At most, their claims that cookies were "placed and/or transmitted" despite preference settings (ECF 108 ¶ 4) is a minor technical issue far removed from the egregious invasions required for an intrusion claim. *See In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 987-88 (N.D. Cal. 2014) (dismissing intrusion claims where plaintiffs alleged only routine collection of browsing and device data). Courts consistently dismiss privacy claims where, as here, the allegations involve nothing more than ordinary commercial data collection practices. *See In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (rejecting intrusion claim based on routine tracking practices). Penning's alleged privacy expectation is particularly implausible because he undeniably was aware of website tracking claims, based on his extensive litigation history, and cannot realistically claim an offensive surprise intrusion. Therefore, Plaintiffs neither allege a reasonable expectation of privacy nor a highly offensive intrusion. Plaintiffs' rhetoric that POLITICO "lied" to consumers cannot substitute for factual allegations of a genuine privacy harm. Plaintiffs' common law and constitutional privacy claims must be dismissed.

**D.      Plaintiffs Fail to Plead a § 631(a) Claim.**

1.      *POLITICO did not intercept communications "in transit" under Clause Two.*

Plaintiffs fail to plausibly allege a third party intercepted a communication while it was "in transit," required for second clause of Section 631(a). The "in transit" requirement mirrors the Federal

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Wiretap Act and requires allegations of *contemporaneous* interception. *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1125 (C.D. Cal. 2024). Courts in this Circuit consistently interpret "in transit" narrowly. *Licea v. Cinmar*, LLC, 659 F.Supp.3d 1096, 1109 (C.D. Cal. 2023); *Bunnell v. Motion Picture Ass'n of Am.*, 567 F.Supp.2d 1148, 1152 (C.D. Cal. 2007).

Although Plaintiffs repeatedly characterize the alleged collection of information as occurring "in real time," those allegations are entirely conclusory. The FAC asserts third parties "secretly intercept" communications, "eavesdrop" on user activity, and perform "real-time" analysis, but it provides no factual allegations explaining how any identified third party intercepted a communication before it reached its intended recipient. *See* ECF 108 ¶¶ 4, 37, 88, 170. Merely attaching the label "real time" to alleged data collection does not plausibly allege facts of an interception while a communication is in transit. Courts have repeatedly held that such formulaic recitations of statutory elements are insufficient. *See Heiting*, 728 F. Supp. 3d at 1126; *Licea*, 659 F. Supp. 3d at 1109 ("Plaintiffs must provide more than conclusory allegations that messages were "intercepted in real time.").

Plaintiffs' cited cases are distinguishable because they involved specific allegations of simultaneous duplication or interception of communications. *See Mitchell v. Sonesta Int'l Hotels Corp.*, No. CV 24-2603-GW-SSCX, 2024 WL 4471772, at *8 (C.D. Cal. Oct. 4, 2024) (alleging user communications were duplicated and transmitted to third parties simultaneous with transmission to the website); *Ribas v. Clark*, 38 Cal. 3d 355, 359-60 (1985) (alleging interception "while the communication [is] in transit" or "being sent from" or "received at" in California); *Campbell v. Facebook, Inc.*, 77 F. Supp. 3d 836, 848 (N.D. Cal. 2014) (upholding Section 631(a) claims alleging immediate, contemporaneous interception of substantive content). The FAC offers only labels such as "eavesdrop," "intercept," and "real time." That is not enough under § 631(a). Plaintiffs' reliance on *Esparza* is similarly misplaced. There, plaintiff alleged a third party intercepted real-time communications exchanged through a website chat function. *Esparza v. UAG Escondido A1 Inc.*, No. 23-CV-0102 DMS (KSC), 2024 WL 559241, at *3 (S.D. Cal. Feb. 12, 2024). The complaint described a specific communication channel and a specific mechanism by which communications were allegedly intercepted. *Id.* at *1, 3. Here, Plaintiffs allege no comparable facts. They do not allege that POLITICO operated a chat function, nor do they identify any specific communication intercepted, the mechanism by which the

interception occurred, or when the purported interception took place. Plaintiffs do not allege any facts showing *how* or *when* the purported data was transmitted; they merely parrot the statutory language of Section 631(a). *See* ECF 108 ¶ 170. They do not plead facts showing how, when, or by whom any communication was intercepted while in transit. *Heiting*, 728 F. Supp. 3d at 1126. Thus, their second clause of Section 631(a) claim should be dismissed.

2.      *Plaintiffs' claim under the third clause of Section 631(a) fails.*

Plaintiffs concede the third clause of Section 631(a) does not provide an independent basis for liability. Because Plaintiffs fail to plausibly allege a violation of either the first or second clause, Plaintiffs' claim under the third clause necessarily fails as well.

3.      *Plaintiffs fail to plausibly allege that the third-party vendors were eavesdroppers rather than participants in the communication.*

Plaintiffs' conclusion that POLITICO's third-party vendors qualify as unlawful third-party listeners because they allegedly used collected data for their own purposes lacks factual support. ECF 113 ¶¶16-17. Courts assessing whether a software provider is a third-party eavesdropper or a participant in the communication examine whether the provider's role extends beyond the ordinary functions of recording, transmitting, or processing communications on behalf of the website operator. *See Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 898, 898-900 (N.D. Cal. 2023); *Torres v. Prudential Fin., Inc.*, 2025 WL 1135088, at *3-5 (N.D. Cal. Apr. 17, 2025). Plaintiffs' own reliance on these cases fails because the FAC does not plead plausible facts that any identified vendor used Plaintiffs' communications independently of the services it provided to POLITICO. *See* ECF 108 ¶ 173. Instead, Plaintiffs rely on generalized assertions that unnamed third parties use data "for their own purposes and financial gain" and share information with other entities. ECF 108 ¶ 5. Such allegations merely recite the legal standard without supplying supporting facts. The FAC lacks information any particular vendor allegedly used, how it was used, whether it was combined with information from other sources, or how any vendor allegedly profited from Plaintiffs' communications independent of its provision of analytics, advertising, or related services to POLITICO.

Nor does Plaintiffs' reliance on POLITICO's cookie disclosures alter the analysis. Whether POLITICO adequately disclosed the use of third-party cookies bears on Plaintiffs' disclosure and

consent theories; it does not transform service providers into third-party eavesdroppers under Section 631(a). The relevant inquiry is whether the vendor was a participant in the communication or instead functioned as an unauthorized listener. Plaintiffs' allegations do not plausibly establish the latter.

Indeed, Plaintiffs' allegations more closely resemble those cases holding that vendors functioning as recording, analytics, or transmission tools are participants in the communication rather than third-party eavesdroppers. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832-33 (N.D. Cal. 2021). The cases cited by Plaintiffs are distinguishable. In *Revitch v. New Moosejaw*, the plaintiff alleged that software redirected communications to a third party in real time*.,* 2019 WL 5485330, at *1 (N.D. Cal. Oct. 23, 2019). In *Torres*, the court addressed allegations that the software provider possessed the capability to use the intercepted information for purposes beyond providing services to the website operator. 2025 WL 1135088, at *3. Here, by contrast, Plaintiffs offer only conclusory allegations regarding purported independent use of data and no factual allegations demonstrating that any identified vendor acted as anything other than a provider of analytics, advertising, or related website services.

Plaintiffs' aiding-and-abetting theory fares no better. As courts in this Circuit recognize, liability under Section 631(a) attaches "only to eavesdropping by a third party and not to recording by a participant to a conversation." *Torres*, 2025 WL 1135088, at *2 (citation omitted). Because POLITICO was itself a participant in any communications occurring through its website, it cannot be deemed an eavesdropper as a matter of law. *See Ribas v. Clark*, 38 Cal. 3d 355, 359-60 (1985); *Torres*, 2025 WL 1135088, at *2.

Nor have Plaintiffs plausibly alleged liability under Section 631(a)'s fourth clause. To state a claim under Clause Four, a plaintiff must allege defendant "acted with (1) knowledge that [Third Parties] intended to violate CIPA and (2) intent to commit, encourage, or facilitate [Third Parties'] commission of the offense." *Esparza*, 2024 WL 559241, at *6. The FAC contains no such allegations. Plaintiffs merely assert that "POLITICO willfully aided, agreed with, employed, permitted, or otherwise enabled the Third Parties to wiretap Plaintiffs and Class members using the Third Parties' cookies and to accomplish the wrongful conduct." FAC ¶ 170. This is a verbatim recitation of statutory language, not a factual allegation. Nor does it establish that POLITICO itself had the requisite knowledge or intent. *See Esparza*, 2024 WL 559241, at *6. Because Plaintiffs have not plausibly alleged that any identified vendor

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

acted as an unauthorized third-party listener, nor allege facts supporting POLITICO's knowing and intentional participation in any purported violation, their Section 631(a) claim fails.

### E.    Plaintiffs' CIPA 638.51 Claim Cannot Survive.

#### 1.    *Third party trackers are not pen registers.*

Plaintiffs ask this Court to ignore the clear legislative history and purpose of CIPA by asking it to read in and expand the statute beyond its historical purpose. Numerous California state courts have found the § 638.51 does not apply to internet communications. *See, e.g., Rodriguez v. Ink America Intern. Group LLC*, No. 25STCV15350, 2025 WL 4034985, at *2-5 (Cal. Super. Dec. 10, 2025) (holding that § 638.51 does not apply to ordinary website tracking technologies because CIPA's pen-register provisions were intended to regulate telephonic-style surveillance, not routine web analytics, and any broader interpretation would conflict with legislative intent, the California Consumer Protection Act's regulatory framework, and CIPA's ordinary course of business exceptions); *Sanchez v. Cars.com Inc.*, 2025 WL 487194, at *2-4 (Cal. Super. Jan. 27, 2025) (rejecting extension of CIPA's pen register provision to internet communications because § 638.51 must be construed together with the court-order provisions it references, §§ 638.52 and 638.53, which establish procedures for law enforcement to install pen registers devices on telephone lines, demonstrating that the statute targets telephonic surveillance, not routine website tracking or the collection of IP address information); *Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370, at *4-5 (Cal. Super. Sept. 9, 2024) (reasoning that Penal Code § 638.51 cannot be extended to routine website collection of IP addresses because the provision must be construed in the context of the statutory scheme it incorporates, including the court-order procedures for installing pen registers on telephone lines, which confirms that the Legislature targeted telephone surveillance rather than ordinary internet functionality).

Here, Plaintiffs' allegations that third party cookies collected so-called "Private Communications" (ECF 108 ¶ 25) *do not establish the use of a "pen register" within the meaning or historical scope of § 638.50(b)*. The alleged collection of identifiers associated with Plaintiffs' interaction with POLITICO's Website bears no resemblance to the conduct historically regulated by pen register statutes. Nor is there a need to collect the monitoring device's own identifier, as that information must be known before installation. Cal. Pen. Code § 638.52(d)(3). Further, Plaintiffs improperly attempt

to expand CIPA beyond its intended purpose by applying it to the voluntary and ordinary exchange of information when they chose to contact and interact with POLITICO's Website. Plaintiffs' interpretation improperly transforms a statute historically directed at telephone surveillance into one governing routine internet technologies, despite no indication in the statutory text or legislative history that the California Legislature intended such a result. This disconnect demonstrates why so many California state and federal courts interpreting § 638.51 have declined to expand the definition of the statute to internet-based communications.[2] Adopting Plaintiffs' sweeping interpretation would expose all websites using standard cookies (which are ubiquitous) to liability under CIPA, contrary to the legislature's intent.

2.    *Plaintiffs have no reasonable expectation of privacy in routine metadata or harm.*

Even if Plaintiffs "rejected all cookies," that does not create a reasonable expectation of privacy. Courts in this Circuit also have repeatedly emphasized that Article III standing requires a concrete harm tied to a legally protected privacy interest. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423-24 (2021); *In re Facebook Internet Tracking Litig.*, 956 F.3d 589, 601-02 (9th Cir. 2020). Courts have made clear, however, that routine technical and transactional data, such as names, email addresses, IP addresses, device identifiers, browsing history, and session information, are not the type of sensitive, substance-bearing communications CIPA protects. *See Yoon v. Lululemon USA, Inc*., 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021); *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106-09 (9th Cir. 2014). In addition, rejecting cookies does not create a reasonable expectation of privacy in non-sensitive metadata.

---

[2] *See, e.g.,* RJN, Ex. A Order for Dismissal With Prejudice in *Heiting v. Wildflower Brands*, No. 25STCV18507 (Cal. Super. Ct., Los Angeles Cnty., April 16, 2026); RJN Ex. B Order Re Defendant's Demurrer to the Complaint in *Shallert v. Palo Alto Networks*, No. 25STCV17109 (Cal. Super. Ct., Los Angeles Cnty., Mar. 6, 2026); RJN Ex. C Order Re: Defendant's Motion Demurrer to Complaint in *Attebery v. Atlas Financial Solutions*, No. 25STCV30118 (Cal. Super. Ct., Los Angeles Cnty., May 8, 2026); ECF 111-1 Ex. W Order Re: Defendant's Motion Demurrer to Complaint in *Blaker v. NetScout Systems, Inc.*, No. 25STCV31283 (Cal. Super. Ct., Los Angeles Cnty., May 27, 2026); *Blalock v. EquipmentShare.com, Inc.*, No. 30-2025-01508739-CU-MC-CJC, 2026 WL 330067, at *2 (Cal. Super. Jan. 27, 2026); *Cars.com*, 2025 WL 487194, at *4-5; *Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147, at *5 (Cal. Super. Mar. 13, 2024) (citing *Smith v. LoanMe, Inc.*, 11 Cal.5th 183, 191 (2021)); *see also Licea*, 659 F. Supp. 3d at 1104; *Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1123-24 (S.D. Cal. 2023); *Augustine v. Lenovo (United States), Inc.*, No. 22-CV-2027-L-AHG, 2023 WL 4938050, at *4 (S.D. Cal. Aug. 2, 2023); *Garcia v. Build.com, Inc.*, No. 22-CV-01985-DMS-KSC, 2023 WL 4535531, at *6 (S.D. Cal. July 13, 2023); *Kauffman v. Papa John's Int'l, Inc.*, No. 22-CV-1492-L-MSB, 2024 WL 171363, at *9 (S.D. Cal. Jan. 12, 2024).

A user cannot reasonably expect that toggling cookie preferences will eliminate the routine transmission of generic and non-sensitive metadata inherent in visiting any website. Such a "bare procedural violation" cannot sustain a CIPA claim. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).

3.      *The collection of "contents" defeats the pen-register theory.*

First, Plaintiffs cannot avoid dismissal by speculating that some unidentified trackers may have collected only record information. The FAC repeatedly alleges that the challenged technologies captured substantive user communications and webpage contents transmitted by users. ECF 108, ¶¶ 25, 27, 34-35, 39-42. 43-83. Plaintiffs chose to plead that the challenged software intercepted communications themselves, not merely routing, addressing, or signaling information. ECF 108, ¶¶ 3, 45, 170-71. Plaintiffs are bound by those allegations. Having affirmatively alleged content collection by the challenged technologies, Plaintiffs cannot now salvage their § 638.51 claim by hypothesizing that discovery may reveal some tracker that operated differently than described in the FAC.

Second, Plaintiffs' attempt to divide a single tracking technology into separate hypothetical "processes," one that allegedly captures content and another that allegedly captures record information, finds no support in the statute or the FAC. The relevant question is whether the alleged "device or process," as pleaded, functions as a pen register. Cal. Penal Code § 638.50(b). Plaintiffs do not identify any discrete process that solely records routing or signaling information. Having alleged an integrated tracking mechanism that collects contents (ECF 108 ¶¶ 25, 27, 34-35, 39-42. 43-83), Plaintiffs cannot manufacture a pen register claim by carving out unspecified portions of that same technology and relabeling the information collected as "record information."

Third, Plaintiffs' position is incompatible with this Court's decision in *Kishnani*. There, the Court rejected a pen register theory based on allegations that the challenged software collected both information about communications and the contents of communications. *Kishnani v. Royal Caribbean Cruises Ltd.*, No. 25-CV-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025), *appeal dismissed*, No. 25-4452, 2025 WL 2943080 (9th Cir. Oct. 3, 2025). Plaintiffs attempt to distinguish *Kishnani* by asserting that multiple trackers are alleged here, but that distinction misses the point. The relevant inquiry is whether Plaintiffs have plausibly alleged that any challenged device qualifies as a pen register under CIPA. The FAC does not identify *any* particular tracker that exclusively records routing, addressing, or

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

signaling information while excluding content. Instead, Plaintiffs reliance on generalized and conclusory allegations do not plausibly establish that any specific tracker satisfies the statutory definition.

Nor can Plaintiffs rely on *Meta Pixel Tax Filing Cases* or similar decisions to rewrite the statutory text. Whatever policy considerations Plaintiffs invoke, the Legislature expressly limited the definition of a pen register to devices that record dialing, routing, addressing, or signaling information rather than communication contents. Courts must apply that limitation as written. Plaintiffs' interpretation would effectively eliminate the distinction between content interception devices and pen registers by allowing any technology that captures content also to qualify as a pen register whenever some associated metadata is transmitted. Nothing in the statutory text supports such a result.

Therefore, the fact that Plaintiffs alternately characterize the same data as "contents" for one claim and "record information" for another only underscores the deficiencies in their pleading. The FAC does not plausibly allege either theory.

4.      *Section 638.51(b)(1) service provider exemption applies.*

Plaintiffs misstate both Section 638.51(b)(1) and POLITICO's use of cookies. Website operators qualify as "providers" of electronic communication services because they supply users with access to information, content, and interactive features over the internet. *See In re Google Inc. Gmail Litig.*, 2013 WL 5423918, at *8-11 (N.D. Cal. Sept. 26, 2013) (treating web-based platforms as providers of electronic communication services).

The information Plaintiffs cite in the FAC—browsing history, visit history, session data, device information, and similar technical details—is precisely the type of routine data websites collect to maintain functionality, prevent fraud, and deliver content. ECF 108 ¶¶ 49, 60, 65, 72, 75, 82. Plaintiffs' attempt to reframe these ordinary service-provider practices as "agreements to sell" personal data is wholly conclusory and unsupported by factual allegations. Their reliance on *Gabrielli* is misplaced, as the defendant failed to establish that its sophisticated, fingerprinting-style data collection was necessary to operate or maintain its service. *Gabrielli*, 2025 WL 1939957 at *12. Likewise, *Rodriguez v. Autotrader.com, Inc.* addressed allegations of commercial profiling, not routine analytics. 762 F. Supp. 3d at 930. Because POLITICO is an electronic communication service provider and the alleged cookie use falls within Section 638.51(b)(1)'s operational exemption, Plaintiffs' claim must be dismissed.

**F.      Plaintiffs' Claim of Fraud, Deceit and Misrepresentation Fails.**

Plaintiffs fail to adequately plead reliance. Plaintiffs' conclusory allegations that they continued browsing POLITICO's Website "in reliance on" the challenged statements are insufficient. ECF 113, Opp. 23. Rule 9(b) requires more than formulaic recitations of reliance. *See Kearns v. Ford Motor Company*, 567 F.3d 1120, 1126-27 (9th Cir. 2009) (affirming dismissal where plaintiff failed to allege with particularity that he was exposed to and relied on the purported misrepresentations). The FAC does not allege facts demonstrating that each plaintiff actually reviewed, understood, and relied upon the specific representations at issue before deciding to continue using POLITICO's Website. Moreover, alleging that their browsing information possessed economic value and that POLITICO's conduct somehow diminished that value is insufficient to establish any concrete economic harm. *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 845 (N.D. Cal. 2024).

Finally, Plaintiffs' response improperly treats the Court's prior order as foreclosing further review of the fraud-based claims. Plaintiffs' Opposition overlooks that the Court's prior ruling was based on Plaintiff Shah's allegations and was issued at an earlier stage of the case. The addition of new Plaintiffs does alter the analysis because each plaintiff must independently establish reliance, injury, and timeliness. Plaintiffs cannot satisfy Rule 9(b) by relying on generalized allegations or by invoking the Court's prior ruling as a substitute for pleading the required facts in the FAC. Accordingly, Plaintiffs' fraud, deceit, and misrepresentation claims should be dismissed.

**G.      Plaintiffs' Unjust Enrichment Claim Fails.**

Plaintiffs still fail to cure the deficiency identified by the Court as to the newly added plaintiffs. The Court expressly held that, while Rule 8 permits alternative pleading, a plaintiff asserting both contract and quasi-contract theories must plead "facts suggesting that the contract may be unenforceable or invalid." ECF 74 (quoting *Isgur v. Meta Platforms, Inc.*, No. 24-CV-06559-WHO, 2026 WL 194640, at *10 (N.D. Cal. Jan. 26, 2026)). The Court therefore granted leave to amend "to include facts suggesting the unenforceability or invalidity of the contract at issue." *Id.*

Plaintiff Shah's circumstances are distinct. An arbitrator determined that Shah is not bound by the arbitration agreement. ECF 111-1, Ex. A. But that determination does not excuse Shah from pleading facts showing that the agreements governing Shah's relationship with POLITICO are unenforceable or

invalid. The FAC contains allegations that Shah failed to assent to POLITICO's Privacy Policy or Website Terms, but he does not identify any defect in contract formation or other basis for invalidity. To the contrary, the FAC repeatedly relies on POLITICO's policies, terms, and representations as the foundation for liability. Plaintiffs cannot plausibly claim that no enforceable agreement exists while simultaneously relying on those same agreements to support their claims.

The addition of two new Plaintiffs does not cure the pleading defect identified by the Court. Unlike Shah, Willis and Penning do not allege facts showing that they rejected, failed to assent to, or otherwise were not bound by POLITICO's Website Terms or Privacy Policy. Nor do they allege any plaintiff-specific facts establishing that any agreement governing their relationship with POLITICO is unenforceable, invalid, void, unconscionable, or otherwise inapplicable. Instead, the FAC offers only legal conclusions that any purported contract may be "unenforceable, invalid, void, unconscionable, or inapplicable," and that there was a lack of "knowing and mutual assent." ECF 108 ¶¶ 203-204. Such formulaic recitations are insufficient to satisfy the Court's directive. Indeed, the FAC continues to rely on the existence and content of POLITICO's policies and representations throughout the pleading. Plaintiffs cannot simultaneously rely on those policies as the basis for liability while offering only speculative assertions that the governing agreement might later be found unenforceable. While Shah may contend that no enforceable agreement governs his claims based on the arbitrator's ruling, the new Plaintiffs allege no comparable facts. Because those Plaintiffs have not pleaded facts suggesting that any contract governing their relationship with POLITICO is unenforceable, invalid, or otherwise inapplicable, their unjust enrichment claim remains barred.

### H.     Plaintiffs Should Not Be Granted Leave to Amend.

Plaintiffs' claims should be dismissed with prejudice without leave to amend their Complaint. Plaintiffs have already amended after six of nine claims were dismissed. The opposition and declarations reflect Plaintiffs' best available facts. Further amendment would prejudice POLITICO while Plaintiffs have been able to develop new facts and theories to support their claims. At a minimum, the CIPA claims that remain time-barred must be dismissed with prejudice.

Dated:  June 22, 2026 FISHER & PHILLIPS LLP

By: */s/ Usama Kahf*
USAMA KAHF
DANIELLE KAYS (*PRO HAC VICE*)
CATHERINE M. CONTINO (*PRO HAC VICE*)
XUAN ZHOU
Attorneys for Defendant POLITICO LLC

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On June 22, 2026 I served the foregoing document entitled **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** on all the appearing and/or interested parties in this action addressed as follows:

Seth Adam Safier
Marie Ann McCrary
Todd Kennedy
GUTRIDE SAFIER LLP
100 Pine Street, Suite 1250
San Francisco, California 94111

*Attorneys for Plaintiffs*
*VISHAL SHAH, HEIDI WILLIS, and STACY*
*PENNING*

Tel:        415.639.9090
Fax:        415.449.6469
Email:      seth@gutridesafier.com
            marie@gutridesafier.com
            todd@gutridesafier.com

☒        **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐        **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed June 22, 2026 at Irvine, California.

Stephanie A. Crisp
_____
Print Name

By: _____
              Signature

CERTIFICATE OF SERVICE