**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
 seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
 marie@gutridesafier.com
Todd M. Kennedy (State Bar No. 250267)
 todd@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
 rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**FISHER & PHILLIPS LLP**
Usama Kahf (SBN 266443)
 ukahf@fisherphillips.com
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Danielle Kays (*PRO HAC VICE*)
 dkays@fisherphillips.com
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

Catherine M. Contino (*PRO HAC VICE*)
 ccontino@fisherphillips.com
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

Xuan Zhou (SBN 333504)
 xzhou@fisherphillips.com
4747 Executive Dr. Suite 1000
San Diego, CA 92121
Telephone: (858) 597-9632

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISHAL SHAH, HEIDI WILLIS, and STACY PENNING, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POLITICO LLC<br><br>Defendant. | Case No. 5:25-cv-05213-NW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>JUDGE NOËL WISE<br><br>Date: July 14, 2026<br>Time: 9:00 AM |

FP 64676094.4
FP 64676094.4

Vishal Shah, Heidi Willis, and Stacy Penning ("Plaintiffs") and POLITICO LLC ("Defendant" or "POLITICO," and collectively the "Parties") submit this Joint Case Management Statement pursuant to this Court's April 15, 2026 Order. ECF No. 100. This statement supplements the Parties' prior positions as set forth in their initial Case Management Statement attached to this statement. ECF No. 28.

**1.      Jurisdiction, Venue, and Service**

Plaintiffs' Position:

On June 10, 2026, Defendant filed a Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"). The motion reasserts numerous arguments this Court has already considered and rejected, including Defendant's challenges to Article III standing. As the Court previously held, "because a misrepresentation about how information would be used and the non-consensual sharing of personal information could give rise to injuries that were actionable invasions of privacy at common law, plaintiffs have sufficiently pleaded an injury-in-fact for the purposes of Article III." *Shah v. Politico LLC,* No. 25-cv-05213-NW, 2026 U.S. Dist. LEXIS 25740, at *11 (N.D. Cal. Feb. 6, 2026) (quoting *Shah v. MyFitnessPal, Inc., No.* 25-CV-04430-PCP, 2026 U.S. Dist. LEXIS 15193, 2026 WL 216334, at *3 (N.D. Cal. Jan. 27, 2026))

Defendant's Position:

On June 10, 2026, Defendant filed a Motion to Dismiss asserting that Plaintiffs lack Article III standing, have failed to state a claim for all six (6) causes of action, and their claims under the California Invasion of Privacy are wholly barred by the statute of limitations. As of June 22, 2026, Defendant's Motion to Dismiss is fully briefed in accordance with the Court's scheduling order, and Defendant believes the motion may resolve or significantly narrow the issues presented in this action.

**2.      Facts**

Plaintiffs' Position:

This case is straightforward: Defendant told users they could refuse tracking, and then tracked them anyway. Through its cookie banner, Defendant represented that users could opt out

of "Performance" and "Online Behavioral Advertising" cookies. But even after users exercised those choices, Defendant continued to deploy third-party trackers and collect their data. Plaintiffs' claims arise from this betrayal of users' trust and privacy. This Court has already confirmed that these claims are actionable, denying Defendant's motion to dismiss with respect to Plaintiffs' claims for (I) invasion of privacy, (II) intrusion upon seclusion, and (III) common law fraud and granting leave to amend the remaining causes of action. ECF No. 74.

Defendant's Position:

Plaintiff's First Amended Complaint added two additional Plaintiffs and alleges Defendant's website deployed tracking cookies after users purportedly opted out of such tracking. Plaintiff contends that these practices violated CIPA, Cal. Penal Code §§ 631 and 638.51, and asserts additional claims for invasion of privacy, intrusion upon seclusion, fraud, deceit or misrepresentation, and unjust enrichment. Plaintiffs seek damages, restitution, and injunctive relief.

Defendant denies all material allegations and maintains that its use of cookies and related technologies complies with applicable law. Defendant further contends that Plaintiffs' claims suffer from threshold defects, including lack of standing and failure to allege any cognizable injury, and that the asserted claims are barred by the applicable statutes of limitation. Defendant also disputes that the proposed additional plaintiffs cure these deficiencies and denies that Plaintiffs or any putative class member can satisfy the requirements for class certification.

**3.    Legal Issues**

Plaintiffs' Statement:

Plaintiffs' original Complaint alleged nine causes of action: (I) invasion of privacy; (II) intrusion upon seclusion; (III) wiretapping in violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631; (IV) use of a pen register in violation of the CIPA, California Penal Code § 638.51; (V) common law fraud, deceit, and/or misrepresentation; (VI) unjust enrichment; (VII) breach of contract; (VIII) breach of implied covenant of good faith and

fair dealing; and (IX) trespass of chattels. On February 6, 2026, the Court dismissed Plaintiffs' Counts III, IV, VI, VII, VIII, and IX with leave to amend. ECF No. 74.

On June 4, 2026, Plaintiffs filed their FAC, which added two new Plaintiffs. ECF No. 108. The FAC alleges the same first six causes of action as the original Complaint: (I) invasion of privacy; (II) intrusion upon seclusion; (III) wiretapping in violation of the CIPA, California Penal Code § 631; (IV) use of a pen register in violation of the CIPA, California Penal Code § 638.51; (V) common law fraud, deceit, and/or misrepresentation; and (VI) unjust enrichment. The FAC does not reassert Counts VII, VIII, and IX.

Defendant's Statement:

The principal issues the Parties dispute include:

1) Whether the Court has Article III jurisdiction over the claims, including whether Plaintiffs have alleged a concrete and particularized injury sufficient to establish standing.

2) Whether Plaintiffs' claims are time-barred, in whole or in part, by the applicable statutes of limitation.

3) Whether Plaintiffs are "testers" and, if so, the implications for standing and the viability of Plaintiffs' claims.

4) Whether the information allegedly collected constitutes personally identifiable information.

5) Whether CIPA applies to internet-based communications, an issue currently pending before the California Court of Appeal in *Variety Media, LLC v. Superior Court*, Case No. B350578.

6) Whether Defendant qualifies as an electronic communications service provider or otherwise falls within the statutory exemption under CIPA.

7) Whether Defendant used cookies and related tracking technologies that constitute unlawful interception or surveillance under CIPA, Cal. Penal Code §§ 631 and 638.51.

8) Whether Plaintiffs had a reasonable expectation of privacy sufficient to support claims for invasion of privacy and intrusion upon seclusion.

9) Whether Defendant's alleged conduct is sufficiently serious or highly offensive to support claims for invasion of privacy or intrusion upon seclusion.

10) Whether Plaintiffs consented to the alleged conduct, including through disclosures in Defendant's cookie banner, privacy policy, or otherwise.

11) Whether Plaintiffs can establish the elements of fraud, deceit, and/or misrepresentation, including any actionable misstatement or omission, reliance, and resulting damages.

12) Whether Defendant was unjustly enriched, and if so, whether restitution is available as a remedy.

13) Whether Plaintiffs or any putative class member suffered a cognizable injury or damages.

14) Whether Plaintiffs' claims are barred, in whole or in part, by applicable defenses, including but not limited to consent and statutes of limitation.

15) Whether this action may be maintained as a class action under Federal Rule of Civil Procedure 23.

**4.    Motions**

Defendant moved to dismiss Plaintiffs' FAC on June 10. ECF No. 110. Plaintiffs filed their opposition on June 17, and Defendant filed its reply on June 22. ECF Nos. 113, 115. The motion is fully briefed and is set for hearing on September 16. ECF No. 110.

Plaintiffs' Statement:

Plaintiffs anticipate filing a motion for class certification. Although Plaintiffs hope the Parties can resolve their discovery disputes without Court intervention, despite four discovery letters, Defendant has produced only a handful of documents. If Defendant continues to delay producing relevant documents, Plaintiffs will have to bring additional letter disputes. Plaintiffs reserve the right to file other motions, as appropriate, including a motion for summary judgment (or partial summary judgment), and pretrial motions, including motions in limine.

Defendant's Statement:

Defendant filed a motion to dismiss which may substantially narrow or resolve the issues in this action and therefore may materially affect the scope of discovery and any future motion

FP 64676094.4
FP 64676094.4

practice. Subject to the Court's rulings, Defendant will oppose any motion for class certification that Plaintiffs may file and reserves the right to file such additional motions as may be appropriate, including dispositive motions, motions relating to class certification, motions in limine, and other pretrial motions.

Defendant disputes Plaintiffs' assertion that it has failed to produce documents or engaged in delays. In fact, Magistrate Cousins dismissed Plaintiffs' most recent discovery letter because Defendant has sufficiently answered the discovery responses at issue. Discovery is ongoing and is not nearly complete, nor is it expected to be complete. Defendant has produced documents consistent with its obligations to date and continues to collect, review, and produce responsive materials on a rolling basis. Any perceived timing concerns were attributed to the unsettled state of the pleadings, which existed for several months, and the need to ensure that discovery remains appropriately tailored and proportional to the claims and defenses that may ultimately be at issue. Defendant will continue to comply with its discovery obligations consistent with the Federal Rules of Civil Procedure, the Court's orders, and the needs of the case.

### 5.    Amendment of Pleadings

On June 4, Plaintiffs filed their FAC. ECF No. 108.

Plaintiffs' Statement:

Plaintiffs propose a deadline for amending pleadings six (6) months after Defendant files an answer to the operative complaint in this matter.

Defendant's Statement:

Defendant proposes that the deadline to amend the pleadings be set for six weeks after Defendant files its Answer. This is a reasonable schedule because it provides the parties sufficient time to evaluate any amendments in light of the pleadings while recognizing that discovery and third-party subpoenas are already underway. By that time, the issues will be more clearly defined, and the parties will be better positioned to determine whether any amendment is warranted.

### 6.    Evidence Preservation

The Parties executed an ESI Agreement on April 1, 2026.

### 7.    Disclosures

Plaintiffs served their initial disclosures on Defendant on September 11, 2025. Defendant served its Initial Disclosures on December 5, 2025 and supplemented its disclosures on January 21, 2026.

### 8.    Discovery

The Court entered the Parties' stipulated Protective Order on March 20, 2026.

<u>Plaintiffs' Statement:</u>

Plaintiffs served their first set of written discovery on Defendant more than nine months ago. Despite four discovery letter briefs and repeated Orders from this Court directing the Parties to move discovery forward following Defendant's repeated motions to stay, Defendant continues to resist participating in discovery in good faith. *See*, *e.g.*, ECF No. 88 ("[T]he Court directs the parties to immediately proceed with discovery."); ECF No. 106 (reminding Defendant of the Court's prior directive). Defendant has repeatedly demonstrated that, absent Court intervention, it does not intend to provide even the most basic information relevant to this case, including information regarding the total number of visitors to its Website. Defendant takes Judge Cousins' most recent Order out of context. The statement Defendant cites addressed only two specific interrogatory responses—not Defendant's discovery responses as a whole, as Defendant suggests. *See* ECF No. 117. Indeed, Defendant has produced only 59 documents to date.

**ESI Searches.** On April 1, 2026, the Parties entered into an ESI Protocol. The Protocol contemplated that Defendant would make the initial search-term proposal because Defendant is in the best position to identify the terminology likely to yield documents responsive to Plaintiffs' requests for production. During subsequent meet-and-confer discussions, Defendant reaffirmed that it would provide its proposal by June 5. When Defendant requested an extension to June 12, Plaintiffs agreed. Defendant nevertheless failed to comply. Instead, it requested that the Parties postpone ESI negotiations until after briefing on its pending motion to dismiss. That briefing is now complete, yet Defendant continues to delay without explanation. As a result, Plaintiffs have

independently prepared proposed search terms and requested that Defendant immediately provide hit counts so the Parties can move the ESI process forward.

**Interrogatories.** Although Defendant supplemented certain interrogatory responses pursuant to the Court's Order, its responses remain inadequate. Defendant represented that it would provide its final position regarding further supplementation by June 12 but failed to do so. In numerous instances, Defendant has provided no substantive response at all, instead relying on improper objections. Plaintiffs therefore anticipate moving to compel further responses.

**Requests for Production.** The Parties have met and conferred regarding Defendant's inadequate document production. Defendant has refused to produce broad categories of highly relevant documents, including its Website code, which is highly probative of how the Website operated during the relevant period. Defendant represented that it would provide its final position regarding whether it intends to produce these materials, but it has yet to do so. Defendant has likewise failed to provide any timeline for producing documents it unequivocally agreed to produce in its written responses, including documents concerning the configuration and settings of its cookie consent management platform.

**Depositions.** Plaintiffs have noticed three depositions, including the upcoming deposition of Casey Arbaugh noticed for July 2. Plaintiffs requested that Defendant prioritize substantially completing its ESI production with respect to those witnesses so that they can be examined on a complete factual record. Defendant has largely ignored Plaintiffs' deposition notices, has not confirmed that it will produce its witnesses on the noticed dates, and has made no effort to substantially complete ESI production for those witnesses before their depositions, despite Plaintiffs' repeated requests during meet-and-confer discussions.

**Third-Party Discovery.** Plaintiffs have served subpoenas on Google LLC, Adobe Inc., X Corp., Amazon.com Sales Inc., and Microsoft Corporation and are currently meeting and conferring with those entities regarding the scope of their productions. Plaintiffs also anticipate serving subpoenas on the provider(s) of Defendant's cookie management platform.

Plaintiffs oppose Defendant's request to stay or phase discovery. Less than one month ago, Judge Cousins denied Defendant's renewed motion to stay discovery. ECF No. 107. Further, Courts in this District routinely reject phased discovery in putative class actions because class certification and merits issues are often intertwined, and phasing discovery invites unnecessary disputes over artificial line-drawing. Here, the same evidence concerning Defendant's alleged conduct, data collection practices, and uniform course of conduct is relevant to both Rule 23 and the merits.

Defendant's Statement:

Defendant has appropriately responded to discovery to date. Indeed, while Plaintiffs incorrectly allege Defendant has resisted and refused to provide discovery, to the contrary – Magistrate Cousins has found that Defendant's "responses are sufficient and proportional to the needs of the case at the current stage of the proceedings." ECF No. 117. And instead, Plaintiff Shah's discovery responses remain incomplete, as he has yet to produce basic documents supporting his claims, including any documentation from Plaintiff Shah, or any evidence substantiating his allegations. Defendant also anticipates that issues concerning the preservation and production of relevant evidence may require further attention as discovery progresses. Nonetheless, Defendant anticipates any further discovery can be conducted efficiently within the formats provided by the Federal Rules of Civil Procedure.

On March 3, 2026, Defendant served its First Set of interrogatories, requests for production, requests for admission. On June 6, 2026, Defendant served its first set of interrogatories, requests for production, and requests for admission to Plaintiffs Penning and Willis, which are due July 8, 2026.

**ESI Search Terms.**

Defendant disputes Plaintiffs' characterization of its discovery conduct. Defendant has timely served written responses, produced responsive, non-privileged documents on a rolling basis, and has continued to meet and confer in good faith regarding discovery issues.

FP 64676094.4
FP 64676094.4

With respect to ESI, the Parties entered into an ESI Protocol on April 1, 2026. On June 4, 2026, Plaintiffs filed the FAC, which added two new named Plaintiffs and expanded the scope of the operative pleading. In light of the amended pleading and the resulting changes to the scope of discovery, Defendant was not able to provide its proposed search terms by the anticipated June 12 deadline. Defendant intends to promptly provide its proposed search terms and continue meeting and conferring with Plaintiffs to finalize reasonable search terms and proceed with ESI collection and production. Defendant remains committed to cooperating in discovery and resolving any remaining discovery issues without unnecessary Court intervention.

**Interrogatories and Requests for Production**. Plaintiff Shah provided responses to Defendant's discovery on April 30, 2026. However, Plaintiff Shah's responses were woefully deficient. Plaintiff Shah produced absolutely *no documents whatsoever*. As a result, Defendant sent Plaintiff a discovery deficiency letter on May 6, 2026. The parties met and conferred con May 12, May 22, May 28, and June 3. The parties discussed dates by which Plaintiff would supplement his responses. On June 12, Plaintiff Shah provided an update on interrogatories 1, 2, 5, and 6. The remaining discovery responses remain deficient, Plaintiff has not provided an update on whether he would be supplementing those responses.

Contemporaneously, the parties are engaged in settlement discussions and those negotiations remain ongoing. As such, Defendant proposes pausing oral discovery until resolution of these settlement discussions.

**Depositions**. Plaintiffs unilaterally noticed depositions of Defendant's employees and corporate designee. Counsel and the parties are not available on those dates. In light of the pending Motion to Dismiss, the recent filing of the FAC adding two new named Plaintiffs, the ongoing completion and conferral of written discovery and ESI, and the Parties' ongoing settlement discussions, Defendant believes it would be more efficient to defer depositions until the pleadings and document discovery have progressed further. Defendant will continue to meet and confer with Plaintiffs regarding mutually agreeable deposition dates and the appropriate sequencing of depositions and document production.

FP 64676094.4
FP 64676094.4

**Third Party Discovery**. Defendant has requested that Plaintiffs include Defendant on its conversations with third parties who they have subpoenaed, but Plaintiffs have inappropriately asserted the attorney-client privilege and have refused to provide an update on the status of those discussions.

Defendant further submits that class-wide discovery should be phased and, if permitted at all, should proceed only after the pleadings are settled and the Court resolves threshold issues, including Defendant's anticipated motion to dismiss and any class certification issues. Defendant reserves the right to seek relief from the Court if discovery becomes unduly burdensome or exceeds the permissible scope under the Federal Rules.

**9.     Class Action Matters**

No update at this time.

**10.     Related Cases**

No update at this time.

**11.     Relief**

Plaintiffs' Position:

As set forth in the FAC, Plaintiffs are seeking certification of the proposed class; an order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices as alleged in the Complaint; an award of compensatory damages; an award of statutory damages where available; an award of punitive damages; an award of treble damages; an award of restitution; an order requiring Defendant to pay both pre- and post-judgment interests on any amounts awarded; reasonable attorneys' fees and costs of suit incurred; and any other relief the Court may deem just and proper.

Defendant's Position:

Defendant denies Plaintiffs are entitled to any of the relief requested in the FAC. Defendant contends that Plaintiffs' claims are without merit, that class certification is inappropriate, and that Plaintiffs have failed to establish any entitlement to damages, restitution, injunctive relief, attorneys' fees, costs, or any other form of relief. Defendant reserves all rights

to challenge the propriety and scope of any relief requested at the appropriate time.

**12.    Settlement and ADR**

No update at this time.

**13.    Other References**

No update at this time.

**14.    Narrowing of Issues**

Plaintiffs' Position:

Plaintiffs do not believe the motion is likely to materially narrow the issues presented in this action. The Court has already held that Plaintiff Shah's privacy and fraud claims are viable. Plaintiffs also disagree with Defendant's characterization of the Parties' settlement discussions and do not believe the Parties are close to resolving this action at this time.

Defendant's Position:

Defendant believes the issues in this case may be substantially narrowed, or the action may be resolved in its entirety, by the Court's ruling on Defendant's pending Motion to Dismiss. In addition, the Parties are engaged in settlement discussions that may further narrow the issues or resolve the action. Defendant will continue to meet and confer with Plaintiffs regarding the efficient management of the case and the potential narrowing of issues as discovery progresses.

**15.    Scheduling**

Plaintiffs' Statement:

Plaintiffs propose the schedule below for briefing on the anticipated motion for class certification. Plaintiffs' proposal departs from the Court's Standing Order because the Court's template does not appear to address class certification, which is typically a threshold issue in class actions. Plaintiffs propose that remaining deadlines for the completion of fact and expert discovery and other pre-trial deadlines be set after this Court's order on class certification, insofar that ruling may well inform the scope of the case going forward so the Parties will be better able to assess the remaining discovery and experts needed.

Plaintiffs oppose Defendant's proposal, which seeks to bifurcate discovery by imposing a cutoff for so-called class certification discovery. That approach is improper. As courts in this District recognize "bifurcation is likely to give rise to unnecessary disputes about what constitutes merits versus class discovery." *Imran v. Vital Pharms., Inc.* 2019 U.S. Dist. LEXIS 244463, No. 18-cv-05758-JST, 2019 U.S. Dist. LEXIS 244463, at *6 (N.D. Cal. Sep. 4, 2019); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."). In practice, Defendant's proposal would invite motion practice over artificial line-drawing and delay the efficient progression of discovery. Plaintiffs' proposal avoids those issues by permitting integrated discovery, consistent with how courts in this District typically manage class actions.

| Event | Proposed Schedule |
|---|---|
| Deadline to amend pleadings or join parties | Six months after Defendant files an answer |
| Deadline for Plaintiffs to file the motion for class certification and any expert report(s) in support thereof | Thursday, May 13, 2027 |
| Deadline for Defendant to oppose class certification and file any expert report(s) in support of its opposition | Thursday, July 29, 2027 |
| Deadline for Defendant to file motions to exclude Plaintiffs' experts | |
| Deadline for Plaintiffs to file reply in support of class certification | Thursday, September 23, 2027 |
| Deadline for Plaintiffs to oppose motions to exclude his experts | |
| Deadline for Plaintiffs to file motions to exclude Defendant's experts | |
| Deadline for Defendant to file reply in support of motions to exclude Plaintiffs' experts | Thursday, October 7, 2027 |
| Deadline for Defendant to oppose motions to exclude its experts | |

FP 64676094.4
FP 64676094.4

| Deadline for Plaintiffs to file reply in support of motions to exclude Defendant's experts | Thursday, October 21, 2027 |
| --- | --- |
| Hearing on Plaintiffs' motion for class certification and any motions to exclude experts | To be set by the Court |

Defendant's Statement:

As this is a putative class action, Defendant proposes the schedule set forth below, which deviates from this Court's Standing Order, because it is tailored to the procedural posture and anticipated needs of this case. Defendant's proposed schedule appropriately sequences class certification and merits discovery and ties key deadlines to concrete events, such as the filing of an answer and the class certification briefing. This approach avoids unnecessary expert discovery and dispositive motion practice unless and until the pleadings are settled and class issues are resolved. Furthermore, Defendant does not seek bifurcation of discovery but instead suggests a reasonable deadline for class merits discovery in advance of the class certification deadline which is common and reasonable in a putative class action schedule. This proposal does not suggest bifurcation. Instead, resolving class certification before requiring broad merits discovery would promote efficiency, avoid unnecessary expense, and ensure that any subsequent discovery is appropriately tailored to the claims and issues that remain in the case.

In addition, the proposed schedule reflects the complexity of a putative class action, including the need for phased discovery, class certification briefing, notice, and any opt-out period before full merits and expert discovery proceed. This sequencing is consistent with typical practice in class actions and will conserve both party and judicial resources.

If the Court decides to enter a schedule now, Defendant proposes the following deadlines for discovery, trial, and pretrial proceedings:

| Case Stage | Deadline |
| --- | --- |
| Deadline to amend pleadings or join parties | 6 weeks after Scheduling Conference |
| Class Certification – Discovery Cut-Off | Ten months after Defendant files an Answer |

| Class Certification – Motion for Class Certification Deadline | 12 months after Defendant files an Answer |
|---|---|
| Class Certification – Opposition Deadline | 30 days from Class Certification Motion Deadline |
| Class Certification – Reply Deadline | 30 days from Opposition Deadline |
| Class Certification Motion Hearing | 21 days after Reply |
| Fact Discovery Cut-Off (no later than deadline for filing dispositive motion) | 3 months after decision on motion for class certification |

Defendant requests the court schedule a pretrial date, trial date and trial deadlines after the resolution of motions for summary judgment.

**16.    Trial**

The Parties agree that it is premature to estimate length of the trial at this time.

**17.    Disclosure of Non-Party Interested Entities or Persons**

No update at this time.

**18.    Professional Conduct**

No update at this time.

**19.    Other Matters**

Plaintiffs' Position:

As explained in Paragraph 17, Plaintiffs oppose Defendant's proposed bifurcation of class and merits discovery.

Defendant's Position:

Defendant disputes Plaintiffs' assertion that phased discovery is inappropriate. Defendant's proposal is not based solely on the addition of two new named Plaintiffs, but on the efficient management of this case in light of the recently amended operative complaint, Defendant's pending Motion to Dismiss, and the threshold issues presented by anticipated class certification. Under these circumstances, addressing class certification before broad merits discovery promotes efficiency and avoids unnecessary expense if the class is not certified or the claims are otherwise narrowed. Defendant's proposed schedule is intended to facilitate the just, speedy, and inexpensive determination of this action, consistent with Federal Rule of Civil Procedure 1.

Nonetheless, Defendant reserves the right to seek appropriate phased discovery or other case management orders as the pleadings are settled and the scope of the case becomes clearer.

Dated: June 26, 2026

**GUTRIDE SAFIER LLP**

*/s/ Rajiv V. Thairani*
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
Todd M. Kennedy (State Bar No. 250267)
  todd@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
  rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**FISHER & PHILLIPS LLP**

*/s/ Xuan Zhou*
Usama Kahf (SBN 266443)
  ukahf@fisherphillips.com
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Danielle Kays (*PRO HAC VICE*)
  dkays@fisherphillips.com
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

Catherine M. Contino (*PRO HAC VICE*)
  ccontino@fisherphillips.com
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

Xuan Zhou (SBN 333504)
  xzhou@fisherphillips.com
4747 Executive Dr. Suite 1000
San Diego, CA 92121
Telephone: (858) 597-9632

*Attorneys for Defendant*

FP 64676094.4
FP 64676094.4

## ATTESTATION OF CONCURRENCE IN FILING

In accordance with the Northern District of California Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the signatories who are listed on the signature page.

Dated: June 26, 2026

**GUTRIDE SAFIER LLP**

*/s/Rajiv V. Thairani*
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
Todd M. Kennedy (State Bar No. 250267)
  todd@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
  rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs*

FP 64676094.4
FP 64676094.4