**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
seth@gutridesafier.com
MARIE A. MCCRARY (State Bar No. 262670)
marie@gutridesafier.com
TODD KENNEDY (State Bar No. 250267)
todd@gutridesafier.com
RAJIV V. THAIRANI (State Bar No. 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISHAL SHAH, HEIDI WILLIS, and STACY PENNING, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POLITICO LLC,<br><br>Defendant. | Case No. 5:25-cv-05213-NW<br><br>Hon. Nathanael M. Cousins<br><br>DISCOVERY LETTER BRIEF NO. 5 REGARDING DEFENDANT'S DEFICIENT RESPONSES TO PLAINTIFFS' INTERROGATORIES |

July 28, 2026

***VIA ECF***

The Honorable Nathanael M. Cousins
United States District Court, Northern District of California
280 South 1st Street
San Jose Federal Courthouse – 4th Floor
San Jose, CA 95113

**Re: Discovery Letter Brief Regarding Defendant's Deficient Interrogatory Responses 9–10, Case No. 5:25-cv-05213-NW**

Dear Judge Cousins:

In compliance with the Court's Civil Standing Order Regarding Discovery, Plaintiffs Vishal Shah, Heidi Willis, and Stacy Penning ("Plaintiffs") submit this discovery dispute letter. On May 22, 2026, and June 3, 2026, the Parties met and conferred by videoconference regarding Plaintiffs' Interrogatories to Defendant. During those conferences, Defendant stated its firm position that it would not amend its responses to Interrogatories Nos. 9 and 10. In a follow-up email memorializing the meet and confer, Plaintiffs confirmed that, with respect to Interrogatories Nos. 9 and 10, "Defendant stood on its objections and stated that it does not intend to supplement or amend its responses." Defendant never disputed Plaintiffs' record of the meet and confer.

On July 21, 2026, Plaintiffs sent Defendant a draft of this discovery dispute letter and requested Defendant's portion. Defendant responded only that it intended to produce certain documents relating to a separate discovery dispute and said nothing about Interrogatories Nos. 9 and 10. On July 23, Plaintiffs reminded Defendant that "during our meet and confer in June, Defendant agreed that the dispute regarding Interrogatories 9–10 was ripe" and again requested Defendant's portion of the joint letter. On July 24, Plaintiffs followed up and requested a final meet and confer regarding, among other things, this dispute. On July 27, Plaintiffs again requested Defendant's edits and advised that, absent a response, Plaintiffs would file the letter without Defendant's participation. Defendant did not respond.[1]

Despite repeated follow-up requests, multiple opportunities to participate, and Plaintiffs' request for a final meet and confer, Defendant has neither provided its portion of the letter nor requested additional time to do so. Defendant's refusal to participate in the preparation of this joint discovery dispute letter is contrary to this Court's Civil Standing Order Regarding Discovery and the Northern District of California Guidelines for Professional Conduct.

## <u>ARGUMENT</u>

Plaintiffs served written discovery, including twelve interrogatories, on September 23, 2025. Despite extensive meet-and-confer efforts and this Court's repeated direction that discovery proceed,

[1] Although one of Defendant's attorneys began displaying an out-of-office message on Monday, she was aware of this pending dispute before leaving and did not request additional time. Moreover, all four attorneys of record for Defendant, including lead counsel, were copied on Plaintiffs' emails. None responded, requested additional time, or agreed to a further meet and confer regarding this dispute.

Defendant continues to rely on meritless objections while withholding information central to Plaintiffs' claims. Although the vast majority of Defendant's discovery responses remain deficient, Plaintiffs focus below on Defendant's responses concerning its investigations into the Website's cookie compliance.

**<u>Interrogatories 9-10:</u>**

Interrogatory 9: "IDENTIFY the specific steps YOU, or anyone acting on YOUR behalf, took to investigate AND/OR address YOUR WEBSITE'S COOKIE COMPLIANCE, INCLUDING how YOU track rejections of COOKIES, ANY REPORTS regarding rejections of COOKIES, the PERSON(S) responsible for generating and reviewing such REPORTS, EVERY instance where YOU tested the operation, functionality, AND/OR efficacy of YOUR COOKIE banner(s) and COOKIE COMPLIANCE MANAGER, INCLUDING any audits, REPORTS, or consultations with experts during the last four years."

Interrogatory 10: "IDENTIFY the specific steps YOU, or anyone acting on YOUR behalf, took to investigate AND/OR address YOUR WEBSITE'S COOKIE COMPLIANCE, INCLUDING how YOU track rejections of COOKIES, ANY REPORTS regarding rejections of COOKIES, the PERSON(S) responsible for generating and reviewing such REPORTS, EVERY instance where YOU tested the operation, functionality, AND/OR efficacy of YOUR COOKIE banner(s) and COOKIE COMPLIANCE MANAGER, INCLUDING any audits, REPORTS, or consultations with experts after YOU were notified of PLAINTIFF'S claims up until the present."

On April 10, 2026, Defendant served amended objections and responses to Interrogatory 9 & 10. It objected to each interrogatory on the basis that: there is no Article III standing; no operative complaint; vague terms; overbreadth, proportionality; and privilege. These objections are without merit. Notwithstanding the objections, Defendant answered: "POLITICO utilizes a cookie consent management platform to present cookie consent options to website users. At the time Shah visited POLITICO's website, POLITICO utilized OneTrust for cookie compliance. Upon information and belief, POLITICO does not track or maintain records reflecting individual user rejections of cookies and does not maintain reports regarding cookie rejections in the requested format. Therefore, POLITICO does not have non-privileged information responsive to this request in its possession, custody, or control."

First, Defendant cannot avoid answering these interrogatories by asserting that responsive information is maintained by OneTrust or another third-party vendor. *See Perkins v. Nat'l Express*, No. 14-cv-02347-NC, 2015 U.S. Dist. LEXIS 11330, at *5 (N.D. Cal. Jan. 30, 2015) (Cousins, J.) (compelling further response to interrogatories regarding testing done by third parties). Rule 33 requires a party to furnish information "available" to it. If OneTrust acted on Defendant's behalf in implementing, configuring, monitoring, testing, or maintaining Defendant's cookie consent platform, then Defendant must identify the actions taken by its agent. Indeed, the interrogatories expressly seek information concerning the steps taken by Defendant or *anyone acting on its behalf*. Defendant's response does not address that request.

Second, Defendant's assertion that it does not maintain records reflecting individual user rejections does not answer the interrogatories. Interrogatories 9 and 10 seek far more than records of individual cookie rejections. They request information concerning Defendant's investigation of its Website's cookie compliance, including the testing performed, audits conducted, reports generated,

consultations with experts, the persons responsible for those activities, and the steps Defendant took to investigate or address the issues. Moreover, Plaintiffs served Defendant with a preservation letter on August 18, 2023, specifically requesting that it preserve information relating to its Website and cookie technologies. If responsive information once existed but was not preserved, Defendant should state as much. Instead, Defendant addresses only one narrow category of information while remaining silent as to the balance of the interrogatories.

Finally, Defendant cannot avoid responding merely because some portion of its investigation may have involved counsel. The attorney-client privilege protects confidential legal communications—not the underlying facts or technical work performed during an investigation. Thus, even if Defendant retained counsel or consultants to evaluate its Website's cookie compliance after becoming aware of this litigation, Defendant must still identify the non-privileged facts responsive to these interrogatories, including the testing performed, the persons involved, the actions taken by Defendant and those acting on its behalf, and any technical or remedial measures undertaken. Moreover, Plaintiffs' interrogatories are not limited to investigations conducted in anticipation of or during this litigation. They seek information concerning any investigations, testing, or evaluations of Defendant's cookie practices, whenever conducted. To the extent Defendant performed such testing before it reasonably anticipated this litigation, those materials would not be protected by the work-product doctrine. Accordingly, Defendant cannot withhold responsive factual information by broadly invoking privilege, and the Court should compel complete responses.

**Privilege Log:**

On January 21, 2026, Defendant issued a privilege log with four entries. In it, Defendant identifies a report prepared by "DBR Data Privacy Solutions, P.C. dba DBR Tech Law," which Defendant describes as an "attorney analysis report." Beyond that conclusory description, the log provides no information regarding the report or the basis for the asserted privilege.

A party asserting privilege must "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b); *see also Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1148 (9th Cir. 2005) (a party claiming privilege must "provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection"). Typically, this is done using a privilege log that identifies "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). However, a party may also substantiate a claim of privilege by other means, including declarations that "establish the purpose of the communication or the specific role of the sender and each individual recipient." *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015).

By its own description, DBR publicly advertises website privacy audits, cookie consent reviews, data-flow analyses, and other technical privacy compliance services while offering "attorney-client privilege protection" for its legal findings and recommendations.[2] Thus, DBR appears to market attorney-directed technical privacy investigations intended, at least in part, to preserve privilege. But

[2] https://dbrtechlaw.com/our-purpose/

the mere involvement of counsel or the performance of a technical privacy assessment does not, standing alone, establish that the resulting work product or communications are privileged.

Further, in the present matter, Defendant's privilege log provides virtually none of the information necessary to evaluate its privilege claim. It does not identify who requested the report, who prepared it, who received it, when it was created, the nature of the legal advice sought or provided, or the basis for the asserted privilege. Nor has Defendant submitted declarations or other evidence establishing the report's purpose or the circumstances under which it was prepared. Without that information, Plaintiffs cannot meaningfully assess Defendant's privilege claim. Plaintiffs respectfully request that the Court order Defendant to serve an amended privilege log, together with any declarations or other evidence necessary to substantiate its assertion of privilege, within seven days. If Defendant cannot substantiate its assertion of privilege through an amended privilege log and supporting declarations, Plaintiffs further request that the Court conduct an *in camera* review of the report to determine whether all or any portion of it is protected from disclosure.

Dated: July 28, 2026

**GUTRIDE SAFIER LLP**

*/s/ Rajiv V. Thairani*

Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*