USAMA KAHF (SBN 266443)
E-Mail: ukahf@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DANIELLE KAYS (*PRO HAC VICE)*
E-Mail: dkays@fisherphillips.com
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

CATHERINE M. CONTINO (*PRO HAC VICE)*
E-Mail: ccontino@fisherphillips.com
**FISHER & PHILLIPS LLP**
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

XUAN ZHOU (SBN 333504)
E-Mail: xzhou@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Dr. Suite 1000
San Diego, CA 92121
Telephone: (858) 597-9632

Attorneys for Defendant
POLITICO LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE**

| | |
|---|---|
| VISHAL SHAH, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POLITICO LLC,<br><br>Defendant. | Case No: 5:25-cv-05213-NW<br><br>**DEFENDANT POLITICO LLC'S STATEMENT OF RECENT DECISION**<br><br>Complaint Filed: June 20, 2025<br>FAC Filed: June 4, 2026<br>Trial Date: Not Set |

Pursuant to Local Rule 7-3(d)(2), and in support of POLITICO LLC's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 110), POLITICO LLC respectfully submits four recent decisions for the Court's consideration, two from the United States District Court for the Central District of California, one from the Northern District of California, and one from the Eastern District of California. All decisions, issued after the filing of POLITICO LLC's Reply, are directly relevant to the issues raised in POLITICO LLC's Motion to Dismiss, including Article III standing, privacy claims arising from website tracking technologies and the sufficiency of allegations concerning the interception and disclosure of personal information.

In *Brayfield v. Advanced Hair Restoration LLC*, No. 2:25-cv-11547-ODW (ASx) (C.D. Cal. July 24, 2026), the plaintiff alleged, among other things, that third-party tracking technologies transmitted information from the defendant's website despite the plaintiff's selection declining optional cookies through the website's consent mechanism. The court dismissed the plaintiff's ECPA, CIPA, and California constitutional privacy claims as time-barred, concluding that the defendant's publicly available privacy policy, which disclosed that personal information could be shared with business partners and that the website used tools to place cookies, provided sufficient information from which the plaintiff could have discovered the alleged data sharing when he visited the website in 2022. The court therefore held that the delayed-discovery rule did not apply and dismissed the complaint with prejudice and without leave to amend. A true and correct copy of the *Brayfield* decision is attached hereto as Exhibit A.

In *Steve Shannon et al. v. Health Net LLC*, No. 2:26-cv-03814-RGK-E (C.D. Cal. July 28, 2026), the Central District dismissed the complaint for lack of Article III standing, holding that plaintiffs failed to allege a sufficiently concrete injury arising from alleged website tracking technologies. Applying *TransUnion* and *Popa*, the court held that generalized allegations regarding the collection of browsing activity, engagement data, and persistent identifiers, or allegations that certain information "may" have been disclosed, were insufficient to establish Article III standing because plaintiffs failed to identify the specific information actually disclosed or plead a specific underlying harm. The court concluded that vague and speculative allegations of possible disclosure do not establish the concrete injury required by Article III. A true and correct copy of the *Steve Shannon et al. v. Health Net LLC* decision is attached

hereto as Exhibit B.

In *Doe v. LinkedIn Corp*., Nos. 5:25-cv-03737-EJD & 5:25-cv-08100-EJD (N.D. Cal. July 30, 2026), the Northern District distinguished between generalized allegations of data collection and allegations involving specific, highly sensitive health information. The court dismissed the complaint in *Doe* because plaintiffs failed to identify the particular information allegedly disclosed to LinkedIn, while allowing a separate plaintiff's intrusion-upon-seclusion claim to proceed where she specifically alleged that medication and dosage information had been intercepted. A true and correct copy of the *Doe v. LinkedIn Corp*. decision is attached hereto as Exhibit C.

In *Merical v. The Joint Corp.*, No. 1:26-cv-00974-KES-SAB (E.D. Cal. Aug. 3, 2026), the magistrate judge recommended dismissal for lack of Article III standing and, alternatively, for failure to state a claim. The court held that allegations that the plaintiff entered her name, email address, phone number, clinic preference, and unspecified information relating to a chiropractic appointment did not establish a concrete privacy injury because she failed to identify any specific personal or health information implicating a protectable privacy interest, what pages she viewed, what data was actually transmitted to a third party, or any downstream harm; "[g]eneralities are insufficient." The court further concluded, in the alternative, that CIPA § 631(a) does not apply to internet communications, reasoning that the statute's text and history are directed to wire-based communications, that the Legislature has expressly addressed internet activity elsewhere when it intended to do so, and that CIPA's criminal character counsels against expanding ambiguous statutory language to modern website-tracking technologies. Thus, *Merical* provides additional support both for the proposition that generic identifying information and an unspecified interaction with a health-related website do not, without more, establish Article III injury, and for a narrow construction of § 631(a) that does not extend the statute to ordinary internet communications. A true and correct copy of the *Merical* decision is attached hereto as Exhibit D.

/ / /

/ / /

/ / /

/ / /

Dated: September 8, 2026

**FISHER & PHILLIPS LLP**

By: */s/ Xuan Zhou*
USAMA KAHF
DANIELLE KAYS (*PRO HAC VICE*)
CATHERINE M. CONTINO (*PRO HAC VICE*)
XUAN ZHOU
Attorneys for Defendant
POLITICO LLC

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Dr. Suite 1000 San Diego, California.

On September 8, 2026 I served the foregoing document entitled **DEFENDANT POLITICO LLC'S STATEMENT OF RECENT DECISION** on all the appearing and/or interested parties in this action addressed as follows:

| | |
|---|---|
| Seth Adam Safier<br>Marie Ann McCrary<br>Todd Kennedy<br>Kali R. Backer<br>Rajiv V. Thairani<br>GUTRIDE SAFIER LLP<br>100 Pine Street, Suite 1250<br>San Francisco, California 94111 | ***Attorneys for Plaintiff***<br>***VISHAL SHAH***<br><br>Tel: 415.639.9090<br>Fax: 415.449.6469<br>Email: seth@gutridesafier.com<br>marie@gutridesafier.com<br>todd@gutridesafier.com<br>kali@gutridesafier.com<br>rajiv@gutridesafier.com |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed September 8, 2026 at San Diego, California.

Angelica Green-Rosas
Print Name

By: *Angelica Green-Rosas*
Signature