United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISHAL SHAH, et al.,<br>Plaintiff,<br>v.<br>POLITICO LLC,<br>Defendant. | Case No. 25-cv-05213-NW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Re: ECF No. 110 |

Defendant Politico LLC ("Politico") filed a motion to dismiss the first amended complaint ("FAC") in this putative class action. ECF No. 110. In the FAC, Plaintiff Vishal and newly-added Plaintiffs Heidi Willis and Stacy Penning allege that Politico presented visitors with a pop-up banner allowing them opt out of third party cookies and tracking technologies but then, "[e]ven after users elect to toggle off 'Performance Cookie[s]' and 'Online Behavioural Advertising' cookie[s]," continued to "cause[] cookies, including the Third Parties' cookies, to be sent to Plaintiffs[‘] and other visitors' browsers, stored on their devices, and transmitted to the Third Parties along with user data." ECF No. 108 ("FAC") ¶¶ 1–6. They bring six causes of action based on the alleged conduct: (1) invasion of privacy; (2) intrusion upon seclusion; (3) wiretapping in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631; (4) use of a pen register in violation of CIPA, Cal. Penal Code § 638.51; (5) common law fraud, deceit, and/or misrepresentation; and (6) unjust enrichment. FAC at 2.

In granting in part and denying in part Politico's prior motion to dismiss, this Court permitted Plaintiff Shah's invasion of privacy, intrusion upon seclusion, and common law fraud claims to proceed. *See* ECF No. 74 ("Prior Order") at 4–8, 10–12. The Court dismissed his CIPA claims as barred by the statute of limitations, dismissed his breach of contract, implied covenant,

and trespass to chattels claims for insufficient allegations of damages, and dismissed his unjust enrichment claims because it "does not lie where the parties have an enforceable express contract" and the plaintiff did not "ple[a]d facts suggesting that the contract may be unenforceable or invalid." *Id.* at 8–10, 12–16. Politico now moves to dismiss all claims.[1]

The Court held a hearing in this matter on September 25, 2026. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Politico's motion, DISMISSING Shah's CIPA claims with prejudice and DISMISSING Willis's and Penning's CIPA claims with leave to amend.

## I. BACKGROUND

As before, Plaintiffs allege that when they visited Politico's website in 2023, the website "immediately displayed to them a popup cookie consent banner" (the "Cookie Banner") that explained that users could "choose not to allow certain types of cookies" by toggling off certain categories of cookies (*e.g.*, "Performance Cookies" and "Online Behavioural Advertising" cookies). FAC ¶¶ 1, 3, 30–33, 98–100, 107–09, 117–20. Plaintiffs toggled off these cookies accordingly and then clicked the "Confirm my Choices" button under the toggle-sliders. *Id.* ¶¶ 33, 101, 110, 120. Believing these steps would "allow [them] to opt out of, decline, and/or reject all non-strictly necessary cookies and other tracking technologies," Plaintiffs continued browsing the website in reliance on Politico's promises. *Id.* ¶¶ 101, 105, 110, 115, 120, 125. But Politico "nonetheless continued to cause the Third Parties' cookies to be placed on users' devices and/or transmitted to the Third Parties along with user data, enabling them to collect user data . . . including browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data." *Id.* ¶¶ 3, 37, 104, 114, 124; *see also id.* ¶ 25 (explaining the sort of information included in each kind of data).

The details of Shah's visits to the website are largely unchanged in the FAC. He visited

[1] While Shah has amended his CIPA and unjust enrichment claims, neither he nor Willis nor Penning have brought any amended breach of contract, breach of implied covenant, or trespass to chattels claims. These claims are no longer at issue.

Politico's website multiple times in the last four years, including at least once in the first half of 2023. FAC ¶ 98. He "continues to desire to browse" Politico's website and would do so if it honored his rejection of non-essential cookies. *Id.* ¶ 106. As explained in the Court's Prior Order: Shah took a screenshot of Politico's website on August 12, 2023; sent a demand letter to Politico on August 17, 2023; filed a complaint and demand for arbitration on December 21, 2023; the arbitrator granted Shah's motion for non-arbitrability on July 29, 2024; Shah filed a petition to confirm the non-final, non-monetary arbitration decision on February 7, 2025; and Shah finally filed the complaint in this action on June 20, 2025. ECF No. 74 at 8; *see also* ECF No. 111-1 at 1–74 (Exhibit A, Sub-Exhibits A–C, to Politico's Request for Judicial Notice ("RJN")).[2]

Newly-added Plaintiff Willis "visited the Website on multiple occasions during the period from 2023 through 2026." FAC ¶ 107. She recalls one instance when she visited Politico's website to view articles on "the topic of the California senate debate in 2024." *Id.* ¶ 112. She, too, "continues to desire to browse" Politico's website and would do so if it honored her rejection of non-essential cookies. *Id.* ¶ 116. Willis alleges that she was "unaware" of Politico not honoring his cookie selections "until on or around January 2026 when [she] learned of Defendant's privacy violations from" counsel in this case. *Id.* ¶ 16.

Newly-added Plaintiff Penning "visited the Website on multiple occasions between 2023 and 2026, including on or about October 7, 2023; May 17, 2024; May 20 through May 31, 2024; and October 7, 2025[.]" *Id.* ¶ 117. He, too, "continues to desire to browse" Politico's website and would do so if it honored his rejection of non-essential cookies. *Id.* ¶ 126. Penning is a named plaintiff in at least sixteen CIPA/Cookie-tracking class actions. *See* ECF No. 111-1 at 84–891 (Exhibits D–S to Politico's RJN).[3] Plaintiff alleges that he was "unaware" of Politico not honoring his cookie selections "until on or around January 2026 when [he] learned of Defendant's

[2] The Court previously took judicial notice of these same documents because Plaintiff Shah "neither opposed the request for judicial notice nor disputed the authenticity of the attached documents." ECF No. 74 at 8 n.3. The Court again GRANTS Politico's request and takes judicial notice of these documents.

[3] The Court GRANTS Politico's request for judicial notice of these exhibits because each is a public record, namely a complaint filed in a state or federal case, and Plaintiffs neither object to the RJN nor dispute the authenticity of any of these documents.

United States District Court
Northern District of California

privacy violations from" counsel in this case. *Id.* ¶ 16.

## II. LEGAL STANDARD

### A. Article III Standing

"In the absence of standing, a federal court lacks subject matter jurisdiction over the suit." *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013) (quotations omitted). To demonstrate Article III standing, a plaintiff must show an injury, trace that injury to the defendants' conduct, and prove that courts can provide adequate redress for the injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). A plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560. For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021)

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth (*Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, (*In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010)).

### C. Rule 9(b)

Any claims that are "grounded in fraud . . . must satisfy the traditional plausibility standard of Rules 8(a) and 12(b)(6), as well as the heightened pleading requirements of Rule 9(b)."

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018). The heightened pleading standard set forth in Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks, alterations, and citations omitted).

## III. DISCUSSION

The Court begins by addressing each Plaintiff's standing and then turns to Politico's claim-by-claim challenges.

### A. Plaintiffs Have Standing to Bring this Case

#### 1. Politico's Renewed Argument as to Plaintiffs-in-General is Unpersuasive

As an initial matter, Politico's motion to dismiss—although generally focused on the newly added Plaintiffs, Willis and Penning—renews the argument that *all* Plaintiffs, including Shah, lack Article III standing. As in Politico's initial motion to dismiss in this matter, Politico argues that Plaintiffs fail to allege that they were concretely harmed by Politico's alleged conduct because they fail to identify any communications Politico collected or disclosed that results in any harm. *Compare* ECF No. 110 at 13–15 (arguing that Plaintiffs lack standing because they "fail to identify any personal information of theirs that was actually intercepted, disclosed, or otherwise misused as a result of their website visits.") *with* ECF No. 18-1 at 16–17 ("The Complaint does not identify any personal information of Plaintiff's that POLITICO collected or disclosed to a third party, nor any resulting harm. Without alleging what personal information of his was actually collected, Plaintiff has failed to identify a privacy injury.").

The Court remains unpersuaded by this argument. As the Court explained in its Prior Order, rather than vaguely alleging that the defendant "invaded [their] privacy by impermissibly collecting Plaintiff[s'] 'data' and 'information,'" as was the case in *Kishani*, Plaintiffs allege Politico collected their "browsing history, visit history, website interactions, user input data,

demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data." FAC ¶¶ 3, 37, 104, 114, 124; *see also id.* ¶ 25 (explaining the sort of information included in each kind of data); *compare id. with Kishnani v. Royal Caribbean Cruises Ltd.*, No. 25-cv-01473-NW, 2025 WL 1745726, at *3 (N.D. Cal. June 24, 2025); *see also Walsh v. Dollar Tree Stores, Inc.*, No. 25-cv-01601-SVK, 2025 WL 2939229, at *10 (N.D. Cal. Oct. 16, 2025) (finding this exact data, including geolocation data, "can be quite sensitive; loss in the privacy of such data supports Article III standing." (citing *Gabrielli v. Motorola*, 2025 WL 1939957, at *6 (same))). "'Intrusion on privacy alone can be a concrete injury,' [but] the nature of the injury turns on whether a plaintiff has a legitimate expectation of privacy." *Kishnani*, 2025 WL 1745726, at *3 (quoting *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 954 (N.D. Cal. 2018)). Here, as before, Plaintiffs allege that Politico "set an expectation that . . . user data would not be collected, but then collected it anyway." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 602 (9th Cir. 2020).[4]

In short, "because a misrepresentation about how information would be used and the non-

---

[4] None of the new authorities presented by Politico convince the Court otherwise. In its motion, and in statements of recent decisions filed thereafter, Politico raises eleven cases decided after the Court's Prior Order and therefore not considered by the Court. *See* ECF No. 110 at 14 (citing four cases); ECF Nos. 125–128 (attaching seven more cases). The decisions show only that there is no categorical rule against standing in such cases. Rather, analyzing *Popa v. Microsoft Corp.*, 153 F.4th 784, 786 (9th Cir. 2025), where the Ninth Circuit held that the use of "session-replay technology," which "allows a business to capture and reproduce customers' interactions with its website" such as "mouse movements, clicks, keystrokes" was insufficient to show a "highly offensive" privacy violation on a pet-supply store, courts have come to different conclusions in different cookie-tracking cases. For example, two decisions from this District decided the same day looked to the particular website and allegations before them and came to different conclusions. *Compare, e.g.*, *Wiley v. Universal Music Invs., Inc.*, No. 25-cv-03095-PCP, 2026 WL 2690163, at *5 (N.D. Cal. Sept. 14, 2026) (finding Article III standing where (1) the tracking at issue was performed cookies capturing the same kind of comprehensive information as at issue here, (2) the websites at issue were music websites, and (3) the websites did not honor the opt-outs permitted via their cookie banner, such that deceit was a "'plus factor' in determining whether an action is highly offensive.") *with Lutge v. Timex.com, Inc.*, No. 26-cv-00960-EMC, 2026 WL 2691100, at *2–3 (N.D. Cal. Sept. 14, 2026) (dismissing for lack of Article III standing where (1) the tracking at issue was performed cookies but they appeared to capture only "web activity, names, email addresses, phone numbers, and other identifiers," (2) the website at issue was an online watch retailer, and (3) despite the fact the websites did not honor the opt-outs permitted via their cookie banner, such that deceit was again a "plus factor."). To the extent *Popa* bears on cookie-tracking cases, Plaintiffs allege the website in this case is www.politico.com, a political news website, which even cases like *Lutge* acknowledged leans toward standing. *Cf. Lutge* , 2026 WL 2691100, at *2–3 (contrasting the "online watch store" at issue with websites relating to "medical data, immigration status, or **sociopolitical** views[.]" (emphasis added)).

consensual sharing of personal information could give rise to injuries that were actionable invasions of privacy at common law, plaintiffs have sufficiently pleaded an injury-in-fact for the purposes of Article III." ECF No. 74 at 6–7 (*quoting Shah v. MyFitnessPal, Inc.*, No. 25-cv-04430-PCP, 2026 WL 216334, at *3 (N.D. Cal. Jan. 27, 2026).

**2. Whether Penning is a "Tester" Presents a Factual Dispute Here**

Politico also argues that, as to Penning, he is a privacy "tester" and so lacks Article III standing. ECF No. 101 at 16. In support, Politico cites sixteen CIPA/Cookie-tracking class actions in which Penning has been a named Plaintiff. *See* ECF No. 111-1 at 84–891 (Exhibits D–S to Politico's RJN). Penning disputes this characterization, noting that he has alleged he visited Politico's website for *bona fide* reasons ("to read news content and follow current events") and that he lacks "the technical knowledge necessary to test whether the Website honors users' requests to reject all non-strictly necessary cookies and tracking technologies." FAC ¶¶ 117–18, 126. Because the Court accepts well-pleaded facts in the Complaint as true—and sixteen cases over two years, while troubling, is not so high a number as to render Penning's allegations clearly implausible and Penning himself unequivocally vexatious—as with Shah (*see* ECF No. 74 at 7 n.2), the Court finds that whether Penning is a "tester" is an issue of fact that is unsuitable for dismissal at the pleading stage.

**3. Willis's and Penning's Allegations and Declarations Raise a Sufficient Factual Dispute as to Whether They Saw the Cookie Banner**

As to Willis and Penning, Politico argues that "both lack factual standing" because Politico removed its Cookie Banner on September 13, 2023, so they could not have been confronted with it and opted out on the dates they state they visited Politico's website. ECF No. 110 at 13. Plaintiffs respond by pointing out that they alleged they visited the website on "multiple occasions during the period from 2023 through 2026," and that if the Cookie Banner was removed after September 13, 2023, then the Court must infer the critical visits occurred in 2023 prior to that date (and, as Plaintiffs point out, "websites typically do not display cookie banners to users who have already set their preferences."). ECF No. 113 at 13–14; *see also* ECF Nos. 113-1–2 ¶¶ 2-3 (Willis's and Penning's declarations, stating that they also visited the website prior to September 2023).



United States District Court
Northern District of California

The Court rejects Politico's argument. To the extent Politico's challenge to these Plaintiffs' standing is facial, as its other challenges appear to be, the date the Cookie Banner was removed is not before the Court because Politico does not seek judicial notice of the declaration of Jeremy Bowers (ECF No. 92-1) and the fact is not in the FAC. Construing Politico's challenge is a factual challenge to subject matter jurisdiction, the Court considers Bowers' declaration, but doing so only shifts the burden to Plaintiffs to provide countervailing evidence, appropriate based on the stage of the proceeding, to show they visited Politico's site when the Cookie Banner was active. They have done so via their declarations. *See* ECF Nos. 113-1–2 ¶¶ 2-3. While this does not put the issue of the Cookie Banner's removal to rest, it is not cause to dismiss Willis's and Penning's claims at this stage.

**B. Motion to Dismiss for Failure to State a Claim**

**1. Claims I–II: Invasion of Privacy and Intrusion Upon Seclusion**

The Court previously found that Plaintiff Shah had sufficiently stated claims for invasion of privacy and intrusion upon seclusion. ECF No. 74 at 7–8 (quoting extensively from *Pemberton v. Rest. Brands Int'l, Inc.*, No. 25-cv-03647-JSC, 2025 WL 3268404, at *1 (N.D. Cal. Nov. 24, 2025)). For the most part, neither Politico's motion nor reply attempt to explain why the same reasoning does not apply to Willis or Penning.[5] The Court agrees with Plaintiffs that "Defendant's recycled arguments ignore the fact, as explained above, that Defendant itself created a heightened expectation of privacy when it presented a cookie banner explicitly promising users the choice to reject tracking." ECF No. 113 at 17.

The motion to dismiss Plaintiffs' invasion of privacy (Count I) and intrusion upon seclusion (Count II) claims is DENIED.

**2. Counts III–IV: CIPA Wiretap and CIPA Pen Register**

As this Court previously explained, CIPA has a one-year statute of limitations. *See*

[5] Politico makes one argument unique to Penning: that because of "his extensive history of filing website-tracking and CIPA lawsuits . . . he cannot plausibly claim that he was surprised by, or unaware of, the very conduct he was actively seeking to identify[.]" This argument implicates a factual dispute for the same reasons that Politico's "tester" argument does – it is not clear at this point in the litigation that, after being burned sixteen times, the only reasonable belief for Penning is to distrust all websites and cookie banners.

*Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020). For the reasons explained below, the Court DISMISSES all Plaintiffs' CIPA claims as untimely

**a. Shah's CIPA Claims Are Untimely**

As to Shah, the Court previously explained that, even tolling the "221 days that passed between the date [his] arbitration was filed and the date the arbitrator found the suit non-arbitrable," there remained "at least 452 un-tolled days passed between the date the alleged injury occurred and the date Shah filed this action. As a result, Shah's CIPA claims are untimely." ECF No. 74 at 8–9. The Court gave Shah leave to amend his complaint to add facts "that justified his delay in filing the complaint," but Shah as not done so. *See* FAC. Plaintiffs appear not to oppose dismissal of Shah's CIPA claims as untimely. *See* ECF No. 113 at 9–12 (arguing only that Willis's and Penning's claims are timely).

The Court now DISMISSES Shah's CIPA claims with prejudice.

**b. Willis's and Penning's CIPA Claims Are Untimely**

As to Willis and Penning, Plaintiffs admit that they visited the Politico's website and their injuries occurred prior to September 13, 2023. *See, supra*, § III.A.3. Willis and Penning did not join in this lawsuit as named Plaintiffs until the FAC was filed on June 4, 2026. FAC. Plaintiffs' claims are thus timely only if some tolling doctrine applies. Plaintiffs assert the delayed-discovery rule, fraudulent concealment, and equitable tolling in their opposition. ECF No. 113 at 9–12.

"In order to invoke the delayed discovery exception to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010) (internal alterations omitted). Plaintiffs argue delayed discovery applies here, because they allege they did not discover their claims until January 2026, when they were informed of their claims by counsel, and did not have the technical knowledge to check for cookies and discover their claims on their own. FAC ¶¶ 16–17. Politico argues that these allegations are insufficient, because Plaintiffs "do not allege when they retained counsel or why they could not have discovered them earlier through reasonable diligence." ECF No. 110 at 12–13. The Court agrees with Politico that Plaintiffs have not sufficiently pleaded

reasonable diligence, because although they plead that they did not have the technical expertise to test whether their cookie opt-outs were being honored, they do not allege what affirmative steps they did take to attempt to determine if their opt-outs were being honored or if they were being tracked. *See, e.g.*, *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808–09 (2005) ("In order to rely on the discovery rule for delayed accrual of a cause of action, a plaintiff . . . must specifically plead facts to show . . . the inability to have made earlier discovery despite reasonable diligence. . . . [C]onclusory allegations will not withstand demurrer."). Thus, the discovery rule does not aid Plaintiffs as pleaded in the FAC.

"To plead fraudulent concealment, the plaintiff must allege that: (1) the defendant took affirmative acts to mislead the plaintiff; (2) the plaintiff did not have 'actual or constructive knowledge of the facts giving rise to its claim'; and (3) the plaintiff acted diligently in trying to uncover the facts giving rise to its claim." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1070 (N.D. Cal. 2021). Under the fraudulent concealment doctrine, however, "Plaintiffs [are] not obligated to investigate their claims until Plaintiffs ha[ve] reason to suspect the existence of their claims," and thus Plaintiffs' failure to allege an investigation under this doctrine may be excused. *Id.* at 1071. But even so, "fraudulent concealment requires conduct 'above and beyond the wrongdoing upon which the plaintiff's claim is filed, [that] prevent[ed] the plaintiff from suing in time.'" *Lau v. Gen Digital Inc.*, No. 22-CV-08981-JST, 2023 WL 10553772, at *3 (N.D. Cal. Sept. 13, 2023), *aff'd sub nom. Karwowski v. Gen Digital, Inc.*, No. 24-7213, 2025 WL 3002610 (9th Cir. Oct. 27, 2025). The only "concealment" Plaintiffs assert is the very act—affirmative deception via the Cookie Banner—that is at the heart of their claims. *See* ECF No. 113 at 11. The fraudulent concealment doctrine, then, also does not save Plaintiffs' CIPA claims.

Finally, Plaintiffs allege equitable tolling. Plaintiffs' only alleged basis for equitable tolling is "Plaintiff Shah's demand letter and Plaintiff Shah's filing of the arbitration proceeding." FAC ¶ 17. It is not clear how Shah's arbitration proceedings, to which Willis and Penning were not parties, could toll Willis's and Penning's claims. But even assuming such tolling applied, it would necessarily be limited to the same 221 days based on Shah's arbitration. And even accounting for such tolling, at least 420 days (counting from September 13 instead of August 12,

2023) of un-tolled time passed between the date the alleged injury occurred and the date of this action – let alone another year before Plaintiffs Willis and Penning joined the action.[6]

In sum, the tolling doctrines Plaintiffs advance are either insufficiently pleaded or inadequate to cover the time required by the statute of limitations. Willis's and Penning's CIPA claims are DISMISSED, with leave to amend only as to the investigation undertaken by Plaintiffs to support the delayed discovery doctrine, if—and only if—they can do so in good faith.

**3. Count V: Fraud, Deceit, and Misrepresentation**

Next, Politico challenges Willis's and Penning's claims for common-law fraud, deceit, and misrepresentation. ECF No. 110 at 28–30. As Plaintiffs point out, Politico repeats the same arguments that this Court already considered and rejected as to Shah. ECF No. 113 at 28. In reply, Politico does not disagree, but instead argues only that Plaintiffs Willis and Penning are new, and each must independently plead facts to support their causes of action. ECF No. 115 at 20.

Although Politico is correct in principle, Willis and Penning *have* pleaded independent facts as to their own experiences. *See* FAC ¶¶ 107–16 (Willis), 117-26 (Penning). Their experiences in visiting Politico's websites were materially identical to Shah's, and so the Court finds no reason to depart from its Prior Order – and Politico provides none. Accordingly, for the same reasons the Court previously permitted Shah's claims to advance, Politico's motion to dismiss Willis and Penning's claims under Count V is DENIED. *See* ECF No. 74 at 10–12.

**4. Cause of Action VI: Unjust Enrichment**

Finally, Politico challenges all Plaintiffs' claims for unjust enrichment. ECF No. 110 at 30. The Court previously dismissed Shah's "unjust enrichment" claim, explaining that "unjust enrichment is not a cause of action in California," but that courts sometimes imply a "quasi-contract [claim], without regard to the parties' intent, in order to avoid unjust enrichment." ECF

[6] At the hearing, Plaintiffs' counsel appeared to argue that tolling should extend from some other undefined date, *e.g.*, the date Plaintiffs discovered their injury rather than the date it occurred. But that argument depends on the Court applying the delayed discovery rule, which it does not do for reasons already explained above. Without that rule, tolling must run from the date of injury, *i.e.*, September 13, 2026, at the latest.

No. 74 at 12–13 (internal citations omitted). Shah previously did not state a quasi-contract claim because he simultaneously alleged the existence of an enforceable contract, without any "facts suggesting that the contract may be unenforceable or invalid." *Id.*

The FAC removes any allegation of an enforceable contract as to Shah, and omits those allegations as to Willis and Penning. *See* FAC.

Politico now argues that Plaintiffs' unjust enrichment/quasi-contract claims must fail because they "do not plead any non-speculative facts demonstrating that POLITICO realized a measurable financial benefit, the nature or amount of any such benefit, or how any alleged benefit is directly traceable to Plaintiffs, as opposed to generalized business operations." ECF No. 110 at 30.[7] Plaintiffs counter that their allegations are sufficient, because they allege Politico "collected, retained, and disclosed their Private Communications despite representing that it would honor his privacy choices, thereby obtaining the value of those communications and the resulting advertising, analytics, and profiling benefits." ECF No. 113 at 30 (citing FAC ¶¶ 92–97, 204–10).

The Court agrees with Plaintiffs, who allege that Politico sells their information to be transmitted to various third parties, including at least Google LLC, Adobe Inc., LiveRamp Holdings, Inc., Microsoft Corp., The Trade Desk, Inc. (adsrvr.org), Comscore, Inc., PubMatic, Inc., Amazon.com, Inc., X Corp (Twitter), Yahoo, Inc., Criteo S.A., Sonobi, Inc., GumGum, Inc., and OpenX Technologies, Inc. FAC ¶ 3. In sum, "Plaintiffs allege that Defendant benefited from using Plaintiffs' information and that Plaintiffs' remedies at law are inadequate. These allegations are all that is necessary at this stage in the proceedings." *Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1051 (N.D. Cal. 2025).

Politico's motion to dismiss the unjust enrichment/quasi-contract claims is DENIED.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Politico's motion to dismiss.

[7] Perplexingly, in its reply, Politico pivots back to a "failure to allege an unenforceable contract" theory as to Shah. ECF No. 115 at 20–21. No such argument is present in the original motion, and the Court does not consider it on reply. *Compare id. with* ECF No. 110 at 30.

The Court DENIES Politico's motion to dismiss Counts I–II and V–VI.

The Court GRANTS Politico's motion to dismiss Shah's claims under Counts III–IV with prejudice, as further leave to amend would be futile.

The Court GRANTS Politico's motion to dismiss Willis's and Penning's claims under Counts III–IV with leave to amend only as to the investigation undertaken by Plaintiffs, if any, to support the delayed discovery doctrine.

If Plaintiffs elect to file a second amended complaint, they must do so by no later than October 16, 2026. Plaintiffs may not add any new plaintiffs, claims, or defendants without leave of court.

**IT IS SO ORDERED.**

Dated: September 25, 2026

Noël Wise
United States District Judge