USAMA KAHF (SBN 266443)
E-Mail: ukahf@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DANIELLE KAYS (*PRO HAC VICE)*
E-Mail: dkays@fisherphillips.com
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

Attorneys for Defendant
POLITICO LLC

*Additional counsel listed on next page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VISHAL SHAH, HEIDI WILLIS, and STACY PENNING, individuals, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

POLITICO LLC,

Defendant.

Case No. 5:25-cv-05213-NW

Hon. Nathanael M. Cousins

DEFENDANT'S RESPONSE TO DISCOVERY LETTER BRIEF NO. 6 REGARDING DEFENDANT'S DEFICIENT RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION

DEBORAH A. HEDLEY (SBN 276826)
E-Mail: dahedley@fisherphillips.com
**FISHER & PHILLIPS LLP**
21600 Oxnard Street, Suite 700
Woodland Hills, CA 91367
Telephone: (818) 230-4250
Facsimile: (818) 230-4251

CATHERINE M. CONTINO (*PRO HAC VICE)*
E-Mail: ccontino@fisherphillips.com
**FISHER & PHILLIPS LLP**
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

XUAN ZHOU (SBN 333504)
E-Mail: xzhou@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Dr. Suite 1000
San Diego, CA 92121
Telephone: (858) 597-9632

October 14, 2026

***VIA ECF***

The Honorable Nathanael M. Cousins
United States District Court, Northern District of California, 280 South 1st Street
San Jose Federal Courthouse – 4th Floor
San Jose, CA 95113

**Re: Joint Discovery Letter Brief Regarding Defendant's Deficient RFP Responses, Case No. 5:25-cv-05213-NW**

Dear Judge Cousins:

In compliance with the Court's Civil Standing Order Regarding Discovery, Defendant POLITICO LLC submits this response to Plaintiff Shah's discovery dispute letter. On May 22, June 3, August 21, and September 10, the Parties met and conferred by videoconference regarding Plaintiffs' Requests for Production to Defendant.

**DEFENDANT'S STATEMENT:**

Plaintiff's current discovery letter is another example of Plaintiff failing to confer and forcing discovery letters on Defendant with moving demands and targets (regarding documents not within its possession or control), without meaningful conference between the parties.[1] Like Plaintiff's previous discovery letters, this is another example of Plaintiff seeking to compel documents that POLITICO does not have, and that did not exist when Shah first raised his claim in his August 2023 demand letter. *See* ECF No. 117, Order Denying Plaintiff's Discovery Letter Brief. Furthermore, Plaintiff has not reviewed and conferred with POLITICO regarding the relevancy of this discovery based on the only remaining claims pursuant to the Cour's recent September 25, 2026 dismissal Order. Nor has he conferred regarding their demand that the Court order a 30(b)(6) deposition (and their request should be denied on that basis).

Indeed, absent conducting an ESI search, which the parties are attempting to complete, POLITICO has produced the responsive documents in its possession, custody, and control requested in this letter. Critically, POLITICO produced a five-level-deep preservation of its website dated September 9-10, 2023 (POLITICO_000162) in response to RFPs 26 and 28 which it preserved in response to Shah's demand letter and provides information within its possession, custody, and control. Indeed, POLITICO's discovery responses did not promise every version of every configuration, *nor is that information relevant to this litigation or proportionate to Plaintiffs' claims*. POLITICO agreed to produce responsive, nonprivileged materials if reasonably available after a diligent search and, as to OneTrust, to the extent

[1] During the parties' meet and confer, POLITICO has repeatedly advised Plaintiff that it has produced the documents in its possession, custody, and control but agreed it would conduct further investigation to confirm that was true. On Thursday, October 8, 2026, Plaintiff sent POLITICO a substantively new discovery letter, deleting its prior substantive assertions and replacing it with new allegations and demands (different than his September 21 draft or POLITICO's October 5 submission)—though Plaintiff had not conferred with POLITICO on those new assertions and demands. On Monday, October 12 (a federal court holiday), POLITICO advised Plaintiff that because Plaintiff had supplied POLITICO with a new letter, it needed time to review and respond and it would provide its response as soon as reasonably able.

within its possession, custody, or control. POLITICO should not be compelled to produce records that do not exist and are not within its possession, custody, and control. Furthermore, even if POLITICO had those documents, they would be cumulative of the information already in Plaintiff's possession and POLITICO's production.

Furthermore, the parties have several outstanding discovery disputes involving key facts and documents related to this case, and specifically, surrounding Plaintiffs' failure to provide basic, key information or documents about their visits to POLITICO's website. Proceeding with depositions with this information still outstanding and while the parties are attempting to conduct ESI—and though key claims have been dismissed and may be subject to an amended complaint—will certainly result in multiple deposition dates on both sides and further burden the parties with unnecessary time and expense. To date, the parties generally agreed during meet and confers that depositions would occur after the completion of ESI discovery. Proceeding with Plaintiffs' depositions and a 30(b)(6) witness after a Second Amended Complaint is filed as this Court ordered on September 25; after the completion and production of ESI discovery; and after all outstanding discovery disputes are resolved by this Court is reasonable. POLITICO should not be required to produce a witness when it does not know the claims asserted against it, given that this Court has provided leave to amend.

Furthermore, POLITICO has no obligation to obtain documents from third party vendors because they are not within its possession or control. Plaintiff Shah is within his right to issue subpoenas to relevant parties. POLITICO is not required to obtain records not within its possession, custody, or control.

**A. The September 25, 2026 Order Dismissing Plaintiff Shah's CIPA claims *with prejudice* necessitates the need to revise discovery responses and proposed search terms.**

On September 25, 2026, Judge Wise dismissed Shah's CIPA claims with prejudice and Willis and Penning's claims without prejudice based on untimeliness in violation of the statute of limitations. Plaintiffs Willis and Penning have until October 16, 2026 to file a Second Amended Complaint. Therefore, the only pending claims Shah may assert, and the only ones currently pending on behalf of Willis and Penning, are the common law claims of invasion of privacy, intrusion upon seclusion, common law fraud, and unjust enrichment. Also, the only discovery propounded by Plaintiff is from Shah, not Willis or Penning. Given these circumstances, POLITICO may need to revise discovery responses and proposed search terms, as now several requests are no longer relevant to any pending claims. These requests include: Shah's RFPs 1, 7, 9, 13, 10-12, 25-28; and Plaintiff Shah's interrogatories 5-7 and 11-12. Therefore, before Plaintiff Shah continues to contest the veracity and integrity of POLITICO's discovery requests, POLITICO should have the opportunity to review and revise those requests based on the dismissal of key claims and new pleading status.

**B. OneTrust Configurations (RFPs 12 and 18)**

POLITICO's discovery responses are clear: it would review and produce any OneTrust configuration materials reasonably available after a diligent search and within POLITICO's possession, custody, or control. POLITICO has repeatedly advised Plaintiff that it does not possess historical OneTrust configurations. Indeed, POLITICO has repeatedly confirmed that such configurations are regularly overwritten and that the configurations for the relevant period had already been overwritten by the time POLITICO received Plaintiff's demand letter. Thus, neither historical copies still exist nor does POLITICO have access to them.

POLITICO has never asserted that it had the documents requested by Plaintiff Shah. POLITICO also never asserted that OneTrust could not provide them. Again, Plaintiff is within his right to issue a subpoena to OneTrust. POLITICO is not obligated to obtain records outside its possession, custody, or control.

In addition, even if historical OneTrust settings could be located, Plaintiff Shah cannot conflate those settings with a record of what any particular third-party technology did during an individual website visit. Indeed, that information is in Plaintiff's control, not POLITICO or OneTrust. Thus, their request is a red herring because the information sought would be cumulative of the information they already have, and irrelevant to Plaintiff Shah's claims.

**C. Tealium and tag-management records (RFPs 26, 27, and 28)**

On October 1, 2026, POLITICO produced an additional document Tealium IQ Version History (Politico_000185); the only responsive document to RFPs 26, 27, and 28 POLITICO has in its possession, custody, and control. The document is a spreadsheet containing the version history publishing to the Tealium tags and extensions to production between June 2, 2022 and September 15, 2023. It shows who performed the publishing and notes about what was involved in the published version. POLITICO does not have Tealium configuration files from the proposed class period. Those configurations are overwritten frequently, often multiple times a day and the configurations for the relevant period had already been overwritten by the time POLITICO received Plaintiff's demand letter. RFP 27 likewise seeks container reports, workspaces, and published versions that POLITICO has represented it does not have after a diligent search and reasonable inquiry. Similarly, in response to RFP 28, POLITICO stated it had not identified responsive configuration files within its possession, custody, or control.

Lastly, POLITICO's response to RFP 26 expressly limited its proposed production to reasonably available, nonprivileged documents sufficient to show the first layer of tag configuration or consent-management tools within its possession, custody, or control. POLITICO supplemented RFPs 26 and 28 by identifying its production of the September 2023 website preservation. These qualifications are inconsistent with Plaintiffs' characterization of an unconditional promise to produce historical configuration files.

Dated: October 14, 2026

FISHER & PHILLIPS LLP

By: *Catherine M. Contino*

USAMA KAHF
DANIELLE KAYS (*PRO HAC VICE*)
CATHERINE M. CONTINO (*PRO HAC VICE*)
XUAN ZHOU
Attorneys for Defendant
POLITICO LLC