USAMA KAHF (SBN 266443)
E-Mail: ukahf@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DANIELLE KAYS (*PRO HAC VICE)*
E-Mail: dkays@fisherphillips.com
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

Attorneys for Defendant
POLITICO LLC

*Additional counsel listed on next page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE**

VISHAL SHAH, HEIDI WILLIS, and STACY PENNING, individuals, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

POLITICO LLC,

Defendant.

Case No: 5:25-cv-05213-NW

**DISCOVERY LETTER BRIEF NO. 9 REGARDING PLAINTIFF VISHAL SHAH'S DISCOVERY RESPONSES**

| | |
|---|---|
| FAC Filed: | June 4, 2026 |
| Complaint Filed: | June 20, 2025 |
| Trial Date: | Not Set |

DEBORAH A. HEDLEY (SBN 276826)
E-Mail: dahedley@fisherphillips.com
**FISHER & PHILLIPS LLP**
21600 Oxnard Street, Suite 700
Woodland Hills, CA 91367
Telephone: (818) 230-4250
Facsimile: (818) 230-4251

CATHERINE M. CONTINO (*PRO HAC VICE)*
E-Mail: ccontino@fisherphillips.com
**FISHER & PHILLIPS LLP**
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

XUAN ZHOU (SBN 333504)
E-Mail: xzhou@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Dr. Suite 1000
San Diego, CA 92121
Telephone: (858) 597-9632

October 20, 2026

***Via ECF***

The Honorable Nathanael M. Cousins
United States District Court, Northern District of California, 280 South 1st Street
San Jose Federal Courthouse – 4th Floor
San Jose, CA 95113

**Re: Discovery Letter Brief No. 9 Regarding Plaintiff Vishal Shah's Discovery Responses**

Dear Judge Cousins:

Defendant POLITICO LLC submits this Discovery Letter Brief concerning Shah's responses to POLITICO's First Set of Interrogatories, Requests for Admission ("RFAs"), and Requests for Production ("RFPs"). POLITICO served these discovery requests on Plaintiff on March 3, 2026. After two agreed extensions, Shah served his responses on April 30, 2026. On May 6, 2026, POLITICO sent Shah a detailed deficiency letter identifying inadequacies in his responses. POLITICO followed up on May 21, 2026, and the parties met and conferred on May 28, 2026. Shah agreed to serve supplemental responses by June 11, 2026, but had not done so as of August 3, 2026. The parties conferred directly by videoconference on August 21, 2026, as well as by email thereafter, but were unable to resolve these issues. Shah served supplemental responses dated September 18, 2026, but did not supplement the majority his responses, and most of the supplemented responses remain deficient. [1]

**ISSUE—INTERROGATORIES ABOUT WEBSITE USE, CLAIMS, AND EVIDENCE.** Shah's supplemental responses remain insufficient and fail to provide the most basic information about Shah's claims. On September 3, 2026, the three Plaintiffs collectively produced only two HTTP Archive ("HAR") files, without any accompanying information identifying, for example, the Plaintiff to who each HAR file relates, the device used to generate it, or other basic information about the corresponding website visit. As to Shah specifically, he has not identified which, if either, of the two HAR files reflects his alleged visit to POLITICO's website, nor has he produced or

[1] POLITICO provided proposed Discovery Letters Nos. 8, 9, and 10 to Plaintiffs on October 6 and requested responses by October 16, giving Plaintiffs eight days to respond. The October 6 drafts slightly exceeded POLITICO's 2.5-page limit and provided more—not less—detail about its position; POLITICO advised Plaintiffs it would thereafter simply remove cumulative or repetitive language and it did so, not adding any additional content. In the interest of efficiency for the parties and Court, POLITICO has repeatedly asked Plaintiffs for their response so it may submit this letter in advance of the October 21 hearing. For that reason, POLITICO submits this letter now and welcomes Plaintiff's subsequent position.

Additionally, the parties' August 21 meet and confer did not limit supplementation to selected responses. Plaintiffs agreed to supplement all deficient discovery responses (as identified in the August 3 letter) by August 28. Plaintiffs agreed to provide any amended responses they deemed necessary by September 9, 2026. Nothing excluded any deficiency clearly and thoroughly identified in POLITICO's letter. The parties fully met and conferred, Plaintiffs in part supplemented in response, and the supplements remained deficient. Plaintiffs have produced a small handful of PDFs (which were already included in their Complaints) and two HAR files unrelated to any of the three Plaintiffs. As POLITICO requested, Plaintiffs could have prepared their responses using more comprehensive drafts but declined. Further rounds of conferral cannot substitute overdue discovery which Plaintiff has declined to provide.

identified the device or IP address he allegedly used to access the website. Instead, Shah repeatedly and vaguely cites the same two unidentified files in response to numerous interrogatories and requests for production, even where those files do not provide the information requested.

Furthermore, simply producing a HAR file does not sufficiently answer the interrogatories and fails to provide the following information:

- **Interrogatory 1**: does not identify the instances in which he accessed POLITICO's website; the date of each visit; the specific URL(s) visited, the specific make and model of the device used (beyond stating that he used a "MacBook Pro,"); and the IP address associated with the device, or the owner of the IP address or device used.
- **Interrogatory 3**: does not identify who accessed POLITICO's website on his behalf or provide the requested date, URL(s), device information, IP address, ownership information, or reason for the access.
- **Interrogatory 9**: does not identify the information collected or created, who collected or created it, or when.
- **Interrogatory 17**: does not identify any specific instance of testing or monitoring, the date, the tool or service used, or the results obtained.
- **Interrogatory 20**: does not describe any steps he took to determine whether his data was used for targeted advertising, profiling, or sold to third parties.

Additionally, Interrogatory Nos. 11 and 12 were not supplemented and remain incomplete as they fail to provide basic facts about his alleged POLITICO website visits. These interrogatories seek information within Shah's personal knowledge, including: the dates and URLs of his alleged access; the devices and browsers he used; his privacy and cookie settings; whether another person accessed the website for him; and his interactions with POLITICO's Privacy Policy, Cookie Banner, Terms of Use, and related notices. Rather than providing substantive responses, Shah instead provides vague or incomplete answers, or states that he is investigating without providing the information presently known after a reasonable inquiry.

Interrogatory Nos. 2, 6, 7, 14, and 15 similarly require Shah to identify the facts supporting her claims—among other things, the alleged "Private Communications" collected; alleged tracking, targeted advertising, or profiling; how he learned of the alleged tracking; claimed harms; alleged misrepresentations and reliance; her cookie practices on other websites; any effort to monetize the alleged violation; and any steps he took to determine whether her data was used for advertising, profiling, or sale. The responses to these interrogatories either rely on the allegations in the Complaint, provide no substantive response that does not fully answer the interrogatory, or in appropriately asserts privilege. Relying on pleadings is insufficient under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(b)(3); *Logtale, Ltd. v. IKOR, Inc.*, No. C-11-05452 CW (DMR), 2013 WL 3967750, at *3 (N.D. Cal. July 31, 2013). Therefore, Plaintiff cannot rely on the allegations of her Complaint as a substitute for substantive factual responses to interrogatories.

**ISSUE 2 — RFA RESPONSES.** Shah has not supplemented responses to requests for admission and they remain deficient. Willis's responses to RFA Nos. 4, 5, 6, and 7 rely on a claimed lack of information despite matters that concern her own account usage, browser settings, and efforts to prevent tracking technologies on POLITICO's website. Rule 36(a)(4) requires a responding party that cannot admit or deny that it made a reasonable inquiry and that information known or readily obtainable remains insufficient. It also requires the party to admit so much of the request as is true,

specifically deny what is untrue, and qualify any remaining portion. *See Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994). The information requested in RFA Nos. 4, 5, 6, and 7 is straightforward, basic, and readily available. Plaintiff should be able to able to admit or deny the request, or outline why she cannot.

**ISSUE 3—RFP RESPONSES AND PRODUCTION.** POLITICO's May 6 deficiency letter identified deficiencies in RFP Nos. 1–9, 12, 14–21, 22–26, 28–32, 34–41, and 45–51, including objections that failed to state whether responsive documents were withheld and responses offering only to conduct a search or meet and confer. Despite those identified deficiencies, Shah supplemented only his responses to RFP Nos. 15, 16, 18, 21, 28, 32, and 36 on September 18, 2026, referencing production of the HAR files. Again, the HAR files produced do not provide the information requested, and the responses are still deficient:

- **RFP 15:** No information describing, evidencing, or relating to his visit to the website or person(s) who visited the website on his behalf.
- **RFP 16**: No production of technical data, logs, screenshots, browser-inspector captures, network packet captures, developer-tools outputs, or other digital evidence related to Shah's visit.
- **RFP 18**: No production of responsive documents reflecting or recording the URLs, webpages, or Website features Shah visited or used.
- **RFP 21**: No information identifying the tools, software, apps, scripts, browser extensions, or methods Shah used to detect or analyze tracking technologies, including any related settings, configuration files, or output results, beyond the HAR files.
- **RFP 28**: No production of reports, notes, communications, or data from any investigator, expert, tester, or consultant concerning assess to or testing POLITICO's Website relate to Shah's visits to the website.
- **RFP 32:** No production of documents relating to the tools, software, or platforms used to analyze or capture network traffic related to the website, including logs, screenshots, exports, or recordings, beyond the HAR files.
- **RFP 36**: No production of documents identifying Shah's use of any browser privacy tools, extensions, plug-ins, software, or browser settings, including screenshots, logs, reports, configurations, or recordings during his visits to POLITICO's Website.

At the August 21, 2026 meet and confer, POLITICO explained the requests concern every time Shah visited POLITICO's Website. These basic and straightforward requests should not require months of searching, and the supplemental responses remain insufficient.

**POLITICO's Proposed Compromise:** Within fourteen days, Plaintiff Willis will serve:

(a) Verified supplemental interrogatory responses that: (1) provide all presently known, nonprivileged responsive facts and identify responsive technical evidence; (2) state, for any claimed lack of knowledge, that Willis made a reasonable inquiry and that information known or readily obtainable remains insufficient; (3) identify whether any information is withheld based on privilege or protection and provide a Rule 26(b)(5)-compliant privilege log where required.

(b) Amended responses to RFA Nos. 4–6.

(c) Amended RFP responses; (2) identify the website visit and RFP to which each HAR file produced by Plaintiff Willis relates; (3) complete a reasonable search and produce all responsive nonprivileged documents in her possession, custody, or control; and (4) expressly identify any documents or categories withheld under a specific objection or

protection and provide a Rule 26(b)(5)-compliant privilege log for any privileged materials.

Respectfully submitted,

Dated: October 20, 2026

FISHER & PHILLIPS LLP

By: */s/ Usama Kahf*

USAMA KAHF
DANIELLE KAYS (*PRO HAC VICE*)
CATHERINE M. CONTINO (*PRO HAC VICE*)
XUAN ZHOU
Attorneys for Defendant
POLITICO LLC

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On October 20, 2026, I served the foregoing document entitled **DISCOVERY LETTER BRIEF NO. 9 REGARDING PLAINTIFF VISHAL SHAH'S DISCOVERY RESPONSES** on all the appearing and/or interested parties in this action addressed as follows:

Seth Adam Safier
Marie Ann McCrary
Todd Kennedy
Rajiv Thairani
GUTRIDE SAFIER LLP
100 Pine Street, Suite 1250
San Francisco, California 94111

***Attorneys for Plaintiffs***
***VISHAL SHAH, HEIDI WILLIS, and STACY PENNING***

Tel: 415.639.9090
Fax: 415.449.6469
Email: seth@gutridesafier.com
marie@gutridesafier.com
todd@gutridesafier.com
rajiv@gutridesafier.com

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed October 20, 2026 at Irvine, California.

Stephanie A. Crisp
Print Name

By: ____________________
Signature