USAMA KAHF (SBN 266443)
E-Mail: ukahf@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DANIELLE KAYS (*PRO HAC VICE)*
E-Mail: dkays@fisherphillips.com
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

Attorneys for Defendant
POLITICO LLC

*Additional counsel listed on next page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE**

| | |
|---|---|
| VISHAL SHAH, HEIDI WILLIS, and STACY PENNING, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POLITICO LLC,<br><br>Defendant. | Case No: 5:25-cv-05213-NW<br><br>**DISCOVERY LETTER BRIEF NO. 10 REGARDING PLAINTIFF WILLIS'S DISCOVERY RESPONSES**<br><br>FAC Filed: June 4, 2026<br>Complaint Filed: June 20, 2025<br>Trial Date: Not Set |

DEBORAH A. HEDLEY (SBN 276826)
E-Mail: dahedley@fisherphillips.com
**FISHER & PHILLIPS LLP**
21600 Oxnard Street, Suite 700
Woodland Hills, CA 91367
Telephone: (818) 230-4250
Facsimile: (818) 230-4251

CATHERINE M. CONTINO (*PRO HAC VICE)*
E-Mail: ccontino@fisherphillips.com
**FISHER & PHILLIPS LLP**
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

XUAN ZHOU (SBN 333504)
E-Mail: xzhou@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Dr. Suite 1000
San Diego, CA 92121
Telephone: (858) 597-9632

October 20, 2026

***Via ECF***

The Honorable Nathanael M. Cousins
United States District Court, Northern District of California, 280 South 1st Street
San Jose Federal Courthouse – 4th Floor
San Jose, CA 95113

**Re: Discovery Letter Brief No. 10 Regarding Plaintiff Heidi Willis's Discovery Responses**

Dear Judge Cousins:

Defendant POLITICO LLC submits this Discovery Letter Brief concerning Willis's July 8, 2026 responses to POLITICO's First Set of Interrogatories, Requests for Admission ("RFAs"), and Requests for Production ("RFPs"). Willis served discovery responses on July 8, 2026 and produced no documents. On August 3, 2026, POLITICO sent Willis a discovery deficiency letter. The parties conferred directly by videoconference on August 21, 2026, as well as email thereafter, but were unable to resolve these issues. Plaintiff supplemented a few responses to interrogatories and responses to RFPs on September 16, 2026, but did not supplement the majority of her responses, and most of the supplemented responses remain deficient.[1]

**ISSUE 1—INTERROGATORIES ABOUT WEBSITE USE, CLAIMS, AND EVIDENCE.** Willis's supplemental responses remain insufficient and fail to provide the most basic information about her claims. All three Plaintiffs generally produced 2 HTTP archive file ("HAR") files on September 3 with no other information (such as to which plaintiff the file relates, what device was used, or other basic information about their website visits). None of the Plaintiffs have produced any other documents or information other than those two unidentified HAR files. Instead, they vaguely point to these two files in nearly every discovery response while providing no other information. But the HAR file does not answer any of the inquiries in those interrogatories or respond to numerous document requests. A HAR file captures a web browser's interaction with a website and is associated with 1 website user session. Notably, the file labeled "Plaintiffs000011.har" does not contain an identifiable visitor/client IP address. Nor does Willis

[1] POLITICO provided proposed Discovery Letters Nos. 8, 9, and 10 to Plaintiffs on October 6 and requested responses by October 16, giving Plaintiffs eight days to respond. The October 6 drafts slightly exceeded POLITICO's 2.5-page limit and provided more—not less—detail about its position; POLITICO advised Plaintiffs it would thereafter simply remove cumulative or repetitive language and it did so, not adding any additional content. In the interest of efficiency for the parties and Court, POLITICO has repeatedly asked Plaintiffs for their response so it may submit this letter in advance of the October 21 hearing. For that reason, POLITICO submits this letter now and welcomes Plaintiff's subsequent position.

Additionally, the parties' August 21 meet and confer did not limit supplementation to selected responses. Plaintiffs agreed to supplement all deficient discovery responses (as identified in the August 3 letter) by August 28. Plaintiffs agreed to provide any amended responses they deemed necessary by September 9, 2026. Nothing excluded any deficiency clearly and thoroughly identified in POLITICO's letter. The parties fully met and conferred, Plaintiffs in part supplemented in response, and the supplements remained deficient. Plaintiffs have produced a small handful of PDFs (which were already included in their Complaints) and two HAR files unrelated to any of the three Plaintiffs. As POLITICO requested, Plaintiffs could have prepared their responses using more comprehensive drafts but declined. Further rounds of conferral cannot substitute overdue discovery which Plaintiff has declined to provide.

identify her device and IP addresses she used to visit POLITICO's website, POLITICO cannot determine which Plaintiff the HAR file is associated with and therefore cannot adequately evaluate any of the Plaintiffs' claims.

Furthermore, simply producing a HAR file does not sufficiently answer the interrogatories and fails to provide the following information:

- **Interrogatory 3**: the date she visited the website, the make and model of the device she used to access the website, the IP address(es) of the device(s) used, the owner of the IP address, and the real person that visited the website.
- **Interrogatory 4**: the method of discovery and the person(s) involved in discovery.
- **Interrogatory 8**: who the HAR files are associated with, who created them, or when they were created.
- **Interrogatory 16**: whether Willis or someone acting on his behalf used the website. POLITICO is not asking for information related to the attorney-client privilege. However, if an individual accessed the website on her behalf, prior to counsel engagement on February 27, 2026, then that is discoverable information.
- **Interrogatory 19**: what steps Willis took to determine whether her data was used for targeted advertising, profiling, or sold to third parties as a result of her visits to POLITICO's website.

Additionally, Interrogatory Nos. 1, 10-11 were not supplemented, are insufficient and fail to provide basic facts about her alleged POLITICO website visits. These interrogatories seek information within Willis's personal knowledge, including: the dates and URLs of her alleged access; the devices and browsers she used; her privacy and cookie settings; whether another person accessed the website for her; and her interactions with POLITICO's Privacy Policy, Cookie Banner, Terms of Use, and related notices. Rather than providing substantive responses, Willis instead provides vague or incomplete answers, or claims she is investigating without providing the information presently known after a reasonable inquiry.

Interrogatory Nos. 2, 6, 13-15 similarly require Willis to identify the facts supporting her claims—among other things, the alleged "Private Communications" collected; alleged tracking, targeted advertising, or profiling; how she learned of the alleged tracking; claimed harms; alleged misrepresentations and reliance; her cookie practices on other websites; any effort to monetize the alleged violation; and any steps she took to determine whether her data was used for advertising, profiling, or sale. The responses to these interrogatories either rely on the allegations in the Complaint, provide no substantive response, or in appropriately asserts privilege. Relying on pleadings is insufficient under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(b)(3); *Logtale, Ltd. v. IKOR, Inc.*, No. C-11-05452 CW (DMR), 2013 WL 3967750, at *3 (N.D. Cal. July 31, 2013). Therefore, Plaintiff cannot rely on the allegations of her Complaint as a substitute for substantive factual responses to interrogatories.

Regarding Interrogatory Nos. 9 and 17, Willis asserts attorney-client privilege regarding when Plaintiff became aware of alleged tracking technologies on the website. This information is not privileged and Willis must provide responses. *See, e.g., Clarke v. Am. Com. Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege.").

**ISSUE 2—RFA RESPONSES.** Willis has not supplemented her responses to POLITICO's

request for admission and they remain deficient. Willis's responses to RFA Nos. 4, 5, and 6 rely on a claimed lack of information despite matters that concern her own account usage, browser settings, and efforts to prevent tracking technologies on POLITICO's website. Rule 36(a)(4) requires a responding party that cannot admit or deny that it made a reasonable inquiry and that information known or readily obtainable remains insufficient. It also requires the party to admit so much of the request as is true, specifically deny what is untrue, and qualify any remaining portion. *See Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994). The information requested in RFA Nos. 4, 5 and 6 is straightforward, basic, and readily available. Plaintiff should be able to able to admit or deny the request, or outline why she cannot.

**ISSUE 3—RFP RESPONSES AND PRODUCTION.** POLITICO initially identified deficiencies in the responses to RFPs 4, 10, 11, 13, 14, 18, 19, 21, 22, 23, 24, , 27, 28, 29, 30, 32, 33, 34, 35, 36, 40, 41, 42, 43, 44, and 45. Willis supplemented only responses to RFPs 15, 16, 18, 21, 28, 32, and 36, referencing production of the HAR files. Again, the HAR files produced do not provide the information requested, and the responses are still deficient:

- **RFP 15**: no information describing, evidencing, or related to her visit to the website or person(s) who visited the website on her behalf.
- **RFP 16**: no production of technical data, logs, screenshots, browser-inspector captures, network packet captures, developer-tools outputs, or other digital evidence related to Willis's visit.
- **RFP 18**: no production of documents reflecting or recording the URLs, webpages, or features of the website.
- **RFP 21**: no production of documents reflecting or recording URLs, webpages, or features related to Willis' visit to the website.
- **RFP 28**: no production of reports, notes, communications provided by any investigator, expert, tester, or consultant concerning assessing or testing the website relate to Willis's visits to the website.
- **RFP 32**: no production of documents relating to the tools, software, or platforms used to analyze or capture network traffic related to the website, including logs, screenshots, exports, or recordings.
- **RFP 36**: no production of browser privacy tools, extensions, plug-ins, software, or browser settings, including screenshots, logs, reports, configurations, or recordings.

At the August 21, 2026 meet and confer, POLITICO explained the requests concern every time Willis visited POLITICO's website. These basic and straightforward requests should not require months of searching, and the supplemental responses remain insufficient.

**POLITICO's Proposed Compromise:** Within fourteen days, Plaintiff Willis will serve:

(a) Verified supplemental interrogatory responses that: (1) provide all presently known, nonprivileged responsive facts and identify responsive technical evidence; (2) state, for any claimed lack of knowledge, that Willis made a reasonable inquiry and that information known or readily obtainable remains insufficient; (3) identify whether any information is withheld based on privilege or protection and provide a Rule 26(b)(5)-compliant privilege log where required.

(b) Amended responses to RFA Nos. 4–6.

(c) Amended RFP responses; (2) identify the website visit and RFP to which each HAR file produced by Plaintiff Willis relates; (3) complete a reasonable search and produce all responsive nonprivileged documents in her possession, custody, or control; and (4) expressly identify any documents or categories withheld under a specific objection or

protection and provide a Rule 26(b)(5)-compliant privilege log for any privileged materials.

Respectfully submitted,

Dated: October 20, 2026

FISHER & PHILLIPS LLP

By: */s/ Usama Kahf*

USAMA KAHF
DANIELLE KAYS (*PRO HAC VICE*)
CATHERINE M. CONTINO (*PRO HAC VICE*)
XUAN ZHOU
Attorneys for Defendant
POLITICO LLC

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On October 20, 2026, I served the foregoing document entitled **DISCOVERY LETTER BRIEF NO. 10 REGARDING PLAINTIFF HEIDI WILLIS'S DISCOVERY RESPONSES** on all the appearing and/or interested parties in this action addressed as follows:

| | |
|---|---|
| Seth Adam Safier<br>Marie Ann McCrary<br>Todd Kennedy<br>Rajiv Thairani<br>GUTRIDE SAFIER LLP<br>100 Pine Street, Suite 1250<br>San Francisco, California 94111 | ***Attorneys for Plaintiffs VISHAL SHAH, HEIDI WILLIS, and STACY PENNING***<br><br>Tel: 415.639.9090<br>Fax: 415.449.6469<br>Email: seth@gutridesafier.com<br>marie@gutridesafier.com<br>todd@gutridesafier.com<br>rajiv@gutridesafier.com |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed October 20, 2026 at Irvine, California.

Stephanie A. Crisp
Print Name

By: [signature]
Signature