**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE**

| | |
|---|---|
| VISHAL SHAH, HEIDI WILLIS, and STACY PENNING, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POLITICO LLC,<br><br>Defendant. | Case No: 5:25-cv-05213-NW<br><br>**PLAINTIFFS' RESPONSE TO POLITICO'S DISCOVERY LETTER BRIEF NOS. 8–10 REGARDING PLAINTIFFS' DISCOVERY RESPONSES**<br><br>FAC Filed: June 4, 2026<br>Complaint Filed: June 20, 2025<br>Trial Date: Not Set |

**PLAINTIFFS' STATEMENT:**

**Defendant Deliberately Omitted Plaintiffs' Responses from Discovery Letters 8–10 and Misled the Court About Plaintiffs' Failure to Respond**

Defendant's discovery letters contain material misrepresentations and omissions concerning the parties' meet-and-confer efforts and the circumstances surrounding Defendant's filings. Though Plaintiffs attempted to explain the record in their portions of the proposed letters, ***Defendant deliberately omitted Plaintiffs' portions despite expressly promising that those portions would be included.*** Ex. 1 at 2 (Oct. 20, 2026, 10:08 a.m. email from Danielle Kays stating, "we will add your edits to our letter and file."). [1] Defendant also failed to disclose that the parties had agreed Plaintiffs would have ***until "5pm PT on October 20, 2026,"*** to provide their "substantive responses," and that Defendant unilaterally disregarded that agreement by filing the letters earlier that morning. *Id.* at 5 (Oct. 16, 2026, 8:09 p.m. email from Katie Contino). Plaintiffs correct the misstatements and omissions below. [2]

First, Defendant's letters omit material facts concerning the parties' meet-and-confer efforts. During the parties' August 21 meet and confer, the parties devoted less than an hour to Defendant's discovery deficiency letters. Given the limited time, the parties focused on Defendant's highest-priority requests and agreed that Plaintiffs would supplement certain interrogatory responses and responses to requests for production. Plaintiffs subsequently provided those supplements. The parties did not address the entirety of Defendant's deficiency letters, much less the overwhelming majority of the relief Defendant now seeks. After Plaintiffs made clear their intention to file two discovery dispute letters, Defendant, without any further discussion, sent Plaintiffs three proposed discovery letters and announced its intention to file them immediately. Notably, the parties had not met and conferred regarding Plaintiffs' supplemented discovery responses. Plaintiffs requested a further meet and confer to narrow or resolve the disputes, particularly given their demonstrated willingness to accommodate Defendant's reasonable requests during the August 21 conference. Defendant refused. *See id.* at 12–13.

Second, Defendant filed its letters before the Parties' expressly agreed-upon deadline. Defendant did not provide revised drafts of its three letters complying with the Court's page limitations until October 14, yet initially demanded Plaintiffs' substantive responses by October 16. Plaintiffs explained that two business days were insufficient to review the arguments, prepare substantive responses, and propose reasonable compromises. Plaintiffs requested until close of business on October 20, in advance of the October 21 discovery hearing. Defendant expressly agreed in writing, stating: "[w]e expect your substantive responses no later than 5pm PT on October 20, 2026." *Id.* at 5. Nevertheless, at 8:28 a.m. on October 20, Defendant announced that it would file the letters at 10:00 a.m., seven hours before the agreed deadline. *Id.* at 3–4.

Third, Defendant omitted Plaintiffs' portions of the letters despite expressly agreeing to include them. After Defendant announced its intention to file before the agreed-upon deadline,

[1] Plaintiffs respectfully request leave to submit Exhibit 1, which demonstrates that Defendant knowingly misled the Court concerning material facts surrounding Discovery Letter Brief Nos. 8–10. Plaintiffs will bring copies of Exhibit 1 to the discovery hearing.

[2] Defendant again omitted Plaintiffs' opposition from its administrative motions to appear remotely (ECF Nos. 142–143), despite expressly soliciting Plaintiffs' position and receiving the following written response from Plaintiffs' counsel: "Unless Politico has a proposal that addresses these concerns, Plaintiff opposes both a remote appearance and a continuance. Given the broken promise to Raj earlier today, please make sure this statement of opposition is included in the administrative motion itself."

Plaintiffs provided statements explaining the parties' agreement and objecting to Defendant's premature filing. Defendant's counsel expressly represented that Plaintiffs' statements would be included in the filing. *Id.* at 2. Nevertheless, Defendant filed all three letters without those statements. Upon discovering the omissions, Plaintiffs immediately requested that Defendant withdraw the filings. *See id.* at 2. Defendant subsequently acknowledged that it had intentionally omitted Plaintiffs' statements. *Id.* at 1. Consequently, the Court received three submissions that excluded Plaintiffs' positions, notwithstanding Defendant's express agreement to include them.

These circumstances are material to the Court's consideration of Defendant's discovery letters because Defendant misled the Court concerning Plaintiffs' failure to respond. Defendant did not even provide Plaintiffs with the final versions of the letters it filed.

**Plaintiffs' Offer of Compromise**

In its rush to present these disputes at the upcoming discovery hearing, Defendant's letters contain numerous apparent errors, including references to the wrong Plaintiffs and interrogatories. More fundamentally, Defendant makes no meaningful effort to narrow its requests or account for Plaintiffs' existing responses, productions, and objections. Instead, Defendant effectively seeks an order compelling wholesale supplementation of Plaintiffs' discovery responses, without identifying with specificity what information remains outstanding or why Plaintiffs' objections are improper. Nevertheless, Plaintiffs endeavor to identify the specific issues in dispute and propose reasonable compromises below.

**Investigator Visits and Files (Penning/Willis Interrogatories Nos. 3, 8, 16, and 17; Shah Interrogatories Nos. 3, 9, and 17).** These interrogatories concern visits by persons acting on Plaintiffs' behalf. Plaintiffs have already produced HAR files documenting the investigation referenced in the Complaint. These files provide substantial information, including the dates and technical details of the investigative visits. Consistent with Rule 33(d), Plaintiffs maintain that their identification of these records sufficiently addresses the interrogatories. Nevertheless, they remain willing to meet and confer regarding reasonable further supplementation, subject to the attorney-client privilege and work-product doctrine.

**Discovery of Alleged Violations (Penning/Willis Interrogatory No. 4).** Penning and Willis have already disclosed that they learned of the facts underlying their claims on or about February 11, 2026, and identified the timing and participants in their initial consultations with counsel. Both Plaintiffs remain willing to clarify the nonprivileged circumstances surrounding their discovery of the alleged violations, but maintain their objections to disclosing privileged attorney-client communications and attorney work product.

**Visit Information (Penning/Willis Interrogatories Nos. 1, 10, and 11; Shah Interrogatories Nos. 1, 11, and 12).** Plaintiffs have already provided substantial information concerning their website visits, including the devices and browsers used and their privacy settings. Penning identified the dates of several visits, his Lenovo laptop, Chrome browser with default settings, and absence of an ad blocker or VPN. Willis identified her MacBook using Chrome and iPhone using Safari, both with default settings, and likewise confirmed that she did not use an ad blocker or VPN. Shah identified his MacBook Pro, Safari browser, default settings, and absence of an ad blocker or VPN. Although Defendant characterizes these responses as vague and incomplete, it fails to adequately explain why the information already provided is insufficient or what additional information is reasonably available to Plaintiffs. Nevertheless, Plaintiffs remain willing to meet and confer regarding reasonable further supplementation if Defendant identifies the specific deficiencies it contends remain.

**Facts Supporting Claims (Penning/Willis Interrogatories Nos. 2, 6, and 13–15; Shah Interrogatories Nos. 2, 6, 14, and 15).** Defendant cannot reasonably demand a comprehensive identification of all intercepted communications, data transmitted to third parties, tracking activities, or downstream uses of that data when the relevant technical information resides primarily within Defendant's or third parties' possession, custody, or control. Plaintiffs have not yet received the discovery necessary to determine the full scope of the information collected and transmitted. Plaintiffs will supplement their contentions as discovery progresses, consistent with Rule 26(e). No further supplementation is presently warranted. Nevertheless, as previously explained to Defendant, Plaintiffs remain willing to meet and confer regarding reasonable further supplementation if Defendant identifies with specificity the information it contends is missing.

**Targeting (Penning/Willis Interrogatory No. 19; Shah Interrogatory No. 20).** Defendant's interrogatories are vague and overbroad, effectively demanding that Plaintiffs recount their entire investigation, including counsel's protected work product. Nevertheless, Plaintiffs have produced substantial materials concerning the investigation referenced in the Complaint, including HAR files and related materials at Plaintiffs000001–Plaintiffs022098. Defendant has not established any basis to compel Plaintiffs to provide a narrative account of their investigation beyond the materials already produced.

**No Outstanding Dispute (Penning/Willis Interrogatory No. 9; Shah Interrogatory No. 7).** Defendant also moves to compel further responses to Shah Interrogatory No. 7, notwithstanding Shah's unequivocal response that he did not use an email address to access Defendant's websites. Similarly, Defendant seeks to compel a further response to Interrogatory No. 9 concerning agreements and communications relating to Defendant's website, even though Plaintiffs have expressly stated that they are unaware of any such agreements. Defendant identifies no deficiency in these responses and offers no basis for compelling further supplementation.

**Requests for Admission.** Plaintiffs have already responded that they lack sufficient information to admit or deny the disputed requests. Nevertheless, to resolve the dispute, Plaintiffs are willing to supplement their responses to clarify that they conducted a reasonable inquiry and that the information known or readily obtainable remains insufficient to admit or deny the requests.

**Requests for Production.** Plaintiffs have already made substantial productions, including investigative materials at Plaintiffs000001–Plaintiffs022098. Moreover, in response to the substantial majority of the requests for production now at issue, Plaintiffs have agreed to conduct reasonable searches of their email accounts or have identified responsive materials already produced. Plaintiffs maintain their objections to certain requests that seek irrelevant, disproportionate, or privileged materials. As Plaintiffs have explained during prior meet-and-confer discussions, however, the deadlines for completing the parties' productions should be reciprocal. Plaintiffs therefore propose that their deadline for completing production coincide with Defendant's deadline for substantially completing its ESI production.

**Requested Relief**

Plaintiffs respectfully request that the Court strike Defendant's three discovery letters without prejudice in light of their premature filing and omission of Plaintiffs' portions. Alternatively, Plaintiffs are willing to meet and confer regarding reasonable supplementation of their interrogatory responses, supplement their responses to the requests for admission as described above within three weeks, and request that the Court establish a reciprocal schedule for completing the parties' outstanding document productions and privilege logs.

Dated: October 21, 2026

Respectfully submitted,

By: /s/ *Rajiv V. Thairani*

GUTRIDE SAFIER LLP
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Rajiv V. Thairani
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*